TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective*
*and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**                   Case No. 17-cv-04661
**SOUTHERN DISTRICT OF NEW YORK**
**--------------------------------------------------------X**
JIAN WU,
*on his own behalf and on behalf of others similarly*
*situated*
                                        Plaintiff,
                         v.
SUSHI NOMADO OF MANHATTAN, INC.
         d/b/a Nomado 33;
SUSHI PARA 33 CORPORATION
         d/b/a Nomado 33; and
SUSHI PARA MANHATTAN, CORP.
         d/b/a Sushi Para d/b/a Sushi Para (14th Street)
         d/b/a Sushi Para (Third Avenue)
         d/b/a Sushi Para 88 and;
WEI LOONG CHAN,
WENWU CHEN,
ZHOU LIN,
SHENG R DONG, and
DING FENG ZHANG

                                        Defendants.
**--------------------------------------------------------X**

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR (1) CONDITIONAL CERTIFICATION PURSUANT TO THE FAIR**
**LABOR STANDARDS ACT, (2) COURT-FACILITATED NOTICE TO SIMILARLY**
**SITUATED PERSONS AND (3) DISCLOSURE OF CONTACT INFORMATION**

---

John Troy
TROY LAW, PLLC.
41-25 Kissena Blvd., Suite 119
Flushing, NY  11355
Tel: ( 718) 762-1324
johntroy@troypllc.com

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................... 1

BACKGROUND ............................................................................................................................... 2

ARGUMENT .................................................................................................................................... 3

   **I.**   **CONDITIONAL CERTIFICATION IS APPROPRIATE** .................................................. 3

      A.    The FLSA's Opt-In Requirement and the Need for Expedited Notice ........................... 3

      B.    The Two Phase Certification Process for FLSA Collective Actions. .............................. 5

      C.    Plaintiff has made the Required Showing that he is similarly-situated to the members of the FLSA Collective ......................................................................................................... 8

      D.    Expedited Notice and Disclosure of Contact Information Is Necessary ....................... 11

      E.    Plaintiff's proposed Notice is appropriate in all respects. ................................................ 12

      F.    The Victims of Defendants' Unlawful Violations Extend to All Non-Managerial Employees. ........................................................................................................................... 13

      G.    Equitable Tolling of the Statute of Limitations is Necessary to Protect the Plaintiffs ... 14

   **CONCLUSION** ............................................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 467 (S.D.N.Y. 2008) .........................8

*Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985 (S.D.N.Y. July 13, 2015)...................................................................................................................................9

*Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 82 (E.D.N.Y. 2008) ....................................9

*Brock v. Superior Care, Inc.,* 840 F .2d 1054, 1062 (2d Cir.1988)................................................14

*Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295 (GEL), 2007 WL 2873929 at *5 (S.D.N.Y. 2007) .............................................................................................................................................9

*Cunninghan v. Elec. Data Systems Corp.*, No. 06 Civ. 3530 (RJH), 2010 WL 5076703 at *4 (S.D.N.Y. 2010) .......................................................................................................................5

*Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971, at *1 (S.D.N.Y. Oct. 5, 2006), at *6 ..............................................................................................................................8

*Davis v. Abecrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 WL 4702840, at *12 ..............13

*Fasanelli v. Heartland Brewery, Inc.,* 516 F. Supp. 2d 317, 323 (S.D.N.Y.2007) ........................15

*Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124 (AT), 2014 WL 1487279 at *1 (S.D.N.Y. Apr. 11, 2014).................................................................................................................3

*Fonseca*, 2014 WL 1487279 at *2............................................................................................7

*Foster v. Food Emporium*, No. 99 Civ. 3860 (CM), 2000 WL 1737858 at *3 n.1 (S.D.N.Y. 2000) 4

*Gaspar v. Personal Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2014 WL 4593944, at *7........13

*Gortat v. Capala Bros., Inc.*, No. 07 Civ. 3629 (ILG) (SMG), 2010 WL 1879922, at *9 (E.D.N.Y. May 10, 2010).........................................................................................................................4

*Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. 2008). 8

*Heagney v. European American Bank*, 122 F.R.D. 125 (E.D.N.Y. 1988).....................................13

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997) ..............................................3, 15

*Iglesias-Mendoza v. La Belle Farm Inc.,* 239 F.R.D. 363 (S.D.N.Y. 2007) ..................................14

*Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995)...........................................6

*Jacobsen v. Stop & Shop Supermarket Co.*, No. 02-cv-5915, 2003 U.S. Dist. LEXIS 7988 (S.D.N.Y. May 14, 2003)............................................................................................................13

*Jeong Wook Kim v. 511 E. 5th St. LLC*, No. 12 Civ. 8096 (FM), 2013 WL 6283587 at *9 (S.D.N.Y. Dec. 3, 2013).....................................................................................................................4

*Khamsiri v. George & Grank's Japanese Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507 (S.D.N.Y. June 1, 2012)...............................................................................................................9

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) ..............................................7

*Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006)..........................................15

*Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) .........................5

*Mendoza v. Ashiya Sushi 5, Inc.*, No. Civ. 8629 (KPF), 2013 WL 5211839 at *2 (S.D.N.Y. Sept. 16, 2013) ..................................................................................................................................4

*Mentor v. Imperial Parking Systems, Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007)...........................6

*Morales v. Plantworks, Inc.*, No. 05 Civ. 2349 (DC), 2006 WL 278154 at *2 (S.D.N.Y. 2006) ......6

*Myers*, 624 F.3d at 555 .........................................................................................................5, 7, 8

*Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14 Civ. 2848 (SHS), 2015 WL 1514950, at *3 (S.D.N.Y. Apr. 1, 2015) ................................................................................................................... 8

*Ramos v. PJJK Rest. Corp.*, No. 15 Civ. 5672 (PKC), 2016 WL 1106373, at *2 ........................ 11

*Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75 (KBF), 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013) ................................................................................................................................. 9

*Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 121 (S.D.N.Y. 2014) (same)................................ 5

*See Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295 (GEL), 2007 WL 2873929 at *5 (S.D.N.Y. 2007); *Qing Tian Zhuo*, 2015 WL 1514950, at *3 ............................................................. 9

*See e.g. Meyers V. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010)................................................. 5

*See e.g. Zaldivar v. JMJ Caterers, Inc.*, No. 14 Civ. 924 (SJF), 2016 WL 792404, at *4 (E.D.N.Y. Feb. 26, 2016) ....................................................................................................................... 9

*See Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)................................................. 5

*See Toure v. Central Parking Sys. of New York*, No. 05-cv-5237, 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28, 2007)................................................................................................. 13

*Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010) 7

*Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 336 (S.D.N.Y. 2010) ..................................................... 6

## Statutes

29 U.S.C. § 216(b) .............................................................................................................................. 3

29 U.S.C. § 255(a) ...................................................................................................................... 13, 14

Plaintiff JIAN WU respectfully submits this memorandum of law in support of his motion for conditional certification of their Fair Labor Standards Act ("FLSA") claims and court-facilitated notice of this action in English, Chinese, Indonesian/Malay and Spanish languages to all putative members of the FLSA Collective (defined below).

## PRELIMINARY STATEMENT

Plaintiff JIAN WU ("Plaintiff") has alleged wage violations perpetrated against over a period of many years at various restaurants doing business as SUSHI NOMADO OF MANHATTAN, INC. d/b/a Nomado 33; SUSHI PARA 33 CORPORATION d/b/a Nomado 33; and SUSHI PARA MANHATTAN, CORP. d/b/a Sushi Para d/b/a Sushi Para (14th Street) d/b/a Sushi Para (Third Avenue) d/b/a Sushi Para 88 and; and owner and operated by WEI LOONG CHAN, WENWU CHEN, ZHOU LIN, SHENG R DONG, and DING FENG ZHANG. Plaintiff's further allege that it is Defendants wide spread common policy of understating and underpaying their employees' overtime payment, and willfully paying less than minimum wages as required by the FLSA. Not only does Plaintiff's affidavit corroborate with other employees claims, but their allegations have been further supported by hard evidences showing that, regardless of job titles or locations of the enterprise, Defendants failed to pay Plaintiffs with overtime wages of at least one and one-half (1.5x) times the regular pay at which the hours they worked in excess of forty hours in a single workweek. In short, respectfully, to say plainitffs can meet the "modest factual showing" necessary to send a notice to putative FLSA Collective, to effectuate the broad remedial measures of the law, would be a dramatic understatement. Accordingly, Plaintiff exceeds the low burden for Conditional Certification of all non-managerial employees of Defendants.

1

## **BACKGROUND**

On June 20, 2017, Plaintiff filed the Complaint, asserting causes of actions for wage violations under the FLSA and NYLL. *See* Docket Entry ("D.E.") [1] (Ex 01.). Defendants did not file their answer to the Complaint.

Owner/ Operator Defendants WEI LOONG CHAN a/k/a Wei Loon chan, WENWU CHEN, ZHOU LIN, SHENG R DONG, and DING FENG ZHANG owned and controlled the operations of SUSHI NOMADO OF MANHATTAN, INC. d/b/a Nomado 33; SUSHI PARA 33 CORPORATION d/b/a Nomado 33; and SUSHI PARA MANHATTAN, CORP. d/b/a Sushi Para d/b/a Sushi Para (14th Street) d/b/a Sushi Para (Third Avenue) d/b/a Sushi Para 88. *Id. See Complaint.* ¶¶ 20, 23, 26, 30, 33. Also *See Related Case Complaint.* ¶¶8, 15.

As alleged in the Complaint, Plaintiff JIAN WU worked from January 1, 2016 to June 15, 2016 in the restaurant owned by the Defendant at Nomado 33 located at 165 E 33rd Street, New York, NY 10016. *Id. See* WU Aff. ¶ 3. Plaintiff JIAN WU worked for Defendants as a deliveryman. *Id.*

Irrespective of the hours Plaintiff worked he was always paid a flat daily rate for all the hours he worked for the Defendants. *See* WU Aff. ¶ 14. Plaintiff has also never received at least the minimum wage required to be paid under the NYLL and the FLSA. See *Complaint.* ¶¶ 2, 46.

During Plaintiffs' employment with the Defendants at Nomado 33 located at 165 E 33rd Street, New York, NY 10016, Plaintiff Wu, has worked side by side and befriended other employees at the restaurant, including the tipped (deliveryman and sushi chef) and non-tipped employees (receptionist), who also worked similarly long work hours without a commensurate payment of at least the minimum wage rate for each hour worked, and/or overtime at the one and

2

one half rate for each hour worked in excess of forty (40) hours in a workweek. *See* WU Aff. ¶¶24-96.

As described more fully below, Plaintiff Wu's experience was not unique. Rather, it was part of a common policy/ employment practice perpetuated by Defendants, regardless of their doing business as name or location, and regardless of their employees' title or role at the restaurants.

## ARGUMENT

### I.    CONDITIONAL CERTIFICATION IS APPROPRIATE

#### A.  The FLSA's Opt-In Requirement and the Need for Expedited Notice

The FLSA states in relevant part that:

> An action. . . may be maintained against any employer … in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. **No employee shall be a party Plaintiffs to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.**

29 U.S.C. § 216(b) ("Section 216(b)") (emphasis added). That is, in a collective action under Section 216(b), unlike in a class action under Federal Rules of Civil Procedure 23 ("Rule 23"), an employee is not a member of the collective until the employee affirmatively opt-in to the collective action. *Id.*; *Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124 (AT), 2014 WL 1487279 at *1 (S.D.N.Y. Apr. 11, 2014) ("Thus, putative class members must 'opt-in' to participate in an FLSA collective action."); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997) ("Thus, under the FLSA, potential plaintiffs must 'opt in' to a collective action to be bound by the judgement (and to benefit from it).”); *Mendoza v. Ashiya Sushi 5, Inc.*, No.

3

Civ. 8629 (KPF), 2013 WL 5211839 at *2 (S.D.N.Y. Sept. 16, 2013) (stating same). Thus, until employees are given notice and are permitted to file consent forms to opt-in, the statue of limitations continues to run against them on a daily basis. *Hoffmann*, 982 F. Supp. at 260 ("only by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled"); *Mendoza*, 2013 WL 5211839 at *2 (same).

Therefore, it is critical that similarly-situated employees be afforded notice as soon as possible and be provided with the opportunity to opt-in, as their claims may be reduced or extinguished daily. *Foster v. Food Emporium*, No. 99 Civ. 3860 (CM), 2000 WL 1737858 at *3 n.1 (S.D.N.Y. 2000) ("because of the statute of limitations, potential plaintiffs may be eliminated as each day goes by. For this reason, it is advisable that notice be given as soon as practicable."); *Hoffmann*, 982 F. Supp. at 262 ("courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purposes and promoting efficient case management."); *Jeong Wook Kim v. 511 E. 5th St. LLC*, No. 12 Civ. 8096 (FM), 2013 WL 6283587 at *9 (S.D.N.Y. Dec. 3, 2013) ("Here, court-facilitated notice is appropriate 'to prevent erosion of claims due to the running statute of limitations, as well as to promote judicial economy."); *Gortat v. Capala Bros., Inc.*, No. 07 Civ. 3629 (ILG) (SMG), 2010 WL 1879922, at *9 (E.D.N.Y. May 10, 2010) ("Because the statute of limitations for FLSA claims continues to run for each individual Plaintiffs until he or she opts in [], early certification and notice are favored in order to protect plaintiffs' right.").

The Supreme Court has affirmed the importance of potential opt-in plaintiffs receiving timely notice of their potential claims. *See Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165,

170 (1989). This seminal case sets forth the requirements for bringing a collective action.[1] The
Court observed that a collective action authorized by Section 216(b) "allows.. plaintiffs the
advantage of lower individual costs to vindicate their rights by the pooling of resources."
*Hoffmann-LaRoche*, 493 U.S. at 170. The Court went on to point out that, "[t]hese benefits,
however, depend on employee receiving accurate and timely notice concerning the pendency of
the collective action, so that they can make informed decisions about whether to participate."

### B.  The Two Phase Certification Process for FLSA Collective Actions.

The Second Circuit has approved a two-step process for district courts to utilize in
determining whether litigants should be permitted to proceed collective under Section 216(b).
*See e.g. Meyers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (describing the two-step
process in detail); *Fonseca*, 2014 WL 1487279 at *1-2 (same); *Schear v. Food Scope Am., Inc.*,
297 F.R.D. 114, 121 (S.D.N.Y. 2014) (same).

**First**, at an early stage in litigation, the court must make an initial determination limited
strictly to whether the named plaintiffs are "similarly-situated" to the potential members of the
FLSA collective. *Myers*, 624 F.3d at 554; *see also Cunninghan v. Elec. Data Systems Corp.*, No.
06 Civ. 3530 (RJH), 2010 WL 5076703 at *4 (S.D.N.Y. 2010) (citing *Lynch v. United Services
Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)). To do so, the named plaintiffs need
only make a very "modest factual showing" that they and potential opt-in plaintiffs "together
were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555;

---

[1] While the Supreme Court's decision in *Hoffmann-La Roche* involved a collective action under
the Age Discrimination in Employment Act ("ADEA"), the analysis applies to FLSA collective
actions with equal force because the ADEA adopted the collective action enforcement provisions
of the FLSA. *See* 29 U.S.C. § 626(b); *Hoffmann*, 982 F. Supp. at 261, n 15.

*Fonseca*, 2014 WL 1487279 at *1 ("At the first stage, plaintiffs must make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law."); *Schear*, 297 F.R.D. at 121 (same). Then, the court should facilitate notice of the action to the potential members of the collective. For this reason, the initial phase is called the "notice stage."[2] *Myers*, 624 F.3d at 555 (citing *Hoffmann*, 982 F. Supp. at 261); *see also Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 336 (S.D.N.Y. 2010).

"The burden for demonstrating that potential plaintiffs are 'similarly situated' is very low at the notice stage." Lynch, 491 F. Supp. 2d at 368; see also *Morales v. Plantworks, Inc*., No. 05 Civ. 2349 (DC), 2006 WL 278154 at *2 (S.D.N.Y. 2006) ("The first stage, conditional certification, requires only a 'modest factual showing' based on the 'pleadings and affidavits' that the putative class members were 'victims of a common policy or plan that violated the law.'"); Cunningham, 2010 WL 5076703 at *5 (citing *Mentor v. Imperial Parking Systems, Inc*., 246 F.R.D. 178, 181 (S.D.N.Y. 2007)) (at this first step, the court uses a "relatively lenient evidentiary standard to determine whether a collective action is appropriate."). Plaintiffs merely need to provide "***some factual basis*** from which the court can determine if similarly situated potential plaintiffs exist." *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (emphasis added). "The leniency of this requirement is consistent with the broad remedial purpose of the FLSA." *Spicer*, 269 F.R.D. at 336 (citing *Morales*, 2006 WL 278154 at *2).

---

[2] The "notice stage" is often referred to as "conditional certification," borrowing the term from Rule 23. This term is somewhat of a misnomer in FLSA actions as, unlike Rule 23, Section 216(b) does not have any "certification" provision, and FLSA plaintiffs are not required to establish any of the Rule 23 categories to proceed collectively. *Mendoza*, 2013 WL 5211839 at *2 ("FLSA collective actions, unlike class actions brought under Rule 23, need not satisfy the standards of numerosity, typicality, commonality, or representativeness."). That said, Plaintiffs here can easily meet even the most stringent standards for certification under 216(b) or Rule 23.

If Plaintiffs satisfy their burden of showing that "similarly-situated" employees exist, the court should conditionally certify the collective and order that appropriate notice be given to the members of the FLSA Collective to afford them the opportunity to opt-in to the action. *Cunningham*, 2010 WL 5076703 at *5; *see also Lynch*, 491 F. Supp. 2d at 368 (citing *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006)) ("Once notice is accomplished, the action proceeds as a collective action throughout the discovery process.").

**Second**, typically after a substantial period of discovery has been completed, the defendants may move for "decertification," where the district court will be asked to conduct a somewhat more stringent analysis of whether the plaintiffs who have opted-in are in fact "similarly-situated" to the named plaintiffs. *Myers*, 624 F.3d at 555; *Fonseca*, 2014 WL 1487279 at *2 ("At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs."); *Schear*, 297 F.R.D. at 121 (same). The action may be "decertified" if the record reveals that they are not similarly-situated, and the opt-ins' claims may be dismissed without prejudice. *Id*. This second step "utilizes a more stringent factual determination because the court is able to examine whether the actual plaintiffs brought into the case are similarly situated." Cunningham, 2010 WL 5076703 at *5.

Importantly, it is indisputable that the underlying merits of Plaintiffs' claims should not be litigated at this stage, but at summary judgment and/or at trial. See e.g. Fonseca, 2014 WL 1487279, at *3 (defendants' declarations going to "merits based arguments are premature on a motion for conditional certification and must wait for summary judgment and/or trial"); *Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010)

7

("Weighing of the merits [when deciding conditional certification] is absolutely inappropriate.");

*Lynch*, 491 F.Supp.2d at 368-69 (S.D.N.Y., 2007) ("[a]t this procedural stage, the court does not

resolve factual disputes, decide substantive issues going to the ultimate merits, or make

credibility determinations"); *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL

2853971, at *1 (S.D.N.Y. Oct. 5, 2006), at *6 ("attacks on plaintiffs' affidavits and other

evidence" premature at notice stage); *cf. Hoffmann-La Roche Inc.*, 493 U.S. at 174, 110 ("trial

courts must take care to avoid even the appearance of judicial endorsement of the merits of the

action.").

### C.  Plaintiff has made the Required Showing that he is similarly-situated to the members of the FLSA Collective

As stated above, to meet the minimal burden required for conditional certification, Plaintiff must

make a "modest factual showing" that they and opt-in and potential opt-in plaintiffs "together

were victims of a common policy or plan that violated the law." *See Myers*, 624 F.3d at 555

(*citing Hoffmann*, 982 F. Supp. at 261). This burden may be "satisfied with 'substantial

allegations' of a factual nexus between named Plaintiff and potential opt-in plaintiffs with regard

to their employer's alleged FLSA violation." *Amendola v. Bristol-Myers Squibb Co.*, 558 F.

Supp. 2d 459, 467 (S.D.N.Y. 2008); *see also Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785

(KTD), 2008 WL 465112, at *1 (S.D.N.Y. 2008) ("Plaintiffs may satisfy this requirement by

relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other

potential class members."); *Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14 Civ. 2848 (SHS), 2015

WL 1514950, at *3 (S.D.N.Y. Apr. 1, 2015) (finding single plaintiff affidavit sufficient to

conditionally certify a collective of four restaurants). Thus, the proper inquiry is whether

Plaintiffs, and potential opt-in plaintiffs are similarly situated with respect to the allegations that

8

the law has been violated, and not whether their job responsibilities are identical or whether they worked at the same location. *See Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295 (GEL), 2007 WL 2873929 at *5 (S.D.N.Y. 2007); *Qing Tian Zhuo*, 2015 WL 1514950, at *3.

Issuance of notice is frequently based largely on employee declarations, and very often when there is only a single declaration. *See e.g. Zaldivar v. JMJ Caterers, Inc.*, No. 14 Civ. 924 (SJF), 2016 WL 792404, at *4 (E.D.N.Y. Feb. 26, 2016) ("courts have routinely found that the allegations in the pleadings and the 'personal observations of one plaintiff's affidavit' are 'sufficient to make the modest factual showing necessary to conditionally certify [a] class'"); *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985 (S.D.N.Y. July 13, 2015) (conditional certification based on one plaintiff's affidavit); *Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75 (KBF), 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013) (single affidavit); *Khamsiri v. George & Grank's Japanese Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507 (S.D.N.Y. June 1, 2012) (single affidavit); *Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 82 (E.D.N.Y. 2008) (no corroborating evidence besides plaintiff's affidavit).

Here, Plaintiff can make a substantial showing that he and all similarly-situated non-exempt employees employed by Defendants were subject to a common policy or plan that violated the FLSA:

- Plaintiff JIAN WU employed by Defendants during applicable FLSA statutory period and were subjected to Defendants' common policy of (i) not paying Plaintiff Mr. Wu for all the hours he worked, (ii) failure to pay Plaintiff at least the minimum wage for each hour worked, and (iii) failure to pay at least the one and one half (1.5x) rate the equivalent hourly rate or the minimum wage, whichever is higher, for each hour worked in excess of forty (40) hours in a work week.

The experience of JIAN WU was not unique. The manner in which he was compensated was and remains standard operating procedure with regard to employees, regardless of

classification as tipped employees (including deliverymen, sushi chef, or waiters) or non-tipped employees (cashiers and packers).

While not each individual at the restaurant at 165 E 33rd Street, New York, NY 10016 was subject to both minimum wage and overtime violations (some receiving higher pay, and some working less than 40 hours), **each** individual at the restaurant was subject to either minimum wage violation (for failure to pay at least the minimum wage for each hour worked) or overtime violations (for failure to pay employees at the time and one-half rate for each hour worked in excess of 40 hours in a workweek).

Individuals who suffered from Defendants' minimum wage violations include: deliverymen Wu (from Shenyang) and Wu (from Shanghai), who were each paid a meager nine hundred twenty dollars ($920) each month. *See* WU Aff. ¶¶ 28,32-34; 39, 45-48.

Individuals who suffered from Defendants' overtime compensation violations include: deliverymen Wu (from Shenyang) and Wu (from Shanghai), who were each paid a meager nine hundred twenty dollars ($920) each month, despite working forty six (46) hours per week; "Big Chef" who worked seventy five hours but did not receive overtime pay; a thirty five year old packer from Fuzhou, Fujian, China, who worked between sixty (60) and seventy two (72) hours, and "Chef Liu" who also worked forty six (46) hours but did not receive overtime pay. *See* WU Aff. ¶¶ 28,32-34; 39, 45-48; 51-56,58-65,66,73-79.

Further, this practice is not limited to Defendant's one location. Indeed, "Head Liu" worked at two of Defendants' locations, namely 165 E 33rd Street, New York, NY 10016 and 212 W 14th Street, New York, NY 10011 concurrently, whose labor and employment payment practice/ policy did not shift between stores at all. *See* WU Aff. ¶¶ 72-74,77.

10

Similarly, in a related case filed before this court on February 13, 2018, the named Plaintiff who was a deliveryman worked at 1461 Third Avenue, New York, NY 10028 was similarly was not paid minimum wage for each hour worked and overtime pay for hours in which he worked over forty (40) hours a week. *See Related Case Complaint*, <u>Cai v. Sushi Para Manhattan, Corp. et al</u> (2018).

In addition to the FLSA minimum wage and violations set forth above, Plaintiff can provide further additional evidence – separate and apart from their FLSA claims – establishing a common nexus between themselves and the putative FLSA Collective:

- Plaintiff alleges that he and all other employees were never provided proper wage statements and notices as required by the NYLL. *See* WU Aff. ¶¶ 27-96.
- Plaintiff alleges that they were all purportedly paid at the same or similar hourly rate/ same or similar hours. *See* WU Aff. ¶ 27

Although these violations are separate and apart from Defendants' FLSA violations, the common treatment across all the Defendants' location further demonstrates that Plaintiffs, and the potential opt-in plaintiffs, were subjected to a common unlawful practice that shares a factual nexus.

### D.  Expedited Notice and Disclosure of Contact Information Is Necessary

Plaintiff respectfully request expedited disclosures of contact information to send notice of this action to all potential opt-in plaintiffs as expeditiously as possible. As previously noted, until the absent members of the FLSA collective opt-in to this action, the statute of limitations is running against them on a daily basis. Accordingly, the timing of the notice is of great significance. *See Foster*, 2000 WL 1737858 at *3 n.1 ("because of the statute of limitations, potential plaintiffs may be eliminated as each day goes by. For this reason, it is advisable that notice be given as soon as practicable."); *Ramos v. PJJK Rest. Corp.*, No. 15 Civ. 5672 (PKC), 2016 WL 1106373, at *2 (S.D.N.Y. Mar 10, 2016) ("Courts need not wait for defendants to

begin or complete discovery before approving a conditional collective action; rather ***courts have***
***endorsed the sending of notice early in the proceeding,*** as a means of facilitating the FLSA's
broad remedial purpose and performing efficient case management"). Here, the need for
expedited notice is even more compelling given that Plaintiffs and opt-in Plaintiffs' primary
languages are English, Chinese, Indonesian/Malay and Spanish.

### E.  Plaintiff's proposed Notice is appropriate in all respects.

Plaintiff proposes a Notice of Pendency and Consent Form in Mandarin, Spanish and
Malay (the predominant languages of the FLSA Collective) advising all potential opt-in
Plaintiffs of their right to join this collective action that is consistent with prior notices routinely
approved in courts within the Second Circuit.

Plaintiff also requests that the Notice of Pendency and Consent Form be posted on the
conspicuous locations of Defendants' restaurant. Ex 02.  (Proposed Notice of Pendency and
Consent Form for Mail). This is simply to ensure and provide the greatest likelihood that the
FLSA Collective receives this notice as intended.

To provide the members of the putative FLSA Collective with notice of this action,
Plaintiff requires the names and contact information for those individuals. *See Hoffmann-*
*LaRoche*, 493 U.S. at 170 ("The District Court was correct to permit discovery of the names and
addresses of the discharged employees."); *Lynch*, 491 F. Supp. 2d at 371 (explaining that
"identification [of similarly-situated employees] is necessary so that [plaintiff] can provide them
with notice of this action"). Thus, Plaintiff respectfully requests that Defendants be ordered to
provide the names, last known address, telephone numbers, e-mail address and dates of
employment of all non-exempt employees employed by the Defendants from June 20, 2014
through the present, in a Microsoft excel spreadsheet.

A three-year time frame is appropriate given that the FLSA expressly permits a three-year statute of limitations to remedy willful violations of the Act. *See* 29 U.S.C. § 255(a); *see also e.g. Gaspar v. Personal Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2014 WL 4593944, at *7 (S.D.N.Y. Sept. 15, 2014) (Nathan, J.) (finding a three-year notice period appropriate); *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 WL 4702840, at *12 (S.D.N.Y. Oct 23, 2008) ("Courts that have faced this issue routinely approve a three-year notice period.").

### F.  The Victims of Defendants' Unlawful Violations Extend to All Non-Managerial Employees.

Prospective class members need not be identically situated to the named plaintiffs or to each other. *Heagney v. European American Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (holding that the plaintiffs do not have to perform the same job in the same location as long as there is a discriminatory policy common to all).

Moreover, it does not matter that Prospective Collective Action Members perform different duties. *See, e.g., Jacobsen v. Stop & Shop Supermarket Co.*, No. 02-cv-5915, 2003 U.S. Dist. LEXIS 7988 at *7 (S.D.N.Y. May 14, 2003) (class trainees and back-up managers). Nor does the fact that they were employed at different times affect the determination of granting class notice. *See Toure v. Central Parking Sys. of New York*, No. 05-cv-5237, 2007 U.S. Dist. LEXIS 74056 at *8 (S.D.N.Y. Sept. 28, 2007) (declarations asserting that defendants "had an express policy of forcing garage attendants on the night shift…to work more than forty hours per week and refusing to pay them for the additional time" was sufficient to meet the burden of "making a modest factual showing sufficient to demonstrate that [Plaintiffs] and [other employees] together were victims of a common policy or plan that violated the law," regardless of the fact that dates of employment and hours worked were "unique to each employee.") (citing *Hoffman* 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

13

All non-managerial employees of Defendants are similarly situated as they were victims of Defendants' widespread common policy of understating and underpaying their employees' overtime payment, and willfully paying less than minimum wages as required by the FLSA. Plaintiff JIAN WU was employed as a deliveryman. The Plaintiff further alleges that there were other victims of Defendants' widespread common policy or plan that violates the FLSA. *See* WU Aff. ¶¶ 26-96. Accordingly, Plaintiff exceeds the low burden for conditional certification of all non-managerial employees of Defendants.

### G.  Equitable Tolling of the Statute of Limitations is Necessary to Protect the Plaintiffs

An action under the FLSA has a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). The Second Circuit has explained that "a violation is willful for purposes of the FLSA limitations provision only if the employer knowingly violates or shows reckless disregard for the provisions of the Act." *Brock v. Superior Care, Inc.,* 840 F .2d 1054, 1062 (2d Cir.1988).

Plaintiff requests that the contents of any notice should provide for a three-year statute of limitations afforded to claims of willful violations of the FLSA, as opposed to a two-year limitations period. Courts routinely approve a three-year notice period. *See, e.g., Iglesias-Mendoza v. La Belle Farm Inc.,* 239 F.R.D. 363 (S.D.N.Y. 2007) ("Where willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action."); *Fasanelli v. Heartland Brewery, Inc.,* 516 F. Supp. 2d 317, 323

14

(S.D.N.Y.2007) (conditionally certifying class based on three-year period to "avoid any merit-based determinations at this time" but noting the possibility of "decertification at a later time").

In a collective action suit, the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written consent form opting into the suit. *Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006) (citing 29 U.S.C. §§ 255, 256); *Hoffman* 982 F. Supp. at 260 (S.D.N.Y. 1997). Since unnecessary delays are of particular concern due to the FLSA's limitations period which continues to run until the potential class member opts in, giving rise to a need to identify and provide notice to potential class members promptly, it is respectfully submitted that the statute of limitation on this suit be tolled for 90 days until the expiration of the Opt-In Period.

## **<u>CONCLUSION</u>**

For the reasons set forth above, Plaintiff respectfully requests an order granting Plaintiff's requested relief in its entirety, and for such other and further relief deemed just and proper.

Dated:     Flushing, New York
           August 1, 2018                            Respectfully submitted,

                                                     TROY LAW, PLLC.

                                             By:     /s/ John Troy
                                                     John Troy

15