USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JIAN WU and
FEN BIAO CAI,
*on behalf of themselves and other persons*
*similarly situated,*

                Plaintiffs,

-against-

SUSHI NOMADO OF MANHATTAN, INC.
   d/b/a Nomado 33,
SUSHI PARA 33 CORPORATION
   d/b/a Nomado 33,
SUSHI PARA MANHATTAN, CORP.
   d/b/a Sushi Para"
   d/b/a Sushi Para (14th Street)
   d/b/a Sushi Para (Third Avenue)
   d/b/a Sushi Para 88,
WEI LOONG CHAN
   a/k/a Wei Loon Chan,
WENWU CHEN,
ZHOU LIN,
SHENG R DONG, and
DING FENG ZHANG
   a/k/a Andy Zhang,

                Defendants.

17cv04661 (PGG) (DF)

consolidated with
18cv1126 (PGG) (DF)

**ORDER**

---

**DEBRA FREEMAN, United States Magistrate Judge:**

This Court having held an in-person conference in the above-captioned, consolidated case

on January 14, 2020, to address, *inter alia*, the motions of Jeffrey J. Levine, Esq. ("Levine") and

David Charles Harrison, Esq. ("Harrison") to withdraw from further representation of defendants

Sushi Nomado of Manhattan, Inc., Sushi Para 33 Corporation, Sushi Para Manhattan, Corp.

(together, the "Corporate Defendants"), Wenwu Chen ("Chen"), Zhou Lin ("Lin"),

Sheng R. Dong ("Dong"), and Ding Feng Zhang ("Zhang") (together, the "Individual

Defendants") (all, collectively, "Defendants"[1]); and that conference having been attended by all counsel (with Levine appearing by telephone), as well as by defendants Lin, Dong, and Zhang[2]; and Lin, Dong, and Zhang having been accompanied to the conference by an individual who was able to serve as an interpreter for them; and Plaintiff having filed a motion to compel Defendants to produce contact information for potential members of the FLSA collective that has been conditionally certified by this Court; it is hereby ORDERED, as stated at the January 14 conference, that:

1.      As Levine and Harrison have stated good cause for their requested leave to withdraw, and as the motions have not been opposed by any party, the motions to withdraw (Dkts. 83, 85, 88) are granted.  So as to afford Defendants with an opportunity to retain new counsel, however, the withdrawal of Levine and Harrison shall be effective on either (a) the date when a Substitution of Counsel is filed, or (b) February 14, 2020, whichever date is earlier.  If no new counsel for the Corporate Defendants appears in this action by February 14, 2020, then Plaintiffs may proceed to move for a default judgment against the Corporate Defendants, as corporate entities cannot continue to defend themselves in this Court without counsel.

2.      The Individual Defendants are cautioned that, if new counsel does not file a Substitution of Counsel on behalf of each Individual Defendant by February 14, 2020, they will be expected to proceed in this action on their own behalf, without the benefit of counsel.  The Individual Defendants are also cautioned that, if they choose to proceed in this action *pro se*

---

[1] An additionally named defendant, Wei Loong Chan, is not currently represented by Levine and Harrison, and is apparently in default.

[2] Although this Court had directed all Defendants to appear personally at the conference (*see* Dkt. 86), Chen did not appear, and the Court was informed by the other Individual Defendants that he may currently be out of the country.

(*i.e.*, without the assistance of an attorney), then they will be expected to defend the action on a *pro se* basis, to attend all court conferences and other proceedings in person, and to comply, on their own, with all rules and procedures of the Court. Their failure to participate in defending this action may result in the entry of default judgments against them.

3.      If the Individual Defendants do not retain new counsel to represent them in this action, such that they find themselves proceeding *pro se*, the Individual Defendants shall provide this Court's *Pro Se* Office with their addresses and telephone numbers, so that this contact information may be entered on the Docket, by no later than February 17, 2020. The *Pro Se* Office is located at the U.S. Courthouse, 40 Centre Street, Room 105, New York, New York 10007. The Individual Defendants are cautioned that failure to keep the Court apprised of their contact information may result in sanctions, including the entry of default judgments against them.

4.      If the Individual Defendants need assistance in understanding any of the procedural rules of this Court, or any aspect of this Order, they are encouraged to contact the Court's *Pro Se* Office, at the address set out in paragraph 3, above. The telephone number for the *Pro Se* Office is (212) 805-0175.

5.      Should the Individual Defendants choose to proceed *pro se,* they may also wish to make an appointment with the legal clinic that is present in this District to assist people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court (and, among other things, it therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the Court's *Pro Se* Office). The Clinic is located in the U.S. Courthouse at 40 Centre Street, New York, New York 10007, in Room LL22, which is just

inside the Pearl Street entrance to that Courthouse.  The Clinic is open on weekdays from

10:00 a.m. to 4:00 p.m., except on days when the Court is closed.  An unrepresented party can

make an appointment in person or by calling the Clinic at (212) 659-6190.

6.     Plaintiffs' motion to compel Defendants to produce contact information for

potential members of the FLSA collective (Dkt. 82) is granted.  So that Plaintiffs' counsel will be

able to distribute notice of the collective action, Defendants are directed to provide to Plaintiffs'

counsel *without delay* – and in no event later than February 13, 2020 – the employee contact

information described in this Court's Order of July 25, 2019, by which this Court granted

conditional certification of the collective.  Specifically, Defendants must provide – either in a

Microsoft Excel data file or in other usable form – the last known mailing addresses, last known

telephone numbers, last known email addresses, and last known WhatsApp, WeChat and/or

Facebook usernames, as well as the work location(s), dates of employment, and position, for all

delivery workers, sushi chefs, food packers, dishwashers, or wait staff who worked at the

restaurants identified in the Amended Complaint from June 20, 2014 to the present.  This Court

expects that Levine and Harrison will work with Defendants to ensure the production of this

information.

7.     Except as set out in paragraph 6, above, discovery shall be stayed until new

counsel appear for Defendants or February 14, 2020, whichever date is earlier.  Once this stay

expires, the parties may have 90 days to complete all discovery in this action, except that, if any

additional plaintiff(s) consent to opt-in to the FLSA collective, then this Court may permit

additional limited discovery with respect to such opt-in plaintiff(s).

8.     Given that, at the January 14, 2020 conference, the parties expressed an interest in

potential settlement, Plaintiffs are directed to make a reasonable settlement demand without

delay, and the parties are directed to confer in good faith regarding settlement. This Court expects that settlement discussions will take place, in earnest, within the next few weeks, prior to Levine's and Harrison's withdrawal from the action.

9.      The parties are directed to submit a joint status report to this Court no later than February 13, 2020, with respect to the progress of the distribution of the collective notice; the progress of settlement discussions; and, if Defendants have not yet retained new counsel, their efforts to do so.

10.     Defendants' counsel shall promptly serve a copy of this Order on all Defendants.

11.     In light of the rulings at paragraphs 1 and 6 above, the Clerk of Court is directed to close the motions docketed at Dkts. 82, 83, 85, and 88.

Dated: New York, New York
       January 17, 2020

                              SO ORDERED

                              _____
                              DEBRA FREEMAN
                              United States Magistrate Judge

Copies to:

All counsel (via ECF)