LAW OFFICES OF

# Vincent S. Wong

*Attorneys at Law*

**Please Respond To:**

☐ 39 East Broadway, Suite 306
New York, NY 10002

☑ 6008 8th Avenue
Brooklyn, NY 11220

Phone: 212.888.0884
Phone: 718.234.8200
Fax: 718.833.1968

♦♦♦

Email: vswlaw@gmail.com
Website: vswlaw.com

June 29, 2021

**VIA ECF**
Hon. Debra Freeman, U.S.M.J
United States District Court
Southern District of New York
40 Foley Square, Room 17A
New York, NY 10007

               Re:    **Wu v. Sushi Nomado of Manhattan, Inc. et al**
                        **Case Number: 17-cv-04661**
                        **REQUEST TO DISMISS PLAINTIFF JIAN WU FOR**
                        **FAILURE TO PROSECUTE AND DISCOVERY SANCTIONS**

Dear Judge Freeman:

      We represent the Defendants, Sushi Para 33 Corporation, Sushi Para Manhattan Corp, Wenwu Chen, Zhou Lin, Sheng R Dong and Ding Feng Zhang in the above-referenced action. We write this letter to request dismissal of Plaintiff Jian Wu, and his associated claims, for a failure to prosecute.

      The procedural history of this action is noteworthy as it establishes a pattern of behavior exhibited by the Plaintiff and provides support for this application to dismiss Plaintiff Jian Wu. This action was filed back in June 2017, and after four (4) years, and multiple discovery extensions, Plaintiff Jian Wu still has not be deposed, nor is there even a date certain of when he might be.

      Defendants' current counsel became involved in this case approximately a year ago, at that time Defendants prior counsel had withdrawn, and the unrepresented Defendants had sought new counsel and had eventually hired my office. On July 6, 2020, a stipulation was entered into between Plaintiffs' and Defendants' counsel and a discovery deadline was set for January 31, 2021, approximately a 7-month period to complete discovery (See ECF Docket # 122 and 123). On January 29, 2021, the parties asked for additional time to complete discovery, extending it to March 31, 2021, which the Court granted and specified that: "[N]o further extensions will be granted absent a particularized showing of extraordinary cause" (See ECF Docket # 124 and 125).

Despite discovery demands and deposition notices for Plaintiff Jian Wu being served on Plaintiffs on November 18, 2020, Plaintiffs alerted Defendants on March 6, 2021 for the first time that they wanted trial style Depositions because Plaintiff Jian Wu is in China. Despite several letters to the Court to address the issue, the details of when Plaintiff Jian Wu went to China and when his counsel first learned of it has never been addressed by Plaintiff's counsel.[1]

Deposition dates were set for Defendants prior to end of discovery, March 31, 2021. Only two dates before March 31, 2021 were proposed for Plaintiffs, of which Defendants' counsel had a conflicts on both. Plaintiffs then proposed deposition dates for both Plaintiffs in April, including a representation made on March 18, 2021 that Plaintiff Jian Wu would be available for deposition on April 19, 2021. (See **Exhibit 1** to this letter).

In response to the Court's Order on March 25, 2021 (See ECF Docket # 130), Plaintiff filed a letter with the Court (See ECF Docket # 131), indicating that Plaintiff Jian Wu anticipates being available for deposition in late May or early June 2021. On May 12, 2021, the Court Ordered that "[t]he discovery depositions of Plaintiffs (which the Court understands are all that remains for discovery to be complete) shall be conducted by 6/30/2021. Counsel are directed to work together cooperatively to schedule the remote deposition of plaintiff Wu" (See ECF Docket # 132).

On May 12, 2021, after the Court's Order, Defendants requested deposition dates for Plaintiffs. Plaintiffs scheduled a date in June for Plaintiff Cai, but failed to propose any dates for Plaintiff Wu. (See **Exhibit 2** to this letter). Follow up emails were sent by Defendants' counsel in an attempt to schedule a deposition date for Plaintiff Wu. Plaintiffs eventually wrote back stating that they would be requesting another extension of discovery for the deposition of Plaintiff Wu and only today, June 29, 2021, provided Defendants with a draft of their request.

Plaintiff's draft letter requests a stay of discovery or in the alternative "[i]f the court deems this request not plausible, plaintiffs request an extension of time to complete discovery from June 30, 2021 to September 30, 2021, to conduct Plaintiff Jian Wu deposition." Plaintiff's letter indicates no date certain when Plaintiff Jian Wu would be available for deposition, and the request for a stay, or in the alternative another three (3) months, all for the deposition of a single witness. Plaintiffs' proposed request, does not make Defendants believe that Plaintiff will be available to be deposed anytime soon. Based upon the foregoing pattern of delay and failure to prosecute, Defendants request that the Court dismiss Plaintiff Jian Wu case with prejudice, pursuant to Federal Rule of Civil Procedure 41 (b) and 37 (b).

---

[1] This is relevant because "[o]ne who foresees the need for the remote transmission of testimony **must promptly bring the circumstances to the attention of the court and the other parties**: **A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.** Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying." (emphasis added) *In re Emanuel*, 406 B.R. 634, 637 (Bankr. S.D.N.Y. 2009). In this case, Defendants strongly suspect that Plaintiffs have not acted promptly in bring the issue to anyone's attention.

"Failure to prosecute is not defined in Rule 41(b). It can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics. The latter may consist, for example, of groundless motions, repeated requests for continuances or persistent late filings of court ordered papers. Such conduct may warrant dismissal after merely a matter of months, *Shaw v. Estelle*, 542 F.2d 954 (5th Cir. 1976), or may stretch out over a period of years, *Delta Theatres, Inc. v. Paramount Pictures, Inc.*, 398 F.2d 323 (5th Cir. 1968), cert. denied, 393 U.S. 1050, 89 S.Ct. 688, 21 L.Ed.2d 692 (1969)." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982)

"The primary rationale underlying a dismissal under 41(b) is the failure of plaintiff in his duty to process his case diligently. *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956). Plaintiff's duty to due diligence is imposed because of the strong policy favoring prompt disposition of cases. **Prejudice to defendants resulting from unreasonable delay may be presumed**" *Citizens Utilities Co. v. American Telephone and Telegraph Co.*, 595 F.2d 1171, 1174 (9th Cir.), cert. denied, 444 U.S. 931, 100 S.Ct. 273, 62 L.Ed.2d 188 (1979)" *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (emphasis added)

Counsels owe a responsibility to the Court and their opponents and Federal Rule of Civil Procedure 37 enforces a strict adherence to these responsibilities. *Metro. Opera Ass'n v Local 100, Hotel Emples. & Rest. Emples. Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003) (citing *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976)). Sanctions will be imposed "for negligence or tactical intransigence as well as willful or intentional wrongs." *Id.* (citing *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 387 (2d Cir. 1981)).

A Court may impose sanctions under Rule 37(b) if there is a clearly articulated order from the Court requiring specific discovery. *Hale v. 1-15 Hartsdale Ave. Corp., (In re 1031 Tax Group, LLC)*, 2010 Bankr. LEXIS 2369 (Bankr. S.D.N.Y. July 26, 2010) (citing Fed. R. Civ. P. 37(b); *Daval Steel Prods, v. M/V Fakredine, et al.*, 951.F.2d 1357, 1363 (2d Cir. 1991) ("Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order.") (citation omitted); 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 37.40 (3d ed. 1999)).

In this case, dismissal is appropriate both under Federal Rule of Civil Procedure 41 (b) and 37 (b).

It is clear that Plaintiff Jian Wu is unwilling or unable to prosecute this action, despite owing a duty to do so. Despite this case being nearly four (4) years old, and despite nearly a year of discovery time in this case, Plaintiff Jian Wu has been unavailable to be deposed, with Plaintiffs only alerting the Court and their adversaries to any sort of problem in March of 2021, less than a month before the already twice extended discovery deadline was set to expire. Additionally, despite: (1) noncompliance with notices of deposition; (2) noncompliance with Court orders; (3) indications that Plaintiff Jian Wu would be available in April 2021; (4) subsequent indications that Plaintiff Jian Wu would be available by the end of May or early June; and (5) multiple requests for extensions to secure the deposition of Plaintiff Wu; Plaintiff Jian Wu is still unavailable to be deposed with no indication when he will be available. This pattern of behavior is clearly dilatory and prejudicial to the Defendants.

Prejudice to defendants resulting from unreasonable delay may be presumed *Citizens Utilities Co. v. American Telephone and Telegraph Co.*, 595 F.2d 1171, 1174 (9th Cir.), cert. denied, 444 U.S. 931, 100 S.Ct. 273, 62 L.Ed.2d 188 (1979)" *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). In addition to prejudicing Defendants from the delay, it is very likely that Plaintiff's Jian Wu's conduct is also prejudicing co-Plaintiff Cai. Each delay caused by Plaintiff Wu, prevents both co-Plaintiff and Defendants in reaching a conclusion to this case, which has already dragged on for over four (4) years. In the event either Plaintiff is successful on any of its claims, the delays by Plaintiff Wu, will only cause the interest on the damages to be greater, again prejudicing Defendants. Further implicit in the delays, is as more time passes, witnesses' recollections of the events in dispute only grow fuzzier and witnesses become more difficult to locate for trial, again prejudicing Defendants.

Accordingly, Plaintiff Jian Wu's claims should be dismissed for failure to prosecute, and this case should be allowed to move forward.

Additionally, there was a clearly articulated Court Order stating that the "discovery depositions of Plaintiffs (which the Court understands are all that remains for discovery to be complete) shall be conducted by 6/30/2021" (See ECF Docket # 132).

Despite this clearly articulated Order requiring Plaintiff Jian Wu to be available for deposition by June 30, 2021, Plaintiff Jian Wu has not provided any date on when he will be available to be deposed, either before or after the Court Ordered deadline. As far as Defendants have been made aware, no steps have been taken, other than Plaintiffs' counsel doing research on the topic of travel, by Plaintiff Jian Wu to actually become available for depositions. As such, Plaintiff Jian Wu has failed to comply with a clearly articulated Court Order, and sanctions are appropriate in this instance.

Accordingly, Defendants ask that Plaintiff Jian Wu's claims be dismissed. We thank Your Honor for your time and consideration in this matter.

Respectfully submitted,

LAW OFFICES OF VINCENT S. WONG

/s/ *Michael Brand*
Michael Brand, Esq. (MB 3303)
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002