# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

June 30, 2021

*Via* **ECF**
Hon. Debra C. Freeman, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: Plaintiffs Response to Defendants Letter Motion for Discovery Sanctions
and Dismiss of Plaintiff Jian Wu:**
1:17-cv-04661-PGG-DCF *Wu v. Sushi Nomado of Manhattan, Inc. et al*

Your Honor,

This office represents the plaintiffs in the above reference matter. We write respectfully in response to Defendants Letter Motion for Discovery Sanctions and to Dismiss Plaintiffs Jian Wu for Failure to Prosecute. Plaintiff Jian Wu should not be sanctions or dismissed from the matter because Plaintiff and Plaintiffs' Counsel has acted in good faith to try to schedule the deposition of Jian Wu. Furthermore, Plaintiffs request a stay on discovery until Plaintiff Jian Wu can receive his travel permit and book his trip to Hong Kong or an extension of time to compete discovery from June 30, 2021 to September 30, 2021. This is Plaintiffs third request, with Your Honor granting plaintiffs first request and granting in part and denying in part Plaintiffs second request. Plaintiffs' positions are that granting such request will not prejudice any party in the matter.

On March 21, 2021, defendants filed a letter requesting an extension of time to complete discovery in the matter. *See* Dkt. No 129. On, March 30, 2021, Plaintiffs filed their Supplemental Information in Support of Motion for Extension of Time to Complete Discovery with exhibits. *See* Dkt. Nos 131. On May 12, 2021, Your Honor granted Defendants Motion for extension of time to complete Discovery until June 30, 2021. Additionally, Your Honor held a conference in the matter and ordered that the Plaintiffs Letter Motion for Extension of time to Complete Discovery was granted in part and denied in part. On June 30, 2021, Defendants filed their Letter Motion Requesting Sanctions and Dismissal of Plaintiff Jian Wu in the matter. *See* Dkt No. 134.

Plaintiffs have acted in good faith in trying to schedule depositions in the matter. Plaintiffs outlined in their Supplemental Information In Support of Motion for Extension of Time to Complete Discovery that Plaintiff Jian Wu is a national of the People's Republic of China. As a national of the People's Republic of China plaintiff Jian Wu would not be able to testify from within Mainland China. Plaintiff Wu though would be able to testify outside the mainland of China at places such as Hong Kong, Macau, Taiwan or another country. This would mean that plaintiff would have to travel outside of his homeland to conduct his deposition for discovery. If plaintiff though was to try to complete his deposition in either Hong Kong or Macau, Plaintiff would need to obtain a permit to travel to these places. In normal circumstances, that would be not too much of a problem but would just take some time to receive. This though is not a normal circumstance and right now the world is in the middle of a pandemic and many countries at the moment have

Hon. Debra C. Freeman, U.S.M.J.
June 30, 2021
1:17-cv-04661-PGG-DCF *Wu v. Sushi Nomado of Manhattan, Inc. et al*
Page 2 of 4

travel restrictions in place. Due to the travel restrictions in place, it becomes a lot more difficult for people to freely move between places and more specifically in plaintiffs' case, it becomes harder to obtain a permit. Moreover, with travel restrictions less places are likely to be open and accepting people to stay for business and personal trips so getting a hotel room becomes more complicated. All of this combined makes it harder for plaintiff Wu to complete his deposition because plaintiff Wu would have difficulty getting not only the place he needs to go to do his deposition but would be unaware of the length of time to do his deposition.

Plaintiff should not be dismissed for failure to prosecute because Plaintiff's counsel has tried to have Plaintiff available for his deposition, but has had problems due to the travel restrictions that stay in place. The court found in *LeSane v. Hall's,* "a Rule 41(b) dismissal remains "a harsh remedy to be utilized only in extreme situations." *Theilmann v. Rutland Hospital, Inc*., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)" (*LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206 (2d Cir. 2001). Additionally, "Specifically, a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *Alvarez v. Simmons Mkt. Research Bureau, Inc*., 839 F.2d 930, 932 (2d Cir. 1988) [**5]  (internal quotations and citations omitted). (*LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206 (2d Cir. 2001). Here Plaintiff Jian Wu does not meet this threshold, for a couple of reasons. One of the reasons being that Plaintiffs have not deliberately delayed discovery but have requested for an extension of time due to the ongoing pandemic and his inability to reach a place that he can conduct his deposition. Additionally, the court has not been able assess all the options at hand if there is a possibility that a lesser sanction or no sanction can be imposed. Since plaintiffs has numerous of obstacles in order to conduct his deposition plaintiffs have to keep asking for additional time because they are not sure how long the process of receiving a permit and booking a trip to Hong Kong might take. This is hand should not serve as plaintiff failing to prosecute his case because he is unaware how long the process might take. Plaintiff Wu request an extension of time because he is not completed with the process yet and need more time but this should not serve as a tool that Defendants use to show that Plaintiff Wu has failed to prosecute his case.

Additionally, the court should not impose sanctions on plaintiff Wu because plaintiff Wu has tried to comply with discovery request but is unable to due to the ongoing travel restrictions that are in place in China. In *United States v. Seltzer*, the court stated that "Seltzer argues that under the case law of this Circuit, a district court imposing sanctions under its inherent powers can only do so if the party subject to the sanctions acted in "bad faith."" (*United States v. Seltzer*, 227 F.3d 36 (2d Cir. 2000)). In this case though plaintiff Wu has not acted in bad faith but have tried to make the best of a difficult situation for plaintiff Wu. Due to the hardship of achieving a permit and booking a flight to Hong Kong, it is difficult for plaintiffs to give an affirmative date to conduct his deposition. It is not up to plaintiff to decide things but up to the government to approve his application and the travel agency to reserve a spot for him to travel to Hong Kong. All plaintiff

Hon. Debra C. Freeman, U.S.M.J.
June 30, 2021
1:17-cv-04661-PGG-DCF *Wu v. Sushi Nomado of Manhattan, Inc. et al*
Page 3 of 4

can do here is wait and hope that he can go through this process as soon as possible. Plaintiff Wu should not be imposed sanctions for something that is out of his control entirely and is trying as fast as possible to complete. Plaintiff is not maliciously delaying the discovery in the matter but has no choice but to delay the discovery period for his inability to get to a place he can do his deposition at.

Plaintiffs counsel though has tried to reason with Defendants in the matter and did propose to the defendants their letter requesting a stay on discovery or an extension of time until September 30. *See* Exhibit 1, Plaintiffs Letter proposed to Defendants. Plaintiffs outlined that plaintiffs' counsel needed more time to do the deposition of plaintiff Wu because plaintiff Wu needed to go through the process of receiving his permit and booking his flight to Hong Kong. Defendants though stated that they did not agree with plaintiffs' positions and with this plaintiff followed up requesting why they did not agree with plaintiff's position. When asked why Defendants provided no response and just filed their Letter Motion without conferring with plaintiffs before. Plaintiffs on the other hand contacted Defendants twice, yesterday and today in regards to their position in the matter and how they would like to proceed. *See* Exhibit 2, Email to Defendants Counsel. Plaintiff's position is that Defendant's failure to consult with plaintiffs before filing their letter motion should result in a dismissal of Defendants Motions for Sanctions and Dismiss

Plaintiffs though, request a stay on discovery from now to until plaintiff Jian Wu can obtain his permit to travel to Hong Kong to do his deposition in the matter or an extension of discovery from June 30, 2021 to September 30, 2021. Plaintiff's counsel has been doing extensive research to see if there is any way that we can have plaintiff Jian Wu go somewhere outside of China to conduct his deposition. What plaintiff counsel has found is that plaintiff Jian Wu can travel to Hong Kong and Macao if he applies for a permit to travel. He would be able to apply for this permit by filing an application form, specifically the "Application Form for Entry and Exit Certificates for Citizens". After plaintiff fills out the application form, plaintiff Jian Wu will need to wait for the approval of the application and if it is approved, plaintiff will receive a certificate. After plaintiff receives his certificate, he will have a permit to travel and will be able to begin to book his trip and travel to Hong Kong. Plaintiff though will need to quarantine for fourteen days, once in Hong Kong and will only be able to stay for 7 days after he is cleared for quarantine.

With all the steps that plaintiff counsel has outlined, plaintiff Jian Wu would need time to apply for the application, wait for it to be approved and see when he can travel to Hong Kong. With this plaintiff and plaintiffs' counsel is unaware how long this will take for plaintiff to get his application approved to obtain his permit. In addition, if there is a problem with the application and plaintiff needs to re-apply for another permit, time needs to be taken out for that. Moreover, due to the pandemic, flights to Hong Kong are probably very hard to book at the moment and plaintiff might have a hard time booking a reservation to travel to Hong Kong.

For the reasons stated above plaintiff Wu should not be dismissed or sanctioned in the matter for his failure to prosecute and additionally, plaintiffs request that there be a stay on discovery until plaintiff receives his permit and is able to book a trip to Hong Kong or request an extension of time from June 30, 2021 to September 30, 2021.

Hon. Debra C. Freeman, U.S.M.J.
June 30, 2021
1:17-cv-04661-PGG-DCF *Wu v. Sushi Nomado of Manhattan, Inc. et al*
Page 4 of 4

   We thank the Court for its time and consideration in this matter and sincerely apologizes for any inconveniences caused to this Court.

         Respectfully submitted,
         TROY LAW, PLLC

          /s/ Aaron Schweitzer
         Aaron Schweitzer, *esq.*

         *Attorney for Plaintiffs*

cc: *via* ECF
  all counsel of record

AS/gd