UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIAN WU, and FEN BIAO CAI, on behalf of themselves and other persons similarly situated,<br><br>                     Plaintiffs,<br><br>-against-<br><br>SUSHI NOMADO OF MANHATTAN, INC. d/b/a NOMADO 33, SUSHI PARA 33 CORPORATION d/b/a NOMADO 33, SUSHI PARA MANHATTAN, CORP. d/b/a SUSHI PARA, d/b/a SUSHI PARA (14th Street), d/b/a SUSHI PARA (Third Avenue), d/b/a SUSHI PARA 88, WEI LOONG CHAN aka WEI LOON CHAN, WENWU CHEN, ZHOU LIN, SHENG R. DONG, and DING FENG ZHANG<br><br>                     Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: __2/28/2022__<br><br>17-cv-4661-MKV-DCF<br>18-cv-1126-MKV-DCF<br><br>ORDER ADOPTING IN PART<br>REPORT & RECOMMENDATION |

MARY KAY VYSKOCIL, United States District Judge:

      The Court assumes familiarity with the background facts and procedural history of this nearly five-year old FLSA case, which are set forth in detail in Magistrate Judge Freeman's Report & Recommendation dated October 29, 2021 [17-cv-4461 ECF No. 141; 18-cv-1126 ECF No. 68].[1] On June 30, 2021, Defendants moved for sanctions, pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure, including the sanction of dismissal with prejudice of the claims of Plaintiff Jian Wu based on his continued failure to make himself available for a deposition, even after the Court directed that the deposition be conducted by a date certain [ECF No. 134]. Plaintiffs' counsel opposed Defendants' motion [ECF No. 135, 138, 139, 140]. Counsel argued that the Court should impose no sanctions and, instead, should indefinitely stay this case, which

---

[1] Hereinafter, for ease of reference, the Court cites to the filings docketed in case number 17-cv-4461 only.

had already been pending for half a decade, until such time as Mr. Wu can confirm his availability to travel out of China to be deposed.

Based on her manifestly well-supported findings that both Mr. Wu and Troy Law failed to take diligent steps to make Mr. Wu available for deposition, demonstrated a lack of diligence in pursuing this case, and failed to comply with court orders, Magistrate Judge Freeman made the following recommendations:

> (1) that Wu be granted a final 45 days to make himself available for a remote deposition, either from within China, where he currently resides, or from another location such as Hong Kong, should he be able to obtain a permit to travel there;
> (2) that if, within those 45 days, Wu chooses to testify remotely from China, then, based on a balancing of principles of international comity, the Court permit that deposition to be used in this action for whatever purposes it deems appropriate and not strike the testimony on the ground that it was given in violation of Chinese law;
> (3) that if Wu fails to make himself available for a remote deposition within 45 days, then discovery be considered closed; that Defendants be permitted, if they wish, to move for summary judgment dismissing Wu's claims; and that Wu be precluded from submitting any affidavit or declaration in substantive opposition to such motion;
> (4) that, if Wu's claims, in whole or in part, survive summary judgment, or if Defendants opt to proceed directly to trial, then Wu be precluded from testifying at trial (either in person or remotely), unless he makes himself available for a pre-trial deposition at least 30 days in advance of any trial date that may be set by the Court; and
> (5) that, under Rule 37(b)(2)(C), Troy Law be required to pay the reasonable attorneys' fees and expenses incurred by Defendants in moving for sanctions, as the firm has engaged in conduct more egregious than Wu himself, and has not met its burden of demonstrated that an award of expenses would be unwarranted.

Plaintiffs' counsel filed partial objections [ECF No. 142]. Specifically, Plaintiffs' counsel objects only to the finding that Troy Law failed to communicate with Mr. Wu for long periods of time. Counsel offers a chart summarizing its communications with Mr. Wu. However, since the chart shows counsel contacting Mr. Wu only four times over the course of more than a year, it further supports Magistrate Judge Freeman's conclusion.

As noted above, with respect to Mr. Wu's claims, Magistrate Judge Freeman recommended discovery sanctions, instead of dismissal. Dismissal for failure to prosecute is a harsh sanction, but this Court finds that it is appropriate based on the pattern of dilatory conduct of both Mr. Wu and his chosen counsel in defiance of repeated orders from Magistrate Judge Freeman directing them to move this case forward [*see* ECF No. 125, 132, 133]. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–35 (1962); *see also Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990). Nevertheless, the Court will afford Mr. Wu a final opportunity to avoid dismissal with prejudice.

Accordingly, IT IS HEREBY ORDERED that Mr. Wu shall make himself available for deposition to be completed by March 28, 2022. IT IS FURTHER ORDERED that plaintiffs' counsel must immediately, within 24 hours of the issuance of this Order, notify Mr. Wu that he risks dismissal of his claims for failure to prosecute. **IT IS FURTHER ORDERED that, if the deposition has not been completed by March 28, 2022, Defendants shall file a letter, and the Court will dismiss Mr. Wu's claims with prejudice.** The Court ADOPTS the recommendation of Magistrate Judge Freeman that Troy Law shall be required to pay the reasonable attorneys' fees and expenses incurred by Defendants in moving for sanctions.

The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 134 in case number 17-cv-4661.

**SO ORDERED.**

**Date:   February 28, 2021**
**         New York, NY**

_Mary Kay Vyskocil_
**MARY KAY VYSKOCIL**
**United States District Judge**