UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JIAN WU, and
FEN BIAO CAI
on behalf of himself and all others similarly situated,

                        Plaintiffs,              **17-CV-04661 (MKV) (VF)**

        -against-                              **ORDER**

SUSHI NOMADO OF MANHATTAN, INC.,
SUSHI PARA 33 CORPORATION,
SUSHI PARA MANAHATTAN CORP.,
WEI LOONG CHAN,
WENWU CHEN,
ZHOU LIN,
SHENG R DONG, and
DING FENG ZHANG,

                        Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      Before the Court is Defendants' motion for attorneys' fees. See ECF No. 152. Defendants request $1505 in attorneys' fees in connection with their successful motion for sanctions. See Declaration of Michael Brand ("Brand Decl.") ¶ 18, ECF No. 153; see also ECF No. 143 at 3. Plaintiffs do not oppose Defendants' motion and proposed sanction award.[1] ECF No. 157. For the reasons set forth below, Defendants' request is **GRANTED**.

---

[1] In their motion papers, Defendants request $1505 in attorneys' fees. See Brand Decl. ¶ 18. Defendants provided contemporaneous time records which indicate that their attorney worked 5.1 hours. See Brand Decl., Ex. A. At the requested hourly rate of $350, Brand would be entitled to attorneys' fees in the amount of $1785. In deciding not to oppose the requested amount of attorneys' fees, Plaintiffs believed that the amount was $1505, as Brand had indicated in his declaration. See ECF No. 157. As such, I will assess the reasonableness of an award of attorneys' fees in the amount of $1505.

**BACKGROUND**

The Court assumes familiarity with the underlying facts of this case, which are set forth in detail in the Report & Recommendation of the Honorable Debra C. Freeman dated October 29, 2021. See ECF No. 141. As is relevant to the instant motion, on June 30, 2021, Defendants moved for sanctions, pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure, based on Plaintiff Jian Wu's continued failure to make himself available for a deposition, even after the Court had imposed a deadline for that deposition. See ECF No. 134. Plaintiffs' counsel opposed the sanctions motion. See ECF Nos. 135, 138-140.

On October 29, 2021, Judge Freeman recommend that the Troy Law Firm, who represents Plaintiffs, be required to pay the reasonable attorneys' fees and expenses incurred by Defendants in moving for sanctions, because the firm had engaged in "egregious conduct." ECF No. 141 at 23. On February 28, 2022, the Honorable Mary Kay Vyskocil adopted Judge Freeman's recommendation that Plaintiffs' counsel be required to pay the reasonable attorneys' fees and expenses incurred by Defendants in moving for sanctions. ECF No. 143 at 3.

On June 3, 2022, this Court ordered Defendants to submit their application for an award of reasonable attorneys' fees and costs. ECF No. 151. The Court directed Defendants to provide "the attorneys' contemporaneous timesheets and fee agreement, evidence sufficient to determine the reasonableness of counsel's rates, and invoices or similar documentation reflecting any out-of-pocket costs." Id.

On July 5, 2022, Defendants submitted the instant motion for attorneys' fees, along with a declaration from defense counsel, Michael Brand. ECF Nos. 152-53. Defendants' motion seeks an award of only attorneys' fees; Defendants do not seek any associated costs. On September 19,

2022, Plaintiffs notified the Court that they do not oppose Defendants' motion for attorneys' fees. ECF No. 157.

## LEGAL STANDARD

The Court "enjoys broad discretion in determining the amount of a fee award." Vincent v. Comm'r of Soc. Sec., 651 F.3d 299, 307 (2d Cir. 2011); D.B. ex rel. S.B. v. New York City Dep't of Educ., No. 18-CV-7898 (AT) (KHP), 2019 WL 6831506, at *1 (S.D.N.Y. Apr. 22, 2019) (internal quotation marks and citation omitted), report and recommendation adopted, 2019 WL 4565128 (S.D.N.Y. Sept. 20, 2019). To calculate an award of attorneys' fees, courts in this Circuit determine the "reasonable hourly rate," defined as "the rate a paying client would be willing to pay," and multiply that rate by the number of hours "reasonably expended" in prosecuting an action. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 114-115, 117-18 (2d Cir. 2007), as amended, 522 F.3d 182 (2d Cir. 2008). To be reasonable, the attorney's rate must be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006) (citation omitted; alteration in original). Additionally, in assessing whether the number of hours billed by the attorney is reasonable, courts consider "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted).

The party seeking fees bears the burden to produce "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." Scott v. City of N.Y., 626 F.3d 130, 133-34 (2d Cir. 2010) (citation omitted); N.Y. Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983) (holding that a plaintiff must

3

present contemporaneous time records that indicate "for each attorney, the date, the hours expended, and the nature of the work done" to be awarded attorneys' fees and costs). When awarding attorneys' fees, the court must also "clearly and concisely state reasons supporting the award." Tackie v. Keff Enters. LLC, No. 14-CV-2074 (JPO), 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014) (citation omitted).

## DISCUSSION

The Court has carefully reviewed Defendants' motion, together with the supporting documentation, and concludes that Defendants' request for attorneys' fees is reasonable, for the reasons explained below.

   A. <u>Defense counsel's hourly rate is reasonable.</u>

One attorney—Michael Brand, a senior associate at the Law Offices of Vincent S. Wong—performed work in connection with Defendants' motion for sanction. See Brand Decl., Ex. A, ECF No. 153. Brand requests an hourly rate of $350. Id. ¶ 28. Brand has been practicing law since 2009 and has over 12 years of experience litigating cases in federal and state court. Id. ¶¶ 22-23. Brand represents that he "work[s] on almost all the federal litigation" at his firm and is "the most senior attorney" at the firm, after the named partner, Vincent Wong. Id. ¶¶ 24-25.

The hourly rate requested by Brand, an experienced senior associate, is reasonable. Courts in this District have approved a similar hourly rate for senior associates in cases brought under the Fair Labor Standards Act ("FLSA"). See, e.g., Rosario v. Fresh Smoothies LLC, No. 20-CV-5831 (LJL), 2021 WL 5847633, at *8 (S.D.N.Y. Dec. 9, 2021), amended on other grounds, No. 20-CV-5831 (LJL), 2022 WL 3030602 (S.D.N.Y. Aug. 1, 2022) (approving hourly rates of $325 and $435 for senior associates in FLSA case); Espinoza v. Broadway Pizza & Rest. Corp., No. 17-CV-7995 (RAK) (HP), 2021 WL 7903991, at *12 (S.D.N.Y. Nov. 18, 2021),

report and recommendation adopted, 2022 WL 977068 (S.D.N.Y. Mar. 31, 2022) (same for $350 hourly rate); see also Carrera v. DT Hosp. Grp., No. 19-CV-04235 (RA) (KHP), 2021 WL 6298656, at *12 (S.D.N.Y. Nov. 1, 2021), report and recommendation adopted, 2021 WL 6298654 (S.D.N.Y. Dec. 7, 2021) (collecting cases). And, Plaintiffs do not object to the requested hourly rate. See Nikonov v. Flirt NY, Inc., No. 19-CV-07128 (SDA), 2022 WL 1443429, at *4 (S.D.N.Y. May 6, 2022) (finding $365 hourly rate for a senior associate in FLSA case reasonable where associate is an experienced litigator and defendants did not object to the rate). Moreover, although Brand requests an hourly rate of $350, his hourly rate given the requested amount of $1505, is actually lower (approximately $295). Accordingly, Brand's requested rate is approved as reasonable.

    B.  <u>Defense counsel expended a reasonable amount of hours on the work performed.</u>

The time sheet submitted by Brand indicates that he spent 5.1 hours of time in connection with Defendants' motion for sanctions. Brand Decl., Ex. A. When assessing whether the hours worked were reasonable, courts consider whether "'at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" Williams v. Metro-N. R.R. Co., No. 17-CV-03847 (JGK) (KHP), 2018 WL 3370678, at *2 (S.D.N.Y. June 28, 2018), report and recommendation adopted, 2018 WL 3368713 (S.D.N.Y. July 10, 2018) (quoting Samms v. Abrams, 198 F. Supp. 3d 311, 322 (S.D.N.Y. 2016)); see also Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992).

   Here, the amount of time Brand expended (5.1 hours) was reasonable. The motion Defendants submitted is a four-page, single-spaced letter, which incorporates case law and attaches supporting e-mail documentation. ECF No. 134. The bulk of Brand's time was spent researching, drafting, and editing that motion. Brand Decl., Ex. A. Additionally, Brand also

corresponded with Plaintiffs' counsel regarding the motion and reviewed Plaintiffs' opposition to the motion. Id. In short, the time Brand spent was not excessive. See Patino v. Brady Parking, Inc., No. 11-CV-03080 (AT) (DF), 2015 WL 2069743, at *4 (S.D.N.Y. Apr. 30, 2015) ("In total, the [firm] claims to have spent 5.9 hours preparing and submitting Plaintiff's motion for sanctions, and, although the memorandum of law that the [f]irm submitted was only a few pages in length . . . spending fewer than six hours to prepare the motion in its entirety was hardly excessive."). Accordingly, for the reasons discussed, Defendants' request for attorneys' fees in the amount of $1505 is reasonable.

## CONCLUSION

For the foregoing reasons, Defendants' motion for attorneys' fees (ECF No. 152) is granted. Counsel for plaintiffs are hereby ordered to pay the sum of $1505 to Defendants. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 152.

**SO ORDERED.**

DATED:   New York, New York
         December 8, 2022

 _____
 VALERIE FIGUEREDO
 United States Magistrate Judge