UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/8/2023
```

JIAN WU, and FEN BIAO CAI, on behalf of themselves and other persons similarly situated,

      Plaintiffs,

-against-

SUSHI NOMADO OF MANHATTAN, INC. d/b/a NOMADO 33, SUSHI PARA 33 CORPORATION d/b/a NOMADO 33, SUSHI PARA MANHATTAN, CORP. d/b/a SUSHI PARA, d/b/a SUSHI PARA (14th Street), d/b/a SUSHI PARA (Third Avenue), d/b/a SUSHI PARA 88, WEI LOONG CHAN aka WEI LOON CHAN, WENWU CHEN, ZHOU LIN, SHENG R. DONG, and DING FENG ZHANG

      Defendants.

17-cv-4661-MKV

ORDER MEMORIALIZING RULINGS AT FINAL PRE-TRIAL CONFERENCE

MARY KAY VYSKOCIL, United States District Judge:

On November 8, 2023, the Court held a final Pretrial Conference in this matter to discuss the parties' revised pretrial material submissions and to rule on a number of motions *in limine*. This Order briefly summarizes the rulings at that conference.

I. **Conference**

At the conference, Plaintiffs advised that they are abandoning their Failure to Keep Records claim (Count V) and their Breach of Implied Contract claim (Count VII) in the Amended Complaint [ECF No. 71]. Additionally, Defendants advised they are not asserting that they are entitled to a tip offset with respect to Plaintiffs' Minimum Wage and Overtime claims.

II. **Motions *in Limine***

Plaintiffs filed three motions *in limine*. Defendants filed no motions *in limine*. In their motions *in limine*, Plaintiffs first asked the Court to have certain admissions in the operative

Answer read into the record at trial as judicial admissions. At the conference, the parties agreed that in light of their revised proposed Joint Pretrial Order [ECF No. 179], in which the parties stipulate to the relevant admissions Plaintiffs sought to have introduced as judicial admissions, this motion *in limine* was moot. The Court clarified on the record, however, that the Court would not read the stipulations of fact to the jury, and that if the parties wished to introduce any stipulations of fact as evidence, that they must do so as part of their case.

Second, Plaintiffs moved to preclude Defendants from calling any witnesses not identified in Defendants' Rule 26 initial disclosures. At the conference, Defendants stated that they intend to call two witnesses—one to rebut each Plaintiffs' claim that he was employed by Defendants—who have been specifically identified in the revised Joint Pretrial Order. Defendants previously purported to reserve the right to call any of their identified 47 employees. Each was identified in connection with the conditional certification of a collective, and contact information was provided in order for Plaintiffs to send notice. However, no employees, other than the two named Plaintiffs, sought to join in this action. Plaintiffs stated they continue to object to the two identified witnesses. The Court considered four factors in evaluating whether to preclude the two witnesses' testimony under Rule 37 for failure to disclose under Rule 26(a): (1) the party's explanation for the failure to comply with the discovery obligation; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance. *Chamberlain v. City of White Plains*, 960 F.3d 100, 117 (2d Cir. 2020).

The Court ruled that the two witnesses identified in the Joint Pretrial Order were not precluded but could be called solely to rebut Plaintiffs claims that they were employees of Defendants. The Court explained that Plaintiffs had sufficient notice of these individuals because Defendants had previously provided their names and contact information as proposed members of

a collective and the names were included in various employment records provided to Plaintiffs in discovery. The Court ordered that at the close of Plaintiffs' case in chief, Defendants shall inform Plaintiffs if they intend to call the two witnesses. Further, between today and the date on which Defendants call these witnesses to the stand, Plaintiffs' counsel has the right to depose the witnesses. The Court further ordered that if the witnesses are unavailable for deposition before their proposed testimony, Defendants will not be permitted to call them to testify.

Finally, Plaintiffs asked the Court to rule that they have standing to pursue their Wage Theft Prevention Act Claims ("WTPA") under NYLL (Counts VI and VII in the Amended Complaint) [ECF No. 71]. At the conference, the Court stated that in the wake of the Supreme Court's decision in *TransUnion LLC v. Ramirez*, Plaintiffs lacked standing to bring wage notice and statement claims under the NYLL since the Amended Complaint is devoid of any allegations of concrete, downstream consequences of the recordkeeping violation. 141 S. Ct. 2190, 2205 (2021). On the record, Plaintiffs stated that the Amended Complaint was filed before the *TransUnion* decision was issued, but conceded that post-*TransUnion*, the allegations in the Amended Complaint do not sufficiently allege any concrete, downstream consequence. The Court noted that Plaintiffs never sought leave to amend the Complaint in the wake of *TransUnion* and ruled that Plaintiffs WTPA claims (Counts VI and VII) were dismissed for lack of standing.

### III.   Further Rulings

IT IS HEREBY ORDERED that by November 9, 2023 at 12:00 PM, Plaintiffs shall file a letter on the docket advising whether they intend to pursue Mr. Wu's claims at trial. If Plaintiffs do not intend to pursue Mr. Wu's claims at trial, the Plaintiffs shall file a stipulation under Federal Rule of Civil Procedure 41, signed by counsel of all appearing Defendants, dismissing all claims asserted for Mr. Wu.

IT IS FURTHER ORDERED that by the above date and time, the parties shall file a letter on the docket advising the Court of any objections to the Court's *voir dire* and introductory charges, a copy of which was circulated to counsel at the Pretrial Conference. In the absence of any objections, the parties shall file an affirmative statement that there are no objections.

IT IS FURTHER ORDERED that by the above date and time, the parties shall file a joint stipulation, that: (a) specifies the claims alleged in the Amended Complaint [ECF No. 71] and the defenses raised by Defendant that are abandoned and will not be submitted to the jury; (b) whether Defendants are "small" or "large" employers under the NYLL for purposes of Plaintiffs' minimum wage claims; and (c) the names of any corporate representatives of Defendants who intend sit at counsel table during the trial.

IT IS FURTHER ORDERED that the parties shall submit a joint revised list of exhibits in accordance with the discussions and rulings at the conference and the Court's Individual Rules of Practice in Civil Cases 7(A). Copies of all exhibits should be provided to the Court, and the parties shall prepare a second set of all exhibits for the witnesses.

**FAILURE TO COMPLY WITH THE DEADLINES AND RULINGS SET FORTH HEREIN AND ANY OTHER ORDERS IN THIS CASE, THE LOCAL RULES, OR THE COURT'S INDIVIDUAL RULES OF PRACTICE MAY RESULT IN SANCTIONS, INCLUDING MONETARY SANCTIONS, PRECLUSION AT TRIAL OF INFORMATION NOT PROVIDED OR PRECLUSION AND/OR DISMISSAL OF CLAIMS OR DEFENSES.**

The Court of Clerk is respectfully requested to terminate docket entry numbers 168 and 175.

**SO ORDERED.**

**Date: November 8, 2023**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**