UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/9/2023
```

JIAN WU, and FEN BIAO CAI, on behalf of themselves and other persons similarly situated,

                Plaintiffs,

-against-

SUSHI NOMADO OF MANHATTAN, INC. d/b/a NOMADO 33, SUSHI PARA 33 CORPORATION d/b/a NOMADO 33, SUSHI PARA MANHATTAN, CORP. d/b/a SUSHI PARA, d/b/a SUSHI PARA (14th Street), d/b/a SUSHI PARA (Third Avenue), d/b/a SUSHI PARA 88, WEI LOONG CHAN aka WEI LOON CHAN, WENWU CHEN, ZHOU LIN, SHENG R. DONG, and DING FENG ZHANG

                Defendants.

17-cv-4661-MKV

ORDER GRANTING
PLAINTIFFS' MOTION
TO DISMISS ALL CLAIMS
OF PLAINTIFF WU
WITHOUT PREJUDICE

MARY KAY VYSKOCIL, United States District Judge:

      On November 8, 2023, the Court held a Final Pretrial Conference in this action. At the conference, the Court expressly asked whether Plaintiffs had any evidence with respect to Mr. Wu's claims. Counsel stated they did not. The Court then asked if Mr. Wu intended to dismiss his claims, but counsel was unable to provide an answer at that time. The Court informed counsel that Plaintiffs had until noon on November 9, 2023, **the last business day before trial**, to inform the Court how they intended to proceed with respect to Mr. Wu's claims.

      The Court subsequently issued an Order memorializing its rulings at the Final Pretrial Conference. [ECF No. 184]. In that Order, the Court again directed that "by November 9, 2023 at 12:00 PM . . . If Plaintiffs do not intend to pursue Mr. Wu's claims at trial, the Plaintiffs shall file a **stipulation** under Federal Rule of Civil Procedure 41, signed by counsel of all appearing Defendants, dismissing all claims asserted for Mr. Wu." [ECF No. 184].

On November 9, 2023, Plaintiffs filed a motion to dismiss voluntarily all claims of Plaintiff Wu without prejudice under Rule 41(a)(2). [ECF No. 186]. In the motion, Plaintiffs' counsel stated that "Plaintiff Wu is unable to lawfully enter the United States to give testimony, and the Court has denied Plaintiff Wu leave to testify remotely by video under Rule 43 despite his willingness and ability to testify remotely from Hong Kong, or by submission of deposition testimony under Rule 32." Plaintiffs are correct that at the October 12 Pretrial Conference, "*Plaintiffs never having moved for leave for Plaintiff Wu to testify at trial remotely*," [ECF No. 174] the Court sustained Defendants' objection to Mr. Wu testifying at trial via video. In ruling, the Court emphasized that Plaintiffs disclosed for the first time in their first proposed Joint Pretrial Order [ECF No. 165], with objection from Defendants, that Mr. Wu planned to testify at trial via video. The Court therefore ruled that Mr. Wu, never having moved for leave for him to testify at trial remotely, was required to testify live and in person. [ECF No. 174].

Contrary to the assertion in Plaintiffs' letter motion to dismiss, Plaintiffs never moved, much less expressed a desire, to have Mr. Wu testify at trial via deposition. Therefore, contrary to what is stated in Plaintiffs' letter motion [ECF No. 186], the Court has never ruled on whether testimony of Mr. Wu could have been presented at trial "by submission of deposition testimony under Rule 32."

In light of Plaintiff Wu's stated intent to abandon his claim, Plaintiffs' motion for dismissal of Plaintiff Wu's claims *without* prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure is hereby GRANTED.

The Court notes that pursuant to Rule 41(a)(1)(A)(ii), the claims against Mr. Wu could be dismissed, without Court order, by a stipulation of dismissal signed by all parties who have appeared. In their letter motion to dismiss Plaintiffs state that counsel for Defendant Wenwu Chen has refused to stipulate to dismissal of Plaintiff Wu's claims under Rule 41(a)(1)(A)(ii) unless it

2

be without consideration and *with* prejudice. [ECF No. 186]. Rule 41(a)(1)(B) makes clear that voluntary dismissal, unless otherwise stated, is without prejudice. The Court admonishes counsel for Defendant Chen for failure to timely engage in defense of this case, for making motions on the eve of trial—long after deadlines have passed—to amend the pleadings, for filing untimely motions *in limine*, delaying trial, and now making and unreasonable and unwarranted objection to voluntary dismissal without prejudice.

Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. The Court finds that Plaintiffs' request for dismissal of Mr. Wu's claims is reasonable and proper. Mr. Wu is unable to lawfully enter the United States to give testimony [ECF No. 186], and therefore, is unable to appear to prosecute his claims at trial. Dismissal *without* prejudice is the default under Rule 41(a)(2). *See* Fed. R. Civ. P. 41(a)(2) ("Unless the [dismissal] order states otherwise, a dismissal under this paragraph (2) is without prejudice."); *see also Am. Fed. Of State, Cnty. & Mun. Employees Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.*, No. 12-cv-02337, 2013 U.S. Dist. LEXIS 93026, 2013 WL 3328219, at *2 (S.D.N.Y. 2013) (holding that Rule 41(a)(2) "creates a presumption in favor of dismissal without prejudice.").

While a district court may convert a dismissal sought to be entered without prejudice under Rule 41(a)(2) to one with prejudice, "if [it] elects to do so, it must afford the plaintiff an opportunity to withdraw the voluntary dismissal motion before the dismissal order takes effect." *See Pfizer, Inc.*, 2013 WL 3328219, at *2. Given that Plaintiffs' request to voluntarily dismiss Mr. Wu is reasonable and proper, and given the impending imminency of trial, the Court declines to convert Plaintiffs' motion to dismiss Mr. Wu as Plaintiff without prejudice to one with prejudice. For the

foregoing reasons, Plaintiffs' motion for dismissal of Plaintiff Wu *without* prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure is hereby GRANTED.

The Clerk of Court is respectfully requested to terminate docket entry number 186.

**Date: November 9, 2023**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**