UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/15/2024
```

| | |
|---|---|
| JIAN WU, and FEN BIAO CAI, on behalf of themselves and other persons similarly situated,<br><br>                    Plaintiffs,<br><br>-against-<br><br>SUSHI NOMADO OF MANHATTAN, INC. d/b/a NOMADO 33, SUSHI PARA 33 CORPORATION d/b/a NOMADO 33, SUSHI PARA MANHATTAN, CORP. d/b/a SUSHI PARA, d/b/a SUSHI PARA (14th Street), d/b/a SUSHI PARA (Third Avenue), d/b/a SUSHI PARA 88, WEI LOONG CHAN aka WEI LOON CHAN, WENWU CHEN, ZHOU LIN, SHENG R. DONG, and DING FENG ZHANG<br><br>                    Defendants. | 17-cv-4661-MKV<br><br>ORDER MEMORIALIZING THE DISMISSAL OF ALL CLAIMS AGAINST DEFENDANTS WENWU CHEN AND SHENG R. DONG PURSUANT TO RULE 50(a) |

**MARY KAY VYSKOCIL**, United States District Judge:

Plaintiff Fen Biao Cai brought this action against various purported former employers asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), alleging, *inter alia*, that he was denied minimum wages and overtime pay.[1]  On January 30, 2024, the case proceeded to a trial before a jury solely on the clams brought by Plaintiff Cai.[2]

---

[1] Plaintiff Jian Wu, also named in the caption, filed a separate action in 2017 (Case No. 17-CV-4661), alleging similar minimum wage and overtime claims against Sushi Nomado of Manhattan, Inc., Sushi Para 33 Corporation, Sushi Para Manhattan Corp., Wei Loong Chan, Wenwu Chen, Zhou Lin, Sheng R. Dong, and Ding Feng Zhang.  In 2018, Plaintiff Cai filed this action (Case No. 18-CV-1126) against several of the same Defendants named in Plaintiff Wu's action, specifically, Sushi Para 33 Corporation, Sushi Para Manhattan Corp., Zhou Lin, Sheng R. Dong, and Ding Feng Zhang. Plaintiff Cai's original complaint, *see* Case No. 18-CV-1126 at ECF No. 2, did *not* name Wenwu Chen as a Defendant. Shortly thereafter, Defendants in Plaintiff Cai's case moved to consolidate Cai's action with Wu's action, which Judge Gardephe, to whom the cases were then assigned, granted.  [ECF No. 46].  Magistrate Judge Freeman thereafter granted the Plaintiffs' motion for leave to file a consolidated Amended Complaint, naming both Plaintiffs Wu and Cai in a single pleading.  [ECF No. 67].  That Amended Complaint remains the operative pleading in the consolidated action.  [ECF No. 71].

[2] In 2017, the same month that Plaintiff Wu filed his original complaint, he traveled to China, where he has apparently remained ever since.  [*See* ECF Nos. 143, 165, 186].  Plaintiff Wu ultimately dismissed his claims pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  [ECF No. 189].

At the close of Plaintiff's case,[3] Defendants moved for judgment as a matter of law pursuant to Rule 50(a). For the reasons stated on the record, the Court denied the motions by Defendants Zhou Lin and Ding Feng Zhang, reserved judgment on the motions by Defendants Sushi Para Manhattan Corp. and Sushi Para 33 Corporation, and granted the motions by Defendants Wenwu Chen and Sheng R. Dong, for judgment as a matter of law. This Order serves to memorialize the Court's decision to GRANT the mid-trial Rule 50(a) motions made by Defendants Wenwu Chen and Sheng R. Dong.

## DISCUSSION

Two legal principles guided the Court's decision to grant the Rule 50(a) motions made by Defendants Wenwu Chen and Sheng R. Dong. First, the Court applied the standard Rule 50(a) imposes for granting such a motion. Second, the Court analyzed the proof with respect to the elements of a *prima facie* claim for each cause of action asserted by Plaintiff against these Defendants. The Court discusses each in turn.

### I.  RULE 50(a)

Rule 50(a) provides that a party can move "for judgment as a matter of law . . . at any time before the case is submitted to the jury" on the ground "that a reasonable jury would not have a legally sufficient evidentiary basis to find for the" non-moving party. Fed. R. Civ. P. 50(a). "Judgment as a matter of law is appropriate only if the court can conclude that, with credibility assessments made against the moving party and all inferences drawn against the moving party, a reasonable juror would be compelled to accept the view of the moving party." *Csikos v. 230 Park S. Apartments, Inc.*, No. 22-2882-CV, 2024 WL 276720, at *2 (2d Cir. Jan. 25, 2024) (emphasis

---

[3] The jury trial tried Plaintiff Cai's claims against Corporate Defendants Sushi Para 33 Corporation and Sushi Para Manhattan Corp., and Individual Defendants Wenwu Chen, Zhou Lin, Sheng R. Dong, and Ding Feng Zhang *only*. Defendants Sushi Nomado of Manhattan, Inc. and Wei Loong Chan have failed to appear in this action, in any capacity, since its commencement in 2017. Briefing is ongoing with respect to Plaintiff Cai's motions for default judgments against these two non-appearing Defendants. [ECF No. 198].

added) (cleaned up).

"In deciding such a motion, the court must give deference to all credibility determinations and reasonable inferences of the jury, and it may not itself weigh the credibility of witnesses or consider the weight of the evidence." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 289 (2d Cir. 1998) (cleaned up).  Thus, judgment as a matter of law may be granted only if "(1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against it." *Id*.

## II.   ESTABLISHING A *PRIMA FACIE* CASE FOR FLSA AND NYLL CLAIMS

### A.  Elements of FLSA and NYLL Claims

In order for a defendant to be liable under the FLSA or NYLL for any cause of action, that defendant must have been the plaintiff's "employer."[4]  The FLSA defines the term "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  "When it comes to 'employer' status under the FLSA, control is key."  *Lopez v. Acme Am. Envtl. Co.*, No. 12-CV-511 (WHP), 2012 WL 6062501, at *3 (S.D.N.Y. Dec. 6, 2012).  The Second Circuit has outlined different sets of factors, grounded in "economic reality," for determining whether there is an employer-employee relationship between an individual defendant and an FLSA plaintiff.  *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008).

---

[4] "Courts have interpreted the definition of 'employer' under the [NYLL] coextensively with the definition used by the FLSA." *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 308 n. 21 (S.D.N.Y.2011); *see also Benzinger v. Lukoil Pan Americas, LLC*, 447 F. Supp. 3d 99, 132 n.19 (S.D.N.Y. 2020) (collecting cases); *Fernandez v. Kinray, Inc.*, 406 F. Supp. 3d 256, 261 n.3 (E.D.N.Y. 2018) (collecting sources).  While "the New York Court of Appeals has not yet resolved whether the NYLL's standard for employer status is coextensive with the FLSA's . . . there is no case law to the contrary." *Wang v. LW Rest., Inc.*, 81 F. Supp. 3d 241, 258 (E.D.N.Y. 2015) (quoting *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 940 (S.D.N.Y. 2013)).

In *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984), the Second Circuit adopted a four-factor test for determining whether an alleged joint employer exercised "*formal* control" over an employee. These factors are: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Satisfaction of the formal control factors can be sufficient to establish employment status, but it is not necessary. *Barfield*, 537 F.3d at 143.

Even if an employer did not exercise *formal* control, it may nevertheless have exercised sufficient *functional* control over a worker to satisfy the FLSA definition of employer. *Barfield*, 537 F.3d at 143. In *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72 (2d Cir. 2003), the Second Circuit articulated a set of factors relevant to determining whether an alleged employer exercised "*functional* control" over an employee even if it lacked formal control. Those factors include: "(1) whether the [alleged employer's] premises and equipment were used for the plaintiffs' work; (2) whether the [alleged employer] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [the alleged employer's] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the [alleged employer] or [its] agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for the [alleged employer]."

Overall, the formal and functional control tests "state no rigid rule for the identification of an employer." *Barfield*, 537 F.3d at 141. Rather, "they provide 'a nonexclusive and overlapping set of factors' to ensure that the economic realities test mandated by the Supreme Court [in *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)] is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." *Id*. Employment ultimately

4

is to "be determined on a case-by-case basis by review of the totality of the circumstances." *Irizarry v. Catsimatidi*s, 722 F.3d 99, 104 (2d Cir. 2013).

### B.  Absence of Proof Regarding Moving Defendants

With respect to Defendant Wenwu Chen, the *only* evidence Plaintiff offered at trial was a single stipulation, read into the record, that "Wenwu Chen was one of the owners of Sushi Para 33 Corporation."  [*See* ECF No. 179 at 5].  Other than this single stipulation, Plaintiff offered no exhibits or testimony which referenced Defendant Chen—directly or indirectly—in any regard. Similarly, with respect to Defendant Sheng R. Dong, the *only* evidence Plaintiff offered was a single stipulation, read into the record, that "Sheng R. Dong was an officer of Sushi Para Manhattan Corp and the New York Division Alcoholic Beverage Control Principle for Sushi Para Manhattan Corp."  [*See* ECF No. 179 at 5].  Aside from than this stipulation, Plaintiff offered no exhibits or testimony which referenced Defendant Dong—directly or indirectly.

Second Circuit case law is clear that "[e]vidence that an individual is ***an owner or officer*** of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status."  *Irizarry*, 722 F.3d at 109.  Instead, to be an "employer," an individual defendant must possess control over a company's actual "operations" in a manner that *relates to a plaintiff's employment*."  *Id*. (emphasis added).  The Second Circuit has held that "[i]t is appropriate, to require some degree of individual involvement in a company *in a manner that affects employment-related factors* such as workplace conditions and operations, personnel, or compensation—even if this appears to establish a higher threshold for individual liability than for corporate 'employer' status."  *Id*. (emphasis added).

The sole evidence that Plaintiff offered at trial with respect to Defendant Chen was his title as an "*owner*" of a Corporate Defendant.  Likewise, the sole evidence submitted with respect to Dong was that he was an "*officer*" and "Alcoholic Beverage Control Principle" of a Corporate

Defendant.  These titles alone are "insufficient to demonstrate 'employer' status" and impute liability.  *Irizarry*, 722 F.3d at 109.  Plaintiff simply failed to submit any evidence at trial with respect to his amended claims that could support a finding that Defendants Chen or Dong were "individual[ly] involve[d] in [the Corporate Defendants] in a manner that affect[ed] employment-related factors such as workplace conditions and operations, personnel, or compensation." *Id*.

Applying the Rule 50(a) standard, the Court determined that a "reasonable jury would not have a legally sufficient evidentiary basis to find" that Plaintiff Cai had met his burden of proving that Defendants Chen and Dong were his employers under the FLSA or the NYLL.  Fed. R. Civ. P. 50(a).  Put differently, other than the threadbare titles provided in the stipulations, "there [was simply] such a complete absence of evidence" that if the jury had found Defendants Chen and Dong liable, that "finding[] could only have been the result of sheer surmise and conjecture." *Galdieri-Ambrosini*, 136 F.3d at 289.

## CONCLUSION

For the reasons stated on the trial record and as explained further herein, the Court GRANTED the mid-trial Rule 50(a) motions made by Defendants Wenwu Chen and Sheng R. Dong at the close of Plaintiff's case.  Accordingly, all claims against those Defendants are hereby DISMISSED WITH PREJUDICE.  The Clerk of Court is respectfully requested to enter judgment in favor of Defendants Wenwu Chen and Sheng R. Dong.

**SO ORDERED.**

**Date:  February 15, 2024**
**       New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**