# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355

February 15, 2024

*Via* **ECF**
Hon. Mary Kay Vyskocil, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      **Re:**    **Plaintiff's Fen Biao Cai's Damages**
              *Wu v. Sushi Nomado of Manhattan Inc.*, No. 17-cv-04661 (MKV) (S.D.N.Y.)

Your Honor,

      We represent the Plaintiff, Fen Biao Cai ("Plaintiff"), in the above-referenced matter. We write respectfully to set forth Plaintiffs' damages. Attached is a computation of Plaintiffs' damages (*c.f.* Dkt. No. 199-6) and a proposed judgment (incorporating the below damages and the damages sought in Plaintiffs' motion for default judgement against Sushi Nomado of Manhattan, Inc. and Wei Loong Chan, *see* Dkt. Nos. 198–201, and space for attorneys' fees sought by Plaintiffs) and below is an explanation of the computation. *C.f.* Dkt. No. 199.

**Inputs into and Calculations of Minimum, Overtime, and Spread of Time Wages Owed, and Liquidated Damages**

      Plaintiff was employed by for Sushi Para 33 Corporation, Sushi Para Manhattan, Corp., and Ding Feng Zhang from October 2013 through October 2017; and additionally by Zhou Lin from January through March 2015. *See* Dkt. No. 195 ("Verdict") ¶ 2. Plaintiff was not paid overtime throughout his employment. *See* Verdict ¶ 8; *see also* Verdict ¶ 5 (Plaintiff paid less than $10.88 per hour (*i.e.*, 1.5 times the federal minimum wage of $7.25 per hour) for each hour for which he was paid, through the end of December 2016).

      The period from October 1, 2013 through October 31, 2017 is broken up into the following periods based on changes in the law or in Plaintiff's conditions of employment:

- From October 1, 2013 through December 30, 2013 because the initial conditions prevailing on October 1, 2013 prevailed throughout this period;
- December 31, 2013 because the applicable New York minimum wage changed from $7.25 per hour to $8.00 per hour on December 31, 2013 (*see* 12 N.Y.C.R.R. § 146-1.2);
- From January 1, 2014 through December 30, 2014 because Plaintiff's weekly salary and regular hourly wage changed from $638.16 and $7.25 to $704.00 and $8.00 respectively on January 1, 2014 (*see* Dkt. No. 195 ¶¶ 4, 5);
- December 31, 2014 because the applicable New York minimum wage changed from $8.00 per hour to $8.75 per hour on December 31, 2014 (*see* 12 N.Y.C.R.R. § 146-1.2);
- From January 1, 2015 through March 31, 2015 because Plaintiff's weekly salary and regular hourly wage changed from $704.00 and $8.00 to $770.16 and $8.75 respectively

Hon. Mary Kay Vyskocil, U.S.D.J.
*Wu v. Sushi Nomado of Manhattan Inc.*, No. 17-cv-04661 (MKV) (S.D.N.Y.)

- on January 1, 2015 (*see* Dkt. No. 195 ¶¶ 4, 5), and also because Zhou Lin began employing Plaintiff jointly with the remaining Defendants on January 1, 2015 (*see* Dkt. No. 195 ¶ 2);
- From April 1, 2015 through December 13, 2015 because Zhou Lin's joint employment of Plaintiff ended on March 31, 2015 (*see* Dkt. No. 195 ¶ 2);
- From December 14, 2015 through December 30, 2015 because Plaintiff filed his consent to become party plaintiff on December 14, 2018 and as such cannot accrue damages under the FLSA from before December 14, 2015 (*see* Dkt. No. 37);[1]
- December 31, 2015 because the applicable New York minimum wage changed from $8.75 per hour to $9.00 per hour on December 31, 2015 (*see* 12 N.Y.C.R.R. § 146-1.2);
- From January 1, 2016 through December 30, 2016 because Plaintiff's weekly salary and regular hourly wage changed from $770.16 and $8.75 to $792.00 and $9.00 respectively on January 1, 2015 (*see* Dkt. No. 195 ¶¶ 4, 5);
- December 31, 2016 because the applicable New York minimum wage changed from $9.00 per hour to $11.00 per hour on December 31, 2016 (*see* 12 N.Y.C.R.R. § 146-1.2); and
- From January 1, 2017 through October 31, 2017 because Plaintiff's weekly salary and regular hourly wage changed from $720.00 and $9.00 to $968.00 and $11.00 respectively on January 1, 2015 (*see* Dkt. No. 195 ¶¶ 4, 5).

The "Weeks / Period" are calculated by dividing the number of days from the "Period Start" through the "Period End" (inclusive) by 7 days per week.[2]

For each Period, the "Employer(s)" listed are the employers found by the jury (*see* Dkt. No. 195 ¶ 2), plus defaulting Defendants Sushi Nomado of Manhattan, Inc. and Wei Loong Chan. Zhou Lin is jointly and severally liable only for those damages accrued during the period January 1, 2015 through March 31, 2015 for which he was Plaintiff's employer; all other Defendants, including defaulting Defendants, are jointly and severally liable for all damages accrued throughout Plaintiff's employment.

The "Hours / Week," "Days / Week Spread of Hours > 10 Hours," "Weekly Salary," and "Regular Hourly Wage" are those found by the jury. *See* Dkt. No. 195 ¶¶ 3, 4, 5, 10.

The "Minimum Hourly Wage" is that provided by the Hospitality Industry Wage Order (the "Wage Order") implementing the NYLL. *See* 12 N.Y.C.R.R. § 146-1.2.

The "Minimum Wage Shortfall / Week" is calculated by subtracting the Regular Hourly Wage from the Minimum Hourly Wage, and multiplying the result obtained by 40 hours per week. This is because the jury found that Plaintiff was paid weekly salaries. *See* Dkt. No. 195 ¶ 4. The Wage Order provides that "[i]f an employer fails to pay an employee an hourly rate of pay, the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly

---

[1] But as Plaintiff cannot recover twice under both the FLSA and NYLL, only damages under the latter statute are calculated.

[2] For purposes of displaying a conveniently small number of digits, the attached damage computations stop displaying significant figures at the hundredths place—*i.e.*, two decimal places to the right of the decimal point. However, unless otherwise stated, the underlying calculation does not round. For example, Plaintiff's employment from January 1, 2015 through March 31, 2015 is 90 / 7 (*i.e.*, 12.$\overline{857142}$) weeks, which is the input used in further calculations, not 12.86 weeks.

earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the workweek." 12 N.Y.C.R.R. § 146-3.5. "[T]he assumption embedded in such a calculation is that, unless evidence suggests otherwise, none of the paid wages are to be credited to overtime. Or put differently, for [P]laintiff under NYLL, the $[638.16, $704.00, $770.16, $792.00, or $968.00] he was paid was for the first 40 hours he worked; for the additional [32] overtime hours he worked, he received nothing." *Lopez v. Royal Thai Plus, LLC*, No. 16-cv-04028 (NGG) (SJB), 2018 U.S. Dist. LEXIS 20271, at *19 (E.D.N.Y. Feb. 6, 2018); *see also Pichardo v. El Mismo Rincon Latino Corp.*, No. 17-cv-07439 (FB) (SJB), 2018 U.S. Dist. LEXIS 134792, at *17 (E.D.N.Y. Aug. 7, 2018) (same); *Yunganaula v. Garcia*, No. 19-cv-06247 (EK) (SJB), 2021 U.S. Dist. LEXIS 151498, at *24–25 (E.D.N.Y. Aug. 11, 2021) (same); *see also Pichardo*, at *22 ("[H]ospitality industry regulations [] credit[] an employee's weekly salary—no matter how large—to the first 40 hours of work."). "The hospitality industry regulations that became effective on January 1, 2011 now require that virtually all hospitality industry employees be paid on an hourly basis, and specifically prohibit employers from paying weekly salaries." *Quiroz v. Luigi's Dolceria, Inc.*, No. 14-cv-00871, 2016 U.S. Dist. LEXIS 64662, at *13–14 n.5 (E.D.N.Y. May 17, 2016) (citing 12 N.Y.C.R.R. § 146-2.5).

The "Minimum Wage Shortfall / Period" is the Minimum Wage Shortfall / Week multiplied by the Weeks / Period.

To find the "Overtime Shortfall / Week," first subtract 40 from the Hours / Week to find the overtime hours / week. Multiply the result obtained by the greater of the Regular Hourly Wage or the Minimum Hourly Wage. Multiply the result obtained by 1.5. This is because the jury found that Plaintiff was paid weekly salaries. *See* Dkt. No. 195 ¶ 4. The Wage Order provides that "[i]f an employer fails to pay an employee an hourly rate of pay, the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the workweek." 12 N.Y.C.R.R. § 146-3.5. "[T]he assumption embedded in such a calculation is that, unless evidence suggests otherwise, none of the paid wages are to be credited to overtime. Or put differently, for [P]laintiff under NYLL, the $[638.16, $704.00, $770.16, $792.00, or $968.00] he was paid was for the first 40 hours he worked; for the additional [32] overtime hours he worked, he received nothing." *Lopez*, 2018 U.S. Dist. LEXIS 20271, at *19; *see also Pichardo*, 2018 U.S. Dist. LEXIS 134792, at *17 (same); *Yunganaula*, 2021 U.S. Dist. LEXIS 151498, at *24–25 (same); *see also Pichardo*, at *22 ("[H]ospitality industry regulations [] credit[] an employee's weekly salary—no matter how large—to the first 40 hours of work."). "The hospitality industry regulations that became effective on January 1, 2011 now require that virtually all hospitality industry employees be paid on an hourly basis, and specifically prohibit employers from paying weekly salaries." *Quiroz*, 2016 U.S. Dist. LEXIS 64662, at *13–14 n.5 (citing 12 N.Y.C.R.R. § 146-2.5).

The "Overtime Shortfall / Period" is the Overtime Shortfall / Week multiplied by the Weeks / Period.

The "Spread of Hours Shortfall / Week" is the Minimum Hourly Wage multiplied by the Days / Week Spread of Hours > 10 Hours. This is because the jury found that Plaintiff was paid weekly salaries. *See* Dkt. No. 195 ¶ 4. The Wage Order provides that "[i]f an employer fails to pay an employee an hourly rate of pay, the employee's regular hourly rate of pay shall be calculated

Hon. Mary Kay Vyskocil, U.S.D.J.
*Wu v. Sushi Nomado of Manhattan Inc.*, No. 17-cv-04661 (MKV) (S.D.N.Y.)

by dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the workweek." 12 N.Y.C.R.R. § 146-3.5. "[T]he assumption embedded in such a calculation is that, unless evidence suggests otherwise, none of the paid wages are to be credited to overtime. Or put differently, for [P]laintiff under NYLL, the $[638.16, $704.00, $770.16, $792.00, or $968.00] he was paid was for the first 40 hours he worked; for the additional [32] overtime hours he worked, he received nothing." *Lopez*, 2018 U.S. Dist. LEXIS 20271, at *19; *see also Pichardo*, 2018 U.S. Dist. LEXIS 134792, at *17 (same); *Yunganaula*, 2021 U.S. Dist. LEXIS 151498, at *24–25 (same); *see also Pichardo*, at *22 ("[H]ospitality industry regulations [] credit[] an employee's weekly salary—no matter how large—to the first 40 hours of work."). "The hospitality industry regulations that became effective on January 1, 2011 now require that virtually all hospitality industry employees be paid on an hourly basis, and specifically prohibit employers from paying weekly salaries." *Quiroz*, 2016 U.S. Dist. LEXIS 64662, at *13–14 n.5 (citing 12 N.Y.C.R.R. § 146-2.5).

The "Spread of Hours Shortfall / Period" is the Spread of Hours Shortfall / Week multiplied by the Weeks / Period.

The "Total Shortfall / Period" is the sum of the Minimum Wage Shortfall / Period, the Overtime Shortfall / Period, and the Spread of Hours Shortfall / Period.

The "Liquidated Damages / Period" are equal to the Total Shortfall / Period. *See* N.Y. Lab. L. §§ 198(1-a), 663(1); *see also* Dkt. No. 195 ¶¶ 7, 9, 12 (finding that no appearing employer proved it acted in good faith; defaulting Defendants, having defaulted, cannot meet that burden).

According to the above calculations, Sushi Para 33 Corp., Sushi Para Manhattan Corp., Ding Feng Zhang, Sushi Nomado of Manhattan, Inc., and Wei Loong Chan are jointly and liable for: $21.43 in Minimum Wage Shortfall; $92,040.00 in Overtime Shortfall; $11,505.00 in Spread of Hours Shortfall (amounting in total to $103,566.43 in Total Shortfall); and $103,566.43 in Liquidated Damages.

According to the above calculations, Zhou Lin is jointly and liable for: $0.00 in Minimum Wage Shortfall; $5,400.00 in Overtime Shortfall; $675.00 in Spread of Hours Shortfall (amounting in total to $6,075.00 in Total Shortfall); and $6,075.00 in Liquidated Damages.

**Inputs into and Calculations of Prejudgment Interest**

While an employee may not recover both liquidated damages and prejudgment interest under the FLSA, he is entitled to recover both liquidated damages and prejudgment interest under the NYLL. *See Sun v. China 1221, Inc.*, No. 12-cv-07135 (RJS), 2016 WL 1587242, 2016 U.S. Dist. LEXIS 52292, at *14–15 (S.D.N.Y. Apr. 19, 2016). To calculate Prejudgment Interest, Plaintiff's employment is divided into two, with the second period of employment starting on the midpoint day. *See Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 515 (S.D.N.Y. 2017). The midpoint day applicable to Sushi Para 33 Corp., Sushi Para Manhattan Corp., Ding Feng Zhang, Sushi Nomado of Manhattan, Inc., and Wei Loong Chan is the midpoint of October 1, 2013 and October 31, 2017—which is October 17, 2015. The midpoint day applicable Zhou Lin is the midpoint of January 1, 2015 and March 31, 2015—which is February 15, 2015. Additionally,

Hon. Mary Kay Vyskocil, U.S.D.J.
*Wu v. Sushi Nomado of Manhattan Inc.*, No. 17-cv-04661 (MKV) (S.D.N.Y.)

prejudgment interest is calculated from November 1, 2017 through the present day, as no judgment has been entered.

  For each period, the "Weeks / Period" are calculated by dividing the number of days from the Period Start through the Period End (inclusive) by 7 days per week.

  For each period, the "Years / Period" are calculated by dividing the Weeks / Period by 52 weeks per year.

  For each period beginning with the period beginning October 17, 2015, the "Prejudgment Interest" for which Sushi Para 33 Corp., Sushi Para Manhattan Corp., Ding Feng Zhang, Sushi Nomado of Manhattan, Inc., and Wei Loong Chan are liable, jointly and severally, is calculated by multiplying the Total Shortfall for which they are responsible (*i.e.*, $103,566.43) by the Years / Period and multiplying further by 9%. *See* N.Y. Lab. L. § 663(1); C.P.L.R. § 5004. As of this writing, the Prejudgment Interest for which these Defendants are liable, jointly and severally, is $77,947.96.

  For each period beginning with the period beginning February 15, 2015, the "Prejudgment Interest" for which Zhou Lin is liable, jointly and severally, is calculated by multiplying the Total Shortfall for which he is responsible (*i.e.*, $6,075.00) by the Years / Period and multiplying further by 9%. *See* N.Y. Lab. L. § 663(1); C.P.L.R. § 5004. As of this writing, the Prejudgment Interest for which he is liable, jointly and severally, is $4,938.77.

  We thank the Court for its continued attention and consideration of this matter.

            Respectfully submitted,
            TROY LAW, PLLC

             */s/ Aaron B. Schweitzer*
            Aaron B. Schweitzer
            *Attorney for Plaintiff*

cc: *via* ECF
  all counsel of record