**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x

JIAN WU and
FEN BIAO CAI,
*on behalf of themselves and other persons similarly situated,*

            Plaintiffs,   Case No. 17-cv-04661 (MKV)

        v.

SUSHI NOMADO OF MANHATTAN, INC.
  d/b/a Nomado 33,
SUSHI PARA 33 CORPORATION
  d/b/a Nomado 33,
SUSHI PARA MANHATTAN, CORP.
  d/b/a Sushi Para
  d/b/a Sushi Para (14th Street)
  d/b/a Sushi Para (Third Avenue)
  d/b/a Sushi Para 88,
WEI LOONG CHAN
  a/k/a Wei Loon Chan,
WENWU CHEN,
ZHOU LIN,
SHENG R. DONG, and
DING FENG ZHANG
  a/k/a Andy Zhang,

            Defendants.

------------------------------------------------------------------ x


**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR**
<u>**ATTORNEYS' FEES AND COSTS**</u>


              Troy Law, PLLC
              John Troy
              Aaron B. Schweitzer
              41-25 Kissena Boulevard
              Suite 110
              Flushing, NY 11355
              Tel: (718) 762-1324
              Fax: (718) 762-1342
              troylaw@troypllc.com
              *Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................... ii

**ARGUMENT** ................................................................................................................................ 1

    I.    **Plaintiff's Application for Attorneys' Fees is Based Upon Reasonable Hours Worked and Reasonable Hourly Rates**................................................................................ 1

        a.    **The Hours Spent on this Matter Are Reasonable** ....................................................... 2

        b.    **The Hourly Rates Sought are Reasonable** ................................................................. 4

    II.    **Plaintiff Seeks Compensable Costs**............................................................................ 6

**CONLCUSION** ............................................................................................................................. 7

i

# **TABLE OF AUTHORITIES**

### Cases

*A.V.E.L.A., Inc. v. Estate of Monroe*, No. 12-cv-04828 (KPF) (JCF), 2014 U.S. Dist. LEXIS 98083, 2014 WL 3610902 (S.D.N.Y. July 18, 2014) ................................................................ 3

*Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509 (S.D.N.Y. 2011) ............................... 2, 4, 7

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F. 3d 182 (2d Cir. 2007, amended Apr. 10, 2008) ............................................................................................. 2, 3

*Blum v. Stenson*, 465 U.S. 886 (1984) ............................................................................................ 3

*Briese Lichttechnik Vertereibs GmbH v. Langton*, No. 09-cv-09790 (LTS) (MHD), 2010 U.S. Dist. LEXIS 107831 (S.D.N.Y. Oct. 4, 2010) ........................................................................... 2

*Brown v. Barnes & Noble, Inc.*, No. 16-cv-07333 (MKV) (KHP), 2020 WL 2489061, 2020 U.S. Dist. LEXIS 85442 (S.D.N.Y. May 14, 2020) .......................................................................... 3

*Cao v. Wu Liang Ye Lexington Rest., Inc.* No. 08-cv-03725, 2010 U.S. Dist. LEXIS 109373 (S.D.N.Y. Sep. 30 2010) ......................................................................................................... 6, 7

*Chen v. Asian Terrace Rest., Inc.*, 507 F. Supp. 3d 430 (E.D.N.Y. 2020) ..................................... 5

*De Hui Mu v. Han Dynasty Nyu Corp.*, 2018 U.S. Dist. LEXIS 181110 (S.D.N.Y. Oct. 17, 2018) ................................................................................................................................................... 3

*Gagne v. Maher*, 594 F. 2d 336 (2d Cir. 1979) .............................................................................. 2

*Gierlinger v. Gleason*, 160 F.3d 858 (2d Cir. 1998) ..................................................................... 6

*Grant v. Martinez,* 973 F. 2d 96 (2d Cir. 1992) ............................................................................. 2

*Grochowski v. Ajet Constr. Corp.*, No. 97 Civ. 6269, 2002 U.S. Dist. LEXIS 5031, at *2 (S.D.N.Y. Mar. 27, 2002) ......................................................................................................... 2

*Gulino v. Board of Educ. of City Sch. Dist. of City of New York*, No. 96-cv-08414, 2017 WL 1294557 (S.D.N.Y. Apr. 4, 2017) .............................................................................................. 3

*Gurung v. Malhotra*, 851 F. Supp. 2d 583 (S.D.N.Y. 2012) .......................................................... 4

*Hu v. 226 Wild Ginger, Inc.*, No. 17-cv-10161 (JGK) (KNF), 2020 WL 6324090, 2020 U.S. Dist. LEXIS 188650 (S.D.N.Y. Oct. 7, 2020), *adopted by* 2020 WL 6324088, 2020 U.S. Dist. LEXIS 200798 (S.D.N.Y. Oct. 27, 2020) .................................................................................. 5

*Ji v. JLing Inc.*, No. 15-cv-04194 (SIL), Dkt. No. 140 (E.D.N.Y. Mar. 2, 2023) .......................... 4

*Kim v. 167 Nail Plaza, Inc.,* No. 05-cv-8560, 2008 U.S. Dist. LEXIS 111900 (S.D.N.Y. Nov. 24, 2008) *recommendation adopted*, 2009 U.S. Dist. LEXIS 1992 (S.D.N.Y. Jan. 12, 2009) ........ 6

*LeBlanc-Sternberg v. Fletcher*, 143 F. 3d 748 (2d Cir. 1998) ............................................................. 6

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998) .............................................................. 6

*Lin v. Joe Japanese Buffet Rest. Inc.*, No. 17-cv-03435 (WFK) (CLP), 2022 WL 2718584, 2022 U.S. Dist. LEXIS 102773 (E.D.N.Y. June 7, 2022), *adopted by* 2022 WL 2716487, 2022 U.S. Dist. LEXIS 124056 (E.D.N.Y. July 13, 2022) ........................................................................ 5

*Lochren v. County of Suffolk*, 344 Fed. Appx. 706 (2d Cir. 2009) ................................................... 6

*Lu v. Golden Fortune Restaurant Inc*, No. 656927/2019, oral ruling (Sup. Ct. New York Cty. Apr. 27, 2022) ............................................................................................................................. 4

*Marquez v Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128 (S.D.N.Y. Nov. 10, 2014) ........................................................................................................................... 7

*Missouri v. Jenkins*, 491 U.S. 274 (1989) ......................................................................................... 6

*Morris v. Affinity Health Plan, Inc.* , 859 F. Supp. 2d 611 (S.D.N.Y. 2012) .................................. 7

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F. 2d 1136 (2d Cir. 1983), *abrogated on other grounds*, *Blum v. Stenson*, 465 U.S. 886 (1984) ............................................................ 2

*Pastor v. ABC Metro Cleaners, Inc.*, 2018 U.S. Dist. LEXIS 210589 (S.D.N.Y. Dec. 12, 2018) . 3

*Perdue v. Kenny A.*, 559 U.S. 542 (2010) ......................................................................................... 2

*Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224 (2d Cir. 2006) ............................................ 6

*Rios v. Louya Corp.*, 2015 WL 5918194 (S.D.N.Y. Oct. 8, 2015) ................................................... 4

*Rosales v. Gerasimos Enters.*, 2018 U.S. Dist. LEXIS 1230 (S.D.N.Y. Jan. 3, 2018) ................... 3

*S.E.C. v. Yorkville Advisors, LLC*, No. 12-cv-07728 (GBD) (HBP), 2015 WL 855796 (S.D.N.Y. Feb. 27, 2015) ........................................................................................................................... 3

*Sagbaciela v. Ruby Nail Tarrytown, Inc.*, No. 53960/2021, oral ruling (Sup. Ct. Westchester Cty. Feb. 27, 2023) ........................................................................................................................... 4

*Saleh v. Pretty Girl, Inc.*, No. 09-cv-01769 (RER), 2022 WL 4078150, 2022 U.S. Dist. LEXIS 160952 (E.D.N.Y. Sep. 6, 2022) ................................................................................................ 6

*Sanchez v. I&A Rest. Corp.*, 2017 WL 2537814 (S.D.N.Y. May 22, 2017) ................................... 3

*Shen v. Number One Fresco Tortillas*, No. 16-cv-02015 (RWL), Dkt. No. 91 (S.D.N.Y. Feb. 19, 2019) ......................................................................................................................................... 5

*Shi v. TL & CG Inc.*, No. 19-cv-08502 (SN), 2023 WL 5827598, 2023 U.S. Dist. LEXIS 159591 (S.D.N.Y. Sep. 8, 2023) .................................................................................................. 5

*Tackie v. Keff Enterprises, LLC*, No. 14 Civ. 2074, 2014 U.S. Dist. LEXIS 130148, 2014 WL 4626229 ............................................................................................................................. 1, 4

*TufAmerica v. Diamond*, No. 12-cv-03529 (AJN), 2016 U.S. Dist. LEXIS 30645, 2016 WL 1029553 (S.D.N.Y. Mar. 9, 2016) ....................................................................................... 3

*Wang v. Maxim International Group, Inc.*, Case No. 01-20-0000-0617, Final Award by Arbitrator Theodore K. Cheng (A.A.A. June 1, 2021) ................................................... 5

*Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, No. 17-cv-00273 (LAP), 2021 WL 2043399, 2021 U.S. Dist. LEXIS 96913 (S.D.N.Y. May 21, 2021) .......................................................... 4

*Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, No. 17-cv-00273 (LAP), 2023 WL 3027438, 2023 U.S. Dist. LEXIS 69017 (S.D.N.Y. Apr. 20, 2023) .......................................................... 5

*Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402 (RLE), 2010 U.S. Dist LEXIS 90736 (S.D.N.Y. 2010) ................................................................................................................................. 4

*Xu v. Kealoha Sushi Inc.*, No. 19-cv-01185 (PAE) (SDA), 202 U.S. Dist. LEXIS 161396 (S.D.N.Y. Aug. 24, 2021) .................................................................................................. 4

*Zhang v. Chongqing Liuyishou Gourmet NJ Inc.*, No. 18-cv-10359 (CCC) (SCM), 2019 WL 6318341, 2019 U.S. Dist. LEXIS 205435 (D.N.J. Nov. 26, 2019) ............................................ 5

*Zhang v. Four Seasons*, No. 18-cv-08259 (GHW), oral ruling (S.D.N.Y. Feb. 8, 2023) ............... 5

*Zhang v. New Beijing Wok, Inc.*, No. 17-cv-09465 (VEC), 2020 U.S. Dist. LEXIS 36555 (S.D.N.Y. Mar. 3, 2020) .................................................................................................... 5

**Statutes**

29 U.S.C. § 216(b) ........................................................................................................................ 1

N.Y. C.L.S. Labor § 198(1-a) ....................................................................................................... 1

N.Y. C.L.S. Labor § 633(1) .......................................................................................................... 1

By virtue of the Jury's Verdict, Dkt. No. 195, Defendants SUSHI PARA 33 CORPORATION d/b/a Nomado 33, SUSHI PARA MANHATTAN, CORP. d/b/a Sushi Para d/b/a Sushi Para (14th Street) d/b/a Sushi Para (Third Avenue) d/b/a Sushi Para 88, ZHOU LIN, and DING FENG ZHANG a/k/a Andy Zhang, are jointly and severally liable for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). By virtue of their default, SUSHI NOMADO OF MANHATTAN, INC. d/b/a Nomado 33 and WEI LOONG CHAN a/k/a Wei Loon Chan are jointly and severally liable for violations of the FLSA and NYLL.

Under the FLSA and NYLL, "[i]n any action instituted in the courts upon a wage claim by an employee… in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, [and] all reasonable attorney's fees…." N.Y. C.L.S. Labor § 198(1-a), N.Y. C.L.S. Labor § 633(1) (any employee paid less than the statutory minimum wage "shall recover in a civil action the amount of any such underpayments, together with costs [and] all reasonable attorney's fees"); *see also* 29 U.S.C. § 216(b). Plaintiff is a prevailing party entitled to recover attorneys' fees and costs under the FLSA and NYLL.

## ARGUMENT

### I. Plaintiff's Application for Attorneys' Fees is Based Upon Reasonable Hours Worked and Reasonable Hourly Rates

In assessing attorneys' fees in wage and hour cases, courts "ordinarily award a lodestar fee, which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively." *See Tackie v. Keff Enterprises, LLC*, No. 14 Civ. 2074, 2014 U.S. Dist. LEXIS 130148, 2014 WL 4626229, at *6. The amount is calculated based on "(1) a consideration of the number of hours actually spent by counsel and other personnel that are deemed reasonably necessary to the successful outcome for the client and (2) the setting of reasonable hourly rates for counsel, a criterion most recently, if

opaquely, described as 'the rate a paying client would be willing to pay.'" *Briese Lichttechnik Vertereibs GmbH v. Langton*, No. 09-cv-09790 (LTS) (MHD), 2010 U.S. Dist. LEXIS 107831, at *4 (S.D.N.Y. Oct. 4, 2010). The lodestar figure is thus often referred to as a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F. 3d 182, 190 (2d Cir. 2008). As in other civil rights cases, attorneys' fees in FLSA cases "need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011). In considering a fee request, courts should thus avoid placing "an undue emphasis on the amount of plaintiff's recovery." *Id*. (quoting *Grochowski v. Ajet Constr. Corp.*, No. 97 Civ. 6269, 2002 U.S. Dist. LEXIS 5031, 2002 WL 465272, at *2 (S.D.N.Y. Mar. 27, 2002)).

    a. **The Hours Spent on this Matter Are Reasonable**

Plaintiffs may recover attorneys' fees through the preparation of their fee application. *See Gagne v. Maher*, 594 F. 2d 336, 343–344 (2d Cir. 1979). Accordingly, the Plaintiffs seek fees from the time they began client intake through the date of this application. Hours worked are deemed reasonable if, "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez,* 973 F. 2d 96, 99 (2d Cir. 1992). The time devoted to this action by Plaintiffs' counsel is set forth in detail in the contemporaneous time entries attached to the declaration of John Troy that specify, for each personnel, the date, the hours expanded, and the nature of work done. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F. 2d 1136, 1147–48 (2d Cir. 1983), *abrogated on other grounds*, *Blum v. Stenson*, 465 U.S. 886 (1984). A reasonable fee is "one that is sufficient to induce a capable attorney to undertake a representation of a meritorious… case." *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). The lodestar figure looks to "the prevailing market rates in the relevant community." *Id.* at 551 (quoting

*Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The assessment of hourly rates involves the courts adopting the viewpoint of the client, and confirming that the hourly rates reflect "the rate[s] a paying client would be willing to pay." *Arbor Hill*, 522 F. 3d at 190. The prevailing market rates for attorneys in the New York City area are found in several recent decisions that review other court filings. *See*, *e.g.*, *Brown v. Barnes & Noble, Inc.*, No. 16-cv-07333 (MKV) (KHP), 2020 WL 2489061, 2020 U.S. Dist. LEXIS 85442, at *9–10 (S.D.N.Y. May 14, 2020) ("In cases involving other firms, courts in this District have recognized that partner rates as high as $715 an hour can be reasonable, and that associate rates ranging from $220 to $550, depending on experience, can also be reasonable.") (citing *Gulino v. Board of Educ. of City Sch. Dist. of City of New York*, No. 96-cv-08414, 2017 WL 1294557, at *10 (S.D.N.Y. Apr. 4, 2017); *TufAmerica v. Diamond*, No. 12-cv-03529 (AJN), 2016 U.S. Dist. LEXIS 30645, 2016 WL 1029553, at *6 (S.D.N.Y. Mar. 9, 2016); *S.E.C. v. Yorkville Advisors, LLC*, No. 12-cv-07728 (GBD) (HBP), 2015 WL 855796, at *19 (S.D.N.Y. Feb. 27, 2015); *A.V.E.L.A., Inc. v. Estate of Monroe*, No. 12-cv-04828 (KPF) (JCF), 2014 U.S. Dist. LEXIS 98083, 2014 WL 3610902, at *3 (S.D.N.Y. July 18, 2014)), *De Hui Mu v. Han Dynasty Nyu Corp.*, 2018 U.S. Dist. LEXIS 181110, at *6 (S.D.N.Y. Oct. 17, 2018) (finding associate with five years of experience's hourly rate of $325 reasonable in evaluating fairness of a settlement); *Pastor v. ABC Metro Cleaners, Inc.*, 2018 U.S. Dist. LEXIS 210589, at *5-6 (S.D.N.Y. Dec. 12, 2018) (finding fee of $450 reasonable for partner and $400 at senior associate reasonable in evaluating fairness of settlement). As for paralegal work, in recent FLSA actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable." *Rosales v. Gerasimos Enters.*, 2018 U.S. Dist. LEXIS 1230, at *5 (S.D.N.Y. Jan. 3, 2018). *Sanchez v. I&A Rest. Corp.*, 2017 WL 2537814, at *4 (S.D.N.Y. May 22, 2017) ($450 per hour for a wage and hour litigation partner who has practiced since 1980s was reasonable); *Rios v. Louya Corp.*, 2015

WL 5918194, at *3 (S.D.N.Y. Oct. 8, 2015) (courts in the district award hourly rates "between $350 and $450 for partners with significant employment litigation experience"); *Tackie*, 2014 WL, 4626229, at *7 ($400 per hour for partner with 11 years of wage and hour litigation was "consistent with prevailing rate for partners litigating wage and hour cases in" SDNY and EDNY); *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012) (finding rates between $250 and $450 for experienced civil rights and employment law litigators); *Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402 (RLE), 2010 U.S. Dist LEXIS 90736 (S.D.N.Y. 2010). (awarding $350 per hour to two employment attorneys with twelve years of legal experience); *Allende*, 783 F. Supp. 2d. at 514-515 (finding rates of $450 for partners and for associates between $200 and $300, citing cases).

### b. The Hourly Rates Sought are Reasonable

Accordingly, as described in detail in the Declaration of John Troy, Plaintiffs' attorneys request and are frequently granted hourly rates that are either on par or slightly above the rates routinely given in District Courts throughout this nation and as such request to grant Troy Law Managing Partner John Troy $650.00, Managing Associate and trial counsel Aaron Schweitzer $400.00 ($200.00 for administrative tasks and travel), Associate Tiffany Troy $250.00 ($150.00 for administrative tasks), Managing Clerk Preethi Kilaru $200.00, and Clerk Gavin Dass $150.00.

Mr. Troy has previously been awarded: $650.00 per hour in *Sagbaciela v. Ruby Nail Tarrytown, Inc.*, No. 53960/2021, oral ruling (Sup. Ct. Westchester Cty. Feb. 27, 2023); $600.00 per hour in *Lu v. Golden Fortune Restaurant Inc*, No. 656927/2019, oral ruling (Sup. Ct. New York Cty. Apr. 27, 2022); $550.00 per hour in *Ji v. JLing Inc.*, No. 15-cv-04194 (SIL), Dkt. No. 140, at *10 (E.D.N.Y. Mar. 2, 2023), *Xu v. Kealoha Sushi Inc.*, No. 19-cv-01185 (PAE) (SDA), 202 U.S. Dist. LEXIS 161396, at *14–15 (S.D.N.Y. Aug. 24, 2021), *Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, No. 17-cv-00273 (LAP), 2021 WL 2043399, 2021 U.S. Dist. LEXIS 96913, at *3 (S.D.N.Y. May 21, 2021) (*see also id.*, 2023 WL 3027438, 2023 U.S. Dist. LEXIS

4

69017, at *4–5 (S.D.N.Y. Apr. 20, 2023)), *Hu v. 226 Wild Ginger, Inc.*, No. 17-cv-10161 (JGK) (KNF), 2020 WL 6324090, 2020 U.S. Dist. LEXIS 188650, at *25 (S.D.N.Y. Oct. 7, 2020), *adopted by* 2020 WL 6324088, 2020 U.S. Dist. LEXIS 200798 (S.D.N.Y. Oct. 27, 2020), and *Zhang v. Chongqing Liuyishou Gourmet NJ Inc.*, No. 18-cv-10359 (CCC) (SCM), 2019 WL 6318341, 2019 U.S. Dist. LEXIS 205435, at *10 (D.N.J. Nov. 26, 2019); $500.00 per hour in *Wang v. Maxim International Group, Inc.*, Case No. 01-20-0000-0617, Final Award by Arbitrator Theodore K. Cheng (A.A.A. June 1, 2021); $450.00 per hour in *Lin v. Joe Japanese Buffet Rest. Inc.*, No. 17-cv-03435 (WFK) (CLP), 2022 WL 2718584, 2022 U.S. Dist. LEXIS 102773, at *14–16 (E.D.N.Y. June 7, 2022), *adopted by* 2022 WL 2716487, 2022 U.S. Dist. LEXIS 124056 (E.D.N.Y. July 13, 2022) and *Chen v. Asian Terrace Rest., Inc.*, 507 F. Supp. 3d 430, 435–36 (E.D.N.Y. 2020); and $400.00 per hour in *Shen v. Number One Fresco Tortillas*, No. 16-cv-02015 (RWL), Dkt. No. 91 (S.D.N.Y. Feb. 19, 2019) and *Zhang v. New Beijing Wok, Inc.*, No. 17-cv-09465 (VEC), 2020 U.S. Dist. LEXIS 36555, at *4 (S.D.N.Y. Mar. 3, 2020).

  Mr. Schweitzer was previously awarded $400.00 per hour in *JLing*, *Golden Fortune*, *Kung Fu* (after appeal in 2023), *Ruby Nail*, and *Zhang v. Four Seasons*, No. 18-cv-08259 (GHW), oral ruling (S.D.N.Y. Feb. 8, 2023); $350.00 per hour in *Shi v. TL & CG Inc.*, No. 19-cv-08502 (SN), 2023 WL 5827598, 2023 U.S. Dist. LEXIS 159591, at *15 (S.D.N.Y. Sep. 8, 2023), *Kealoha*, *Kung Fu* (after trial in 2021), *Wild Ginger*, and *Chongqing Liuyishou Gourmet*; $325.00 per hour in *Maxim*; and $225.00 per hour in *Number One Fresco Tortillas* and *New Beijing Wok*.

  Ms. Troy was previously awarded $250.00 per hour in *Ruby Nail* and *Four Seasons*; and $150.00 per hour in *TL & CG*, *JLing*, *Kung Fu*, *Wild Ginger*, *Golden Fortune*, and *Maxim*.

5

Ms. Kilaru was previously awarded $200.00 per hour in *Ruby Nail*, *Kealoha*, *Kung Fu*, *Wild Ginger*, and *Golden Fortune*; and $150.00 per hour in *TL & CG*, *JLing*, *Chongqing Liuyishou Gourmet* and *Maxim*.

Mr. Dass was previously awarded $150.00 per hour in *Four Seasons*.

The Second Circuit has "held that to 'adjust[] for delay,'' [] the 'rates used by the court should be "current rather than historic hourly rates[.]"''" *Lochren v. County of Suffolk*, 344 Fed. Appx. 706, 709 (2d Cir. 2009) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 284 (1989); *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (itself quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998))) (citing *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998) ("[C]urrent rates, rather than historical rates, should be applied in order to compensate for the delay in payment.")); *see also Saleh v. Pretty Girl, Inc.*, No. 09-cv-01769 (RER), 2022 WL 4078150, 2022 U.S. Dist. LEXIS 160952, at *94 (E.D.N.Y. Sep. 6, 2022) (applying this rule).

## II. Plaintiff Seeks Compensable Costs

The Plaintiff is entitled to recover "those reasonable out-of-pocket expenses by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F. 3d 748, 763 (2d Cir. 1998) (citation omitted); *see also Cao v. Wu Liang Ye Lexington Rest., Inc.* No. 08-cv-03725, 2010 U.S. Dist. LEXIS 109373, at *24–25 (S.D.N.Y. Sep. 30 2010) (awarding $6,184.08 in costs related to court filings, transcription services and interpreter fees); *Kim v. 167 Nail Plaza, Inc.,* No. 05-cv-8560, 2008 U.S. Dist. LEXIS 111900, at *21 (S.D.N.Y. Nov. 24, 2008) *recommendation adopted*, 2009 U.S. Dist. LEXIS 1992 (S.D.N.Y. Jan. 12, 2009) (awarding "amounts paid for translation services, court fees, and court-reporting services, for a total of $26,098.80").

Plaintiffs request reimbursement for the court filing fees as well as expenses incurred for case filing, research, postage, process servers, transcript, Plaintiffs' transportation and

6

accommodation relevant to the case, and hiring a Spanish interpreter for trial. These costs are all reasonable and courts have allowed them in similar cases. *See, e.g.*, *Marquez v Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128, at *9–10 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server, deposition and interpreter expenses); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011); *Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08-cv-03725 (DC), 2010 U.S. Dist. LEXIS 109373, at *24 (S.D.N.Y. Sep. 30, 2010) (awarding filing fee and expenses for transcription services and interpreter). The compensable costs expended in this action by Plaintiff's counsel is set forth in detail in the exhibit attached to the declaration of John Troy.

## **CONLCUSION**

For the foregoing reasons, the Plaintiff respectfully requests that the Court award attorneys' fees and costs sought in the application of Plaintiff's counsels.

Dated: Flushing, NY
       February 15, 2024

                                        Respectfully submitted,
                                        TROY LAW, PLLC

                                        */s/ John Troy*
                                        John Troy
                                        41-25 Kissena Boulevard
                                        Suite 110
                                        Flushing, NY 11355
                                        Tel: (718) 762-1324
                                        Fax: (718) 762-1342
                                        troylaw@troypllc.com
                                        *Attorneys for Plaintiff*