UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

JIAN WU and                                            Docket No: 17-cv-04661
FEN BIAO CAI
*individually and on behalf of others similarly situated,*
                                        Plaintiff,


                          v.


SUSHI NOMADO OF MANHATTAN, INC
        d/b/a Nomado 33
SUSHI PARA 33 CORPORATION
        d/b/a Nomado 33;
SUSHI PARA MANHATTAN, CORP.
        d/b/a Sushi Para
        d/b/a Sushi Para (14th Street)
        d/b/a Sushi Para (Third Avenue)
        d/b/a Sushi Para 88
WEI LOONG CHAN
        a/k/a Wei Loon Chan,
WENWU CHEN,
ZHOU LIN,
SHENG R. DONG, and
DING FENG ZHANG
        a/k/a Andy Zhang,
                          Defendants

---------------------------------------------------------------------x


## MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S
## MOTION FOR LEGAL FEES


Dated:  New York, NY
          March 1, 2024


                          */s/ Vincent S Wong*
                          Vincent S. Wong, Esq. (VW9016)
                          Law Offices of Vincent S. Wong
                          39 East Broadway, Suite 306
                          New York, NY 10002
                          P: (212) 349-6099
                          F: (212) 349-6599

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES   3

PRELIMINARY STATEMENT   6

I. PLAINTIFF'S REQUEST FOR LEGAL FEES IS NOT REASONABLE
AND SHOULD BE GREATLY REDUCED   6

   a. THE HOURLY RATE SOUGHT BY PLAINTIFF'S COUNSEL
   ARE NOT REASONABLE   6

   b. THE HOURS FOR WHICH PLAINTIFF REQUESTS
   COMPENSATION FOR ARE NOT REASONABLE   13

      i. PLAINTIFF'S MOTION SHOULD BE DENIED FOR
      NOT KEEPING CONTEMPORANEOUS HOURS   16

      FRAUDULENT ENTRIES   16

      TASKS TAKING THE EXACT SAME AMOUNT OF
      TIME IN MULTIPLE CASES   17

      TASKS BEING INFLATED   20

      ii. PLAINTIFF'S HOURS SHOULD BE CUT ACROSS
      THE BOARD   22

      iii. PLAINTIFF IS NOT ENTITLED TO LEGAL FEES OR
      COSTS AFTER NOVEMBER 17, 2023 BECAUSE OF
      A REJECTED RULE 68 OFFER OF JUDGMENT   25

II. PLAINTIFF'S COSTS ARE NOT PROPERLY DOCUMENTED AND
SHOULD NOT BE COMPENSATED   26

CONCLUSION   27

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Agureyev v. H.K. Second Ave. Rest. Inc.*, 17cv7336 (SLC),
2021 WL 847977, at *11 (S.D.N.Y. Mar. 5, 2021)     7

*Baker v Urban Outfitters, Inc.*, 431 F Supp 2d 351, 361 [SDNY 2006],
*affd,* 249 Fed Appx 845 [2d Cir 2007]     26

*Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)     6

*Boorstein v City of New York*, 107 FRD 31, 33 [SDNY 1985]     25

*Days Inn Worldwide, Inc. v. Amar Hotels, Inc.,*
No. 05 Civ. 10100(KMW)(KNF), 2008 WL 2485407, at *10
(S.D.N.Y. June 18, 2008)     14, 23

*De La Cruz v. Trejo Liquors, Inc.*, No. 16CV4382 (VSB) (DF),
2019 WL 9573763, at *18 (S.D.N.Y. Sept. 10, 2019)     7

*De La Cruz Rosas v Just Salad 60 Third LLC*, 18CV7342JGKBCM,
2023 WL 5423982, at *11 [SDNY Aug. 4, 2023], *report and recommendation
adopted sub nom. Rosas v Just Salad 600 Third LLC*, 18-CV-7342 (JGK),
2023 WL 5390985 [SDNY Aug. 22, 2023]     11, 12, 15, 24

*De Los Santos v. Hat Trick Pizza, Inc.*, No. 16cv6274 (AJN),
2021 WL 4150967, at *2 (S.D.N.Y. Sept. 13, 2021)     9

*De Los Santos v. Just Wood Furniture, Inc.,* Nos. 05 Civ. 9369(WWE),
06 Civ. 5749(WWE), 2010 WL 445886, at *3 (S.D.N.Y. Feb. 2, 2010)     7

*Garcia v. Francis Gen. Construction Inc.*, 2022 WL 2698434,
at *7 (S.D.N.Y. July 12, 2022)     7, 12

*Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir.1998)     6, 13

*Guo v. Tommy's Sushi, Inc.*, No. 14cv3964 (PAE), 2016 WL 452319,
at *5 (S.D.N.Y. Feb. 5, 2016)     10

*Gurung v. Malhotra*, 851 F. Supp. 2d 583, 596 (S.D.N.Y. 2012)     6, 13

*Hernandez v. Compass One, LLC*, No. 20cv7040 (LJL), 2021 WL 4925561,
at *4 (S.D.N.Y. Oct. 21, 2021     7

*Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)     14

*In re "Agent Orange" Prod. Liab. Litig.,* 818 F.2d 226, 237 (2d Cir.1987)  14

*Kirsch v. Fleet Street, Ltd.,* 148 F.3d 149, 173 (2d Cir.1998)  14

*Krumme v. WestPoint Stevens, Inc.,* 79 F.Supp.2d 297, 310 (S.D.N.Y.1999)  14

*Lee v. Santiago,* No. 12 CIV. 2558, 2013 WL 4830951, at *5 (S.D.N.Y. Sept. 10, 2013)  26

*Lewis v. Coughlin,* 801 F.2d 570, 577 (2d Cir.1986)  13

*Lide v. Abbott House,* No. 05 Civ 3790(SAS), 2008 WL 495304,
 at *l–2 (S.D.N.Y. Feb. 25, 2008)  23

*Lin v. La Vie En Schezuan Rest. Corp.,* No. 15cv09507 (DF),
2020 WL 1819941, at *5 (S.D.N.Y. Apr. 9, 2020)  9

*Lu et al v. Purple Sushi Inc. et al;* Case Number 19-cv-05828  18

*Lu Wan v. YWL USA Inc.,* No. 18cv10334 (CS), 2021 WL 1905036,
 at *6 (S.D.N.Y. May 12, 2021)  8, 10

*LV v. New York City Dep't of Educ.,* 700 F. Supp. 2d 510, 525 (S.D.N.Y. 2010)  15

*Marek v. Chesny,* 473 U.S. 1, 9, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985)  25, 26

*Marion S. Mishkin Law Off. v Lopalo*, 767 F3d 144, 148 [2d Cir 2014]  13, 15, 23

*Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund*,
831 F.2d 407, 409 (2d Cir.1987)  6

*McDonald ex rel. Prendergast v. Pension Plan of the NYSA–ILA
Pension Trust Fund,* 450 F.3d 91, 96 (2d Cir.2006)  23

*Molefi v. Oppenheimer Trust,* No. 03–5631, 2007 WL 538547,
at *7 (E.D.N.Y.2007)  14

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*,
711 F.2d 1136, 1148 (2d Cir.1983)  13

*Pascuiti v. New York Yankees,* 108 F.Supp.2d 258, 268 (S.D.N.Y.2000)  14

*Puglisi v. Underhill Park Taxpayer Ass'n*, 964 F.Supp. 811, 817 (S.D.N.Y.1997)  13

*Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)  24

*Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)  26

*Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir.1992)    13, 15, 23

*Romeo and Juliette Laser Hair Removal Inc. v. Assara I LLC.*,
No. 08 Civ. 442(TPG)(FM), 2013 WL 3322249, at *5–8 (S.D.N.Y. July 2, 2013)    23

*Scott v. City of New York,* 626 F.3d 130, 133 (2d Cir.2010)    13

*Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc.,*
277 F.Supp.2d 323, 325–26 (S.D.N.Y.2003)    14

*Sheet Metal Workers Nat'l Pension Fund v. Evans*, No. 12 Civ 3049,
2014 WL 2600095, at *11 (E.D.N.Y. Jun. 11, 2014)    26

*Soler v. G & U, Inc.,* 658 F.Supp. 1093, 1098–99 (S.D.N.Y.1987)    15

*Spalluto v. Trump Int'l Hotel & Tower,* No. 04–7497, 2008 WL 4525372,
at *8 (S.D.N.Y. Oct. 2, 2008)    15

*Szczepanek v. Dabek*, 2011 WL 846193, at *8 (E.D.N.Y. Mar. 7, 2011)    8

*Tlacoapa v. Carregal̲*, 386 F. Supp. 2d 362, 371 (S.D.N.Y. 2005)    14

*Volpe v. Nassau Cty.*, No. 12 CV 2416, 2016 WL 6238525,
at *10 (E.D.N.Y. Oct. 24, 2016)    27

*Wan v. YWL USA Inc et al;* Case Number 18-cv-10334    17

*Wang v. XBB, Inc.*, 2023 WL 2614143, at *5, *8 (E.D.N.Y. Mar. 23, 2023)    8

*Wen v. Hair Party 24 Hours Inc.*, No. 15cv10186 (ER)
(DF), 2021 WL 3375615, at *1 (S.D.N.Y. May 17, 2021)    8

*Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 661 (S.D.N.Y. 2019)    10, 11, 24

*Wilson v. Nomura Sec. Int'l, Inc.,* 361 F.3d 86, 89 (2d Cir.2004)    25

*Wong v. Hunda Glass Corp.,* No. 09 Civ. 4402(RLE),
2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010)    7

*Yuan v & Hair Lounge Inc.*, 18CV11905ATBCM, 2023 WL 4534872, at
*4 [SDNY June 28, 2023], *report and recommendation adopted,*
18CIV11905ATBCM, 2023 WL 4535085 [SDNY July 13, 2023]    8, 12

*Zang v Daxi Sichuan, Inc.*, 18-CV-06910-DG-SJB, 2023 WL 2305934,
at *8 [EDNY Mar. 1, 2023]    16

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in opposition to Plaintiff's motion for legal fees.

It should be noted that on November 17, 2023 an offer of Judgment was conveyed to Plaintiffs from Defendants in the amount of $60,000, which was ultimately rejected by Plaintiff. This is important because if the Court finds, as Defendants' damage calculations show, that Plaintiff's damages at trial was less than the offer of Judgment amount, Plaintiff's claims for fees and costs after this date cannot be claimed.

Defendants have estimated that of Plaintiff's claim for legal fees, as submitted to the Court before any reduction proposed below, in this time period are approximately $20,167 and $1,000 in expenses.

## I.   PLAINTIFF'S REQUEST FOR LEGAL FEES IS NOT REASONABLE AND SHOULD BE GREATLY REDUCED

### a.   THE HOURLY RATE SOUGHT BY PLAINTIFF'S COUNSEL ARE NOT REASONABLE

The hourly rates requested by Plaintiff's counsel in this case are excessively high and should be reduced by the Court.

"In assessing the reasonableness of the hourly rates charged by [Plaintiff's] counsel, the court may consider the prevailing market rates "for similar services by lawyers of reasonably comparable skill, experience and reputation." *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir.1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). Additionally, the Court may rely on its own knowledge of private firm hourly rates. *Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir.1987)." *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 596 (S.D.N.Y. 2012)

In *Wong v. Hunda Glass Corp.,* No. 09 Civ. 4402(RLE), 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) , the court held awarding $350 per hour to two employment attorneys with twelve years of legal experience was reasonable. In *De Los Santos v. Just Wood Furniture, Inc.,* Nos. 05 Civ. 9369(WWE), 06 Civ. 5749(WWE), 2010 WL 445886, at *3 (S.D.N.Y. Feb. 2, 2010), the court held a rate of $250–$350 per hour is reasonable for an employment attorney. In *Torres v. City of N.Y.,* No. 07 Civ. 3473(GEL), 2008 WL 419306, at *1 (S.D.N.Y. Feb. 14, 2008) the court held $350 per hour is reasonable for an attorney with ten years of experience.

"'In this [D]istrict, courts generally award experienced wage-and-hour attorneys between $300 and $400 per hour.'" *Hernandez v. Compass One, LLC*, No. 20cv7040 (LJL), 2021 WL 4925561, at *4 (S.D.N.Y. Oct. 21, 2021) (quoting *Agureyev v. H.K. Second Ave. Rest. Inc.*, 17cv7336 (SLC), 2021 WL 847977, at *11 (S.D.N.Y. Mar. 5, 2021)); *see also De La Cruz v. Trejo Liquors, Inc.*, No. 16CV4382 (VSB) (DF), 2019 WL 9573763, at *18 (S.D.N.Y. Sept. 10, 2019) ("For partners or heads of small law firms practicing in this area, the Court has usually approved hourly rates in the $300 to $450 range." (citations omitted)), *report and recommendation adopted,* No. 16CV4382VSBDF, 2020 WL 4432298 (S.D.N.Y. July 30, 2020).

Further, Plaintiffs' counsel are more than aware that the rates they are requesting are much higher than those awarded by this Court and the Court should not award fees at the rates requested.

In fact, as noted in a recent decision from the SDNY, dated June 28, 2023, "[a] treatise worth of case law has emerged about the rates and hours that Troy Law has requested." *Garcia v. Francis Gen. Construction Inc.*, 2022 WL 2698434, at *7 (S.D.N.Y. July 12, 2022). **In *Garcia*, and in virtually every other case considering fee applications prepared by Troy Law, "courts have balked" at the firm's requested rates**. *Id.* (collecting cases and awarding fees at

the rate of $300 per hour for John Troy, $150 per hour for Schweitzer and for Tiffany Troy, and $70 per hour for Kilaru); *see also Lu Wan v. YWL USA Inc.*, 2021 WL 1905036, at *6 (S.D.N.Y. May 12, 2021) (observing that "courts that have thoroughly scrutinized Troy Law's requests for fees have awarded lower rates," and awarding fees at the rate of $325 per hour for John Troy, $175 per hour for Schweitzer, $125 per hour for Lim, and $75 per hour for Kilaru and Tiffany Troy); *Wang v. XBB, Inc.*, 2023 WL 2614143, at *5, *8 (E.D.N.Y. Mar. 23, 2023) (**noting that "Troy Law has been reprimanded numerous times for its billing practices,"** and awarding fees at the rate of $400 per hour for John Troy, $200 per hour for Schweitzer, $75 for Kilaru, and $0 for Tiffany Troy, because "interpreting services are distinct from legal services and are not awarded as a component of attorney's fees") (quoting *Szczepanek v. Dabek*, 2011 WL 846193, at *8 (E.D.N.Y. Mar. 7, 2011))." (emphasis added) *Yuan v & Hair Lounge Inc.*, 18CV11905ATBCM, 2023 WL 4534872, at *4 [SDNY June 28, 2023], *report and recommendation adopted,* 18CIV11905ATBCM, 2023 WL 4535085 [SDNY July 13, 2023]

In a slightly less recent Order issued by Judge Freeman on 12/19/2021 in the FLSA case of *KITIPONG RODPRACHA, et al., v PONGSRI THAI RESTAURANT CORP., et al.,* Case 1:14-cv-0245 (a copy of this Order is attached to Defendants Opposition as **Exhibit A**), where John Troy also asked for a billing rate of $650 per hour, Judge Freeman found that "[a]s Troy well knows, this Court has, itself, previously scrutinized his billing rates, and, in other cases, has determined that his requested rates should be reduced in light of the consistently poor quality of his work and the fact that he often performed work that could have been performed by more junior attorneys, or even by paralegals … In fact, for these reasons, this Court has twice determined, and similarly finds here, that a reasonable billing rate for Troy's work should be set at $325 per hour.  *See Wen v. Hair Party 24 Hours Inc.*, No. 15cv10186 (ER) (DF), 2021 WL

3375615, at *1 (S.D.N.Y. May 17, 2021), r*eport and recommendation adopted*, 2021 WL 2767152 (S.D.N.Y. July 2, 2021); *Lin v. La Vie En Schezuan Rest. Corp.,* No. 15cv09507 (DF), 2020 WL 1819941, at *5 (S.D.N.Y. Apr. 9, 2020).  This, of course, is *half* of the rate that Troy now proposes to use."

In the same Order, Judge Freeman also discusses the billing rate for Aaron Schweitzer, Esq., who there, like here, requested a billing rate of $400 per hour, and Judge Freeman found that also not appropriate.

Judge Freeman ruled "[a]s to Aaron B. Schweitzer, Esq. ("Schweitzer"), whom Troy describes as a "managing associate" with the firm, Troy Law has assigned an hourly rate of $400. (Troy Decl. ¶¶ 67, 80.) Schweitzer received his J.D. in 2016 and became a member of the New Jersey bar in 2017 and the New York bar in 2018. (*Id*. ¶ 68.) Based on the submitted time records, Schweitzer mostly worked on this case in 2017, in his first year of practice, and then again from 2019 to 2021, when he had two-to-four years of experience. (*See generally* Dkt. 145-3.) His work was thus mostly performed as a junior associate, which, in this type of case, might generally warrant a rate of from $125 to $200 per hour. *See De Los Santos v. Hat Trick Pizza, Inc.*, No. 16cv6274 (AJN), 2021 WL 4150967, at *2 (S.D.N.Y. Sept. 13, 2021) (finding $150 per hour to be a reasonable rate for work performed by Schweitzer from 2017 to 2019); *De La Cruz*, 2019 WL 9573763, at *18 (finding that, in wage-and-hour cases, rates approved in this District for junior associates have typically ranged from $125 to $200 per hour, while rates approved for mid-level associates (meaning those with at least four years of experience) have typically ranged from $200 to $275 per hour (citations omitted)). ….  Under the circumstances, the Court finds a reasonable hourly rate for Schweitzer's work in this particular case to be $150/hour."  *Id*.

Judge Freeman also ruled as the rate on Tiffany Troy and the other paralegals, holding their rate to be appropriate at $100 per hour. *See also Guo v. Tommy's Sushi, Inc.*, No. 14cv3964 (PAE), 2016 WL 452319, at *5 (S.D.N.Y. Feb. 5, 2016) (finding $100/hour to be appropriate for both paralegal and legal intern, in wage case); *but see Lu Wan v. YWL USA Inc.*, No. 18cv10334 (CS), 2021 WL 1905036, at *6 (S.D.N.Y. May 12, 2021) (awarding $75 per hour for Tiffany Troy). Judge Freeman  also found that $100/hour is a reasonable rate for the work performed on this matter by office manager Perrthi Kilaru ("Kilaru"); clerks William Lou ("Lou") and Favin Dass ("Dass"); and paralegals Karyn Beck ("Beck"), Bella Yingchu Ho ("Ho"), and Bingyu Huang ("Huang")." *Id*.

In another recent decision from a Judge in the SDNY, attached as **Exhibit B**, made on 5/12/2021 in the case of *Lu Wan et al v YWL USA INC et al*; Case 18-cv-10334, Judge Seibel held that "the Court finds the following hourly rates appropriate: $325 per hour for John Troy, $175 per hour for Schweitzer, $125 per hour for Lim, $75 per hour for Kilaru, and $75 per hour for Tiffany Troy. *See Knox*, 2021 WL 608345, at *6; *Garcia-Severino*, 2020 WL 7239678, at *2; *Lin*, 2020 WL 1819941, at *3-6; *Li*, 2019 WL 3715086, at *6-7; *Lora*, 2015 WL 4496847, at *17".

Judge Seibel also found in that case "Plaintiff's counsel improperly billed at attorney rates for numerous tasks that are administrative in nature or should have been performed by a paralegal, and also billed for excessive or otherwise unnecessary hours. Because the precise number of unreasonable hours is difficult to quantify, the Court finds it appropriate to employ an across-the-board percentage reduction, guided by the principle of rough justice. *See Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 661 (S.D.N.Y. 2019). Based on my familiarity with the case, I find that 5% of the total hours billed by John Troy, Schweitzer, and Lim should be billed at $75 (the hourly rate appropriate for paralegal work) and that 40% of the total hours billed by John Troy, Schweitzer, Lim, and Kilaru should be trimmed as excessive or otherwise unnecessary." *Id*.

In a more recent decision issued from the SDNY on August 22, 2023, the Court in *De La Cruz Rosas v Just Salad 60 Third LLC*, 18CV7342JGKBCM, 2023 WL 5423982, at *11 [SDNY Aug. 4, 2023], *report and recommendation adopted sub nom. Rosas v Just Salad 600 Third LLC*, 18-CV-7342 (JGK), 2023 WL 5390985 [SDNY Aug. 22, 2023] "found that "Troy Law's timesheets are replete with eyebrow-raising entries that – if not outright "fraud," as defendants charge, *see* Def. Mem. at 16 – cannot have been the product of honest and conscientious timekeeping. … In order to account for (i) the egregious overbilling by Troy Law, (ii) its failure to certify any form of collective or class action, (iii) its failure to obtain any recovery at all for half of its clients, and (iv) the loss of multiple individual claims asserted even by the surviving plaintiffs, I recommend that the firm's compensable hours be reduced by 70% overall, and that John Troy's compensable hours be reduced by 80%." *De La Cruz Rosas v Just Salad 60 Third LLC*, 18CV7342JGKBCM, 2023 WL 5423982, at *13 [SDNY Aug. 4, 2023], *report and recommendation adopted sub nom. Rosas v Just Salad 600 Third LLC*, 18-CV-7342 (JGK), 2023 WL 5390985 [SDNY Aug. 22, 2023].

The Court in *De La Cruz Rosas* further noted other cases where large cuts from Troy law were appropriate, where in these cases, like our case here, only 1/2 of the plaintiff's prevailed against only some of the Defendants, specifically citing to "*Jin*, 2020 WL 4783399, at *8 (reducing Troy Law's compensable hours by 70% where, among other things, only one of the two named plaintiffs prevailed on his claims, "against three of the ten identified defendants"). Although "some work done on behalf of the non-prevailing Plaintiffs" may have been "required for the prevailing Plaintiffs to win," *Williams*, 368 F. Supp. 3d at 661-62 (such as litigating defendants' motion to dismiss), the cost of other work (such as defending the depositions of the non-prevailing plaintiffs and attempting to salvage their claims at summary judgment) cannot

possibly be compensable in an award to the "prevailing plaintiffs." *See Tecocoatzi-Ortiz*, 2022 WL 596831, at *19 (noting that "a detailed analysis of evidence particular to each plaintiff" was required). The same is true with respect to the claims that failed on an individual basis. *See Williams*, 368 F. Supp. 3d at 660 (reducing counsel's compensable hours to reflect both "the number of prevailing Plaintiffs" and "the fact that even the prevailing Plaintiffs were not successful on all their claims")." *De La Cruz Rosas v Just Salad 60 Third LLC*, 18CV7342JGKBCM, 2023 WL 5423982, at *13 [SDNY Aug. 4, 2023], *report and recommendation adopted sub nom. Rosas v Just Salad 600 Third LLC*, 18-CV-7342 (JGK), 2023 WL 5390985 [SDNY Aug. 22, 2023]

In this case, the Court should find that similar factors apply and reduce Plaintiffs requested legal fees to at most "$300 per hour for John Troy, $150 per hour for Schweitzer and for Tiffany Troy, and $70 per hour for Kilaru" and $70 for Gavin Dass, as was found in *Yuan v & Hair Lounge Inc.*, 18CV11905ATBCM, 2023 WL 4534872, at *4 [SDNY June 28, 2023], *report and recommendation adopted,* 18CIV11905ATBCM, 2023 WL 4535085 [SDNY July 13, 2023] citing to collection of cases in in *Garcia v. Francis Gen. Construction Inc.*, 2022 WL 2698434.

The Court has previously sanctioned Troy Law in this case for its conduct in misleading Defendants and the Court as to the availability for Depositions of Plaintiff Wu, and the Court issued multiple Order to Show Causes regarding the submission of pre-trial documents, problems the Court determined which were Plaintiff's fault, even if no sanctions were issued.

Additionally, Plaintiff's work is filled with errors. For example, page 12 of Plaintiff's memo of law filled in support of this motion (ECF Doc # 206)  mentions "hiring a Spanish interpreter for trial." There was no Spanish interpreter in this case, only a Chinese one, and is likely the result of Plaintiff copy and pasting its memo from another case, without editing.

This conduct, as well as the conduct mentioned above, further supports reduction of Plaintiff's counsels requested fees in this case.

### b. THE HOURS FOR WHICH PLAINTIFF REQUESTS COMPENSATION FOR ARE NOT REASONABLE

"To enable a court to determine the reasonableness of the hours expended, a party seeking an award of attorneys' fees must submit contemporaneous time records indicating the number of hours expended and the nature of the work done. See *Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir.1986); *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir.1983); *Puglisi v. Underhill Park Taxpayer Ass'n*, 964 F.Supp. 811, 817 (S.D.N.Y.1997)." *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012)

"[A]ny attorney ... who applies for court-ordered compensation in this Circuit ... must document the application with contemporaneous time records ... specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." 711 F.2d 1136, 1148 (2d Cir.1983). **The "[f]ailure to do so results in denial of the motion for fees.**" *Riordan,* 977 F.2d at 53. Thus, **All applications for attorney's fees, whether submitted by profit-making or non-profit lawyers, for any work done after the date of this opinion should normally be disallowed unless accompanied by contemporaneous time records** indicating, for each attorney, the date, the hours expended, and the nature of the work done. *Carey,* 711 F.2d at 1154 (numbering omitted). "*Carey* establishes a strict rule from which attorneys may deviate only in the rarest of cases." *Scott v. City of New York,* 626 F.3d 130, 133 (2d Cir.2010) ("*Scott I* ")." (emphasis added) *Marion S. Mishkin Law Off. v Lopalo*, 767 F3d 144, 148 [2d Cir 2014]

"To determine the number of hours reasonably expended, the court must examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case. *See Gierlinger,* 160 F.3d at 876. In making this examination, the district court

does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties. *See id.* The court may exclude any claimed hours that it determines are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)." *Tlacoapa v. Carregal*, 386 F. Supp.2d 362, 371 (S.D.N.Y. 2005)

The court may exclude excessive and unreasonable hours from its fee computation. *See Pascuiti v. New York Yankees,* 108 F.Supp.2d 258, 268 (S.D.N.Y.2000) (excluding excessive and unreasonable hours from its fee computation by making an across-the-board reduction in the amount of hours); *See In re "Agent Orange" Prod. Liab. Litig.,* 818 F.2d 226, 237 (2d Cir.1987) ("an across-the-board percentage cut[ ] in hours [is] a practical means of trimming fat from a fee application"); *Days Inn Worldwide, Inc. v. Amar Hotels, Inc.,* No. 05 Civ. 10100(KMW)(KNF), 2008 WL 2485407, at *10 (S.D.N.Y. June 18, 2008) (reducing attorneys' fee by seventy-five percent when "a substantial amount of work performed ... was redundant and unnecessarily duplicative"). *See also Krumme v. WestPoint Stevens, Inc.,* 79 F.Supp.2d 297, 310 (S.D.N.Y.1999) (reducing overall request by 20% to account for duplicative and excessive charges).

While "[b]lock-billing, the practice "of aggregating multiple tasks into one billing entry," is "not prohibited." *Wise,* 620 F.Supp.2d at 450 (quoting *Molefi v. Oppenheimer Trust,* No. 03–5631, 2007 WL 538547, at *7 (E.D.N.Y.2007)). Still, block-billing can make it "exceedingly difficult for courts to assess the reasonableness of the hours billed." *Id.* In such circumstances courts have found it appropriate to cut hours across the board by some percentage. *See Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc.,* 277 F.Supp.2d 323, 325–26 (S.D.N.Y.2003); *Kirsch v. Fleet Street, Ltd.,* 148 F.3d 149, 173 (2d Cir.1998) (a court may reduce a fee award because of

"vagueness, inconsistencies, and other deficiencies in the billing records."). *LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 525 (S.D.N.Y. 2010). *See also Spalluto v. Trump Int'l Hotel & Tower,* No. 04–7497, 2008 WL 4525372, at *8 (S.D.N.Y. Oct. 2, 2008) (reducing hours for vague entries like "phone call(s) with client," "prepare correspondence to co-counsel," "prepare correspondence to client," "conference with client," and "prepare letter to court"); *Soler v. G & U, Inc.,* 658 F.Supp. 1093, 1098–99 (S.D.N.Y.1987) (reducing hours for time entries like "outline," "writing," "research," "travel & research," and "fee application")

   In this case, the hours expended by Plaintiffs' counsel were not reasonable. This case was not a complex wage and overtime case with only limited documentary exchange. Despite this Plaintiff's counsel has found numerous ways to inflate the billing process, as detailed further below, such that denial of legal fees is warranted or at minimum large across-the-board reductions in hours are appropriate.

   Additionally, there are multiple suspect time entries that make it highly questionable as to whether Plaintiff actual kept contemporaneous time entries instead of merely going back to fill in time entries later. If the court finds that the records submitted were not contemporaneous, the Court would be justified in denying Plaintiff's motion for fees in its entirety. (See *Marion S. Mishkin Law Off. v Lopalo*, 767 F3d 144, 148 [2d Cir 2014) (citing to *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir.1992))) If nothing else, Troy Law has been warned time and time again that improper billing would be punished and several Courts have found what appeared to be fraud in the records kept. See *De La Cruz Rosas v Just Salad 60 Third LLC*, 18CV7342JGKBCM, 2023 WL 5423982, at *11 [SDNY Aug. 4, 2023], *report and recommendation adopted sub nom. Rosas v Just Salad 600 Third LLC*, 18-CV-7342 (JGK), 2023 WL 5390985 [SDNY Aug. 22, 2023] ("found that "Troy Law's timesheets are replete with

eyebrow-raising entries that – if not outright "fraud," as defendants charge, *see* Def. Mem. at 16 – cannot have been the product of honest and conscientious timekeeping")

"[T]he mere "existence of even a few inconsistencies and questionable billing entries ... renders the entire record suspect." *Haifeng Xie*, 2020 WL 2569406, at *1" *Zang v Daxi Sichuan, Inc.*, 18-CV-06910-DG-SJB, 2023 WL 2305934, at *8 [EDNY Mar. 1, 2023]

The examples of time entries below, unless stated otherwise, all come from Plaintiff's Exhibit attached to the Declaration of John Troy and purport to be time records kept by the firm (ECF Doc#205-1), and are some of just many examples of fraudulent, inflated, and inaccurate billing.

### i. PLAINTIFF'S MOTION SHOULD BE DENIED FOR NOT KEEPING CONTEMPORANEOUS HOURS AND HAVING FRAUDULENT ENTRIES

**FRAUDULENT ENTRIES**

Some examples of clearly fraudulent entries are as follows:

On 02/01/21 Aaron Schweitzer bills 1.9 hours at 400 per hour for a total of $760 billed to "Redact Plf Discovery Production, Bates Index." However, in this case, all Plaintiffs produced a grand total of 14 pages of documents, a copy of which is attached as **Exhibit F**, NONE of which are redacted.

This entry is clearly false and fraudulent. In addition to there being no redactions made, nearly 2 hours is billed to not redact 14 pages, it is not reasonable.

On 03/30/21 Tiffany Troy bills .75 hours at 150 per hour to "Translate Exhibits from Chinese to English." However, in this case, there were NO non-English documents produced by any party.

This entry is clearly false and fraudulent. While Defendants did produce hundred of documents they mainly consisted of tax documents, employee records, incorporation documents, or a picture of a wage poster, ALL of which were in English. Plaintiff's productions were also in English.

This entry, like the others, is false and clearly shows Plaintiff's intent to inflate its billing and willingness to make fake entries, committing fraud on the court, to inflate said billing.

There are also numerous entries where Plaintiff alleges to have "mailed" a document to OC (assuming OC= Opposing Counsel) which are clearly false as Defendants counsel has not received a single one of these alleged mailed documents by mail, only by email, also by mail or email none of these tasks should take .25 hours to send, in particular see entry from Preethi Kilaru 12/17/20 for .25 to mail Interrogatories, and another entry from Preethi Kilaru 12/17/20 for .25 to mail EBT notice. Similar entries exist before then but are zeroed out.

This entry, like the others, is false and clearly shows Plaintiff's intent to inflate its billing and willingness to make fake entries. It makes no sense why it would take 30 minutes to mail two documents on the same day, except as a way to inflate billing. It is further defendant's position these mailings were never done as they were never received.

## TASKS TAKING THE EXACT SAME AMOUNT OF TIME IN MULTIPLE CASES

Some obvious examples of Plaintiff not keeping contemporaneous records, as it is extremely unlikely for tasks to take the same amount of time, are as follows.

Attached as **Exhibit C** to Defendant's Opposition are the time records submitted by Troy Law in in support of a fee application in another case in the SDNY, *Wan v. YWL USA Inc et al;* Case Number 18-cv-10334.

Attached as **Exhibit D** to Defendant's Opposition are the time records submitted by Troy Law in in support of a fee application in another case in the SDNY, *Lu et al v. Purple Sushi Inc. et al;* Case Number 19-cv-05828.

On 12/05/18 Preethi Kilaru bills .5 hours at $200 per hour to "Set Up the Text Message, WeChat & Line for Fen Biao Cai." However, on 06/05/17 Bingyu Huang bills the exact same amount of time to do this task for Jian Wu. While this second entry was zeroed out, it seems extremely unlikely that this task would take the exact same amount of time when performed by two separate people.  Even more unlikely, Troy Law has billed this exact same amount of time to perform this task, even when performed by other people, in other cases.

For example, in the time records Troy Law submitted in two other cases, these were the exact same times as well. See **Exhibit D**, John Troy spent exactly 0.50 hours to "Set Up the Text Message, WeChat & Line" on 06/03/19, 06/11/19, and on 06/18/19, and in **Exhibit C**, Aaron Schweitzer spends exactly 0.50 to "Set Up the Text Message, WeChat & Line" in that case.

It is beyond belief that four different employees of Troy Law would take the exact same amount of time to perform this task when done at different times over several years with six different clients.

While one time entry like this might just be a coincidence looking at other time entries for Troy Law shows this exact same pattern. For example, John Troy spent exactly 0.90 on "Prepare and Sign Retainer with Client(s) – retainer" on 12/05/18 for Plaintiff Cai. John Troy also spent exactly 0.90 on "Prepare and Sign Retainer with Client(s) – retainer" on 06/05/17 for Plaintiff Wu.

And again, in another case, as shown in **Exhibit D**, John Troy billed exactly 0.90

three separate times, on 06/03/19, 06/11/19, and 06/18/19 for "Prepare and Sign Retainer with Client(s) – retainer" and again in another case, Exhibit C, John Troy billed exactly 0.90 on 10-01-18 to "Prepare and Sign Retainer with Client(s) – retainer"

It is beyond belief that John Troy spent the exact same amount of time doing the exact same tasks on six different days with six different people, in three different cases. It also goes without saying that it should not take 0.90 hours to prepare and sign retainer, especially when Mr. Troy's office has been counsel for hundreds of wage cases as he details in his moving papers. The only reasonable explanation is that these entries, like many if not all of the entries, are not contemporaneously billed, as required, but rather filled in after the fact with a made-up standardized time for the event as opposed to contemporaneously kept.

Similarly, John Troy spent exactly 2.20 hours on "Meet with Client(s) – Intakes" for every client identified in both this case and in the other two cases (**Exhibit C and D**), despite these 6 different clients having very different claims. In this case alone Plaintiff Cai and Plaintiff Wu, worked different time periods at different locations, with different details. In this case  John Troy spent exactly 2.20 hours on "Meet with Client(s) – Intakes" on 12/05/18 for Fen Biao Cai, and 2.20 hours on 06/05/17 for Wu. In the Exhibit D case, John Troy spent exactly 2.20 hours on three separate times on "Meet with Client(s) – Intakes" ,with only the name of the client changed on each of these entries,  on 06/03/19, 06/11/19,  and 06/18/19. In the Exhibit C case, its on 10-01-18 that John Troy spent exactly 2.20 hours on "Meet with Client(s) – Intakes".

It is further beyond belief that John Troy spent the exact same amount of time doing the exact same tasks in multiple cases with multiple clients on multiple days. This is clear and convincing evidence of false entries, not contemporaneously kept, and as such sufficient reason to deny Plaintiff's legal fees request.

19

Despite the numerous examples listed above there are numerous other examples of time entries being exactly the same for exactly the same task, in these three totally distinct cases  (See Defendants' **Exhibit C** and **Exhibit D** and Plaintiff's time records in this case ECF Doc#205-1). Some other examples, of which there are still many more not included in this memo, would be the time to "Review Answer to the complaint" 2.1 hours in all three cases(11/12/18 in this case), "Draft Plaintiff(s)' Doc Production Requests" 2.75 hours all three cases (3/14/18 in this case), "Draft Plaintiff(s)' Interrogatories" 2.25 hours in all three cases (12/17/20 in this case), etc.

There is no possible way that so many of the exact same task would take the exact same amount of time in three very different cases with six very different clients where the allegations of employment are different, the number of parties (both amount of Plaintiffs and Defendants) are different, the circumstances are different, and the person doing the tasks which are being billed are supposedly different, unless that these time entries were not contemporaneously kept but rather filled in after the fact.

**TASKS BEING INFLATED**

Some obvious examples of Plaintiff inflating the time a task takes are as follows:

On 02/13/20, Preethi Kilaru bills 5 hours at $200 per hour to "Input Names into Database." However according to Plaintiffs own letter (ECF Doc # 47 page 2), Plaintiff "were only able to get 17 names from the defense counsel". There is no reason it should take 5 hours to enter 17 names into a database. It should be noted these exact same times for these exact same tasks are used by Troy Law in its other case time entry, as documented in **Exhibit D**.

Further, on 2/29/20 Preethi Kilaru bills 3.00 hours at $200 per hour to "Print Notice of Pendency" and then bills on 3/1/20 Preethi Kilaru bills 3.00 hours at $200 per hour to "Print Envelopes" then on 3/1/20 Preethi Kilaru bills 3.00 hours at $200 per hour to "Prepare Mailing

Notice of Pendency" and then on 3/2/20 Preethi Kilaru bills 1.00 hours at $200 per hour for Post Office Mailing. However according to Plaintiffs own letter (ECF Doc # 47 page 2) "Plaintiffs have currently mailed out 11 notices to the opt-in plaintiffs on March 02, 2020". This means Plaintiff bill 3 hours to print 11 envelopes, then billed another 3 hours to prepare 11 notices, then billed another 3 hours to put the notices in the envelopes, then another 1 hour to go to post office. For a total of 10 hours billed at $200 per hour to mail 11 notices. This is clear example of inflated billing.

Amazingly, when my office came into the case and sent Plaintiffs additional employees already in an excel sheet, as Plaintiff insisted, it then Preethi Kilaru 3.50 hours at $200 per hour to Input these names into the database on 7/30/20. Then on 8/18/20 and 8/19/20 it took another 3 hours to "Print Envelopes" another 3 hours to "Print Notice of Pendency" another 3 hours to "Prepare Mailing Notice of Pendency" and another 1 hour to go to the post office, for yet another 10 hours billed at 200 per hour. It should be noted these exact same times for these exact same tasks are used by Troy Law in its other case time entry, as documented in **Exhibit D.**

It should also be noted that despite the massive amount of time Plaintiff bills and spent on moving for a class, getting potential class members information and milling them out, NOT A SINGLE employee joined this lawsuit. No class was ever certified, and nothing was ever done.

In short, the entire moving for a class was completely ineffectual and quite clearly a ploy by Troy Law to inflate its billing for this case.

Yet another example would be the billing on 01/19/24 for "email OC re possibility of settlement" entered twice on that date for 0.17 hours at $400 per hour and again on 1/22/24 for .08 hour at $400 per hour. While the 1/22/24 may be a real entry the two entries on 01/19/24 are clearly inflated. 0.17 hours is over 10minutes each. On 1/19/24 there were two emails sent,

one by Vincent Wong and one by Troy Law, both less than 12 words each, copies of the email are pasted below. There is no way either email or even both emails together could take 10 minutes, let alone 10 minutes each. This is again a clear example of inflated time entries.

```
Iq empw$
Xvs}Pe{ $@xvs}pe{ D xvs}tppg2gsq B$          Ner$=$6468$54:68 EQ
xs$Zmrgirx@{ i
```

**Let us know how much your clients want to settle?**

```
Zmrgirx$W2$                                  Ner$=$6468$54:6 EQ
[ srk$@zw{ pe{ D kq emp2gsq B$
xs$xs}pe{ @{ i
```

We gave you a offer of judgement for 60k; can we discuss?

 

 

Another clear example of inflated billable hours is that for reasons unknown, Preethi Kilaru is billed for "Transcribe Deposition of Defendants" between 4/12/21 and 4/27/21, these entries total about 25 hours for transcribing the deposition. While these entries are "zeroed out" on the billing, Plaintiff is trying to make it look removed hours that it never should have billed in the first place. It should also be noted that Preethi Kilaru is NOT a Court Reporters and should not have been transcribing the depositions. It should also be noted that no deposition transcripts were ever produced or used. The only explanation for these billables is as a way to needlessly inflate Plaintiff's legal fees and then "remove" something to show that Plaintiff was somehow being reasonable or "trimming" when it was not.

There are many further examples of inflated and excess billing in the time records, these being just some of the most egregious.

Based on these many examples, and others examples that are apparent in the time records submitted, Defendants ask that the Court find that the time records submitted in support of

Plaintiff's motion for attorneys fees in this case were not contemporaneously kept, were

fraudulent, and that Plaintiff's motion for legal fees should be denied in its entirety on that basis.

See *Marion S. Mishkin Law Off. v Lopalo*, 767 F3d 144, 148 [2d Cir 2014] (citing to *Riordan v.*

*Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir.1992).

### ii.  PLAINTIFF'S HOURS SHOULD BE CUT ACROSS THE BOARD

If the Court does not deny Plaintiff's motion on the basis of non-contemporaneous time

records kept, Defendants request that there be large across the board cuts in the requested fees

due to the excessive and inflated billing as detailed below.

The Court may, "exercise its discretion and use a percentage deduction as a practical

means of trimming fat." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA–ILA*

*Pension Trust Fund,* 450 F.3d 91, 96 (2d Cir.2006) (internal quotation marks omitted). Using

this form of "rough justice," district courts in our Circuit regularly employ percentage reductions

as an efficient means of reducing excessive fee applications. *See, e.g., Romeo and Juliette Laser*

*Hair Removal Inc. v. Assara I LLC.,* No. 08 Civ. 442(TPG)(FM), 2013 WL 3322249, at *5–8

(S.D.N.Y. July 2, 2013) (reducing fees of principal biller, an associate, by seventy-five percent

because her time charges were "grossly excessive relative to the nature of the work

performed"); *Days Inn Worldwide. Inc. v. Amar Hotels, Inc.,* No. 05 Civ. 10100(KMW)(KNF),

2008 WL 2485407, at *10 (S.D.N.Y. June 18, 2008) (reducing attorneys' fees by seventy-five

percent because "a substantial amount of work performed ... was redundant and unnecessarily

duplicative"); *Lide v. Abbott House,* No. 05 Civ. 3790(SAS), 2008 WL 495304, at *l–2

(S.D.N.Y. Feb. 25, 2008) (reducing attorney fee award by thirty percent for various reasons,

including "excessive and unnecessary hours spent on indisputably straightforward tasks")."

*Marion S. Mishkin Law Off. v Lopalo*, 767 F3d 144, 150 [2d Cir 2014]

""Hours spent on unsuccessful fee-shifting claims ... must be excluded from the reasonable hours spent on the case when calculating the lodestar." *Millea*, 658 F.3d at 168; *see also Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)." *Williams v Epic Sec. Corp.*, 368 F Supp 3d 651, 656 [SDNY 2019]

Here excessive cuts are warranted. Plaintiff was unsuccessful with one out of two Plaintiffs it had in this case. Of the Plaintiff that was successful many of its claims were dismissed before trial including its wage notice claim, hiring notice claim, and vehicle expenses claims. Further, even the damages that Plaintiff did prevail on are greatly reduced compared to the damages Plaintiff claimed initially, which were over $300,000.

Defendants also believe the Court should exclude from the legal fee calculation, the hours Plaintiffs bill for Plaintiff's motion for class certification in its entirety and any related activities, as the motion was only granted on default, and was merely a way for Troy Law to further inflate billing, and ultimately had no result in this case. No additional plaintiffs were added, no additional witnesses found, no class was certified, nor were any substantive result achieved, despite approximately 30 hours billed from various staff on just the supposed database entry and mailing, and approximate 26 hours billed on the motion process itself. When this is combined with the gross inflations identified above, excluding these hours is more than appropriate.

However, based upon the examples pointed out alone, it would be appropriate for the Court to make across the board cutting of all hours billed by Plaintiff's Counsel and its staff, and Defendants ask that the Court do so, if attorney's fees are awarded to Plaintiffs' counsel.

The cuts comparable to those made by the court *De La Cruz Rosas v Just Salad 60 Third LLC*, 18CV7342JGKBCM, 2023 WL 5423982, at *13 [SDNY Aug. 4, 2023], *report and recommendation adopted sub nom. Rosas v Just Salad 600 Third LLC*, 18-CV-7342 (JGK), 2023

WL 5390985 [SDNY Aug. 22, 2023] with reductions by 80% across the board to the requested

fees would be appropriate.

### iii.   PLAINTIFF IS NOT ENTITLED TO LEGAL FEES OR COSTS AFTER NOVEMBER 17, 2023 BECAUSE OF A REJECTED RULE 68 OFFER OF JUDGMENT

In this case, Plaintiff should not be entitled to collect legal fees or costs after November

17, 2023 because Plaintiff rejected a Rule 68 Offer of Judgment made on November 17, 2023.

See **Exhibit E**, which is both email and the Offer of Judgment.

"A rejected Rule 68 offer becomes part of the written record of the case and is used to

determine attorneys' fees and costs awards at the close of the suit. If the judgment or settlement

ultimately obtained by plaintiff is less than the Rule 68 offer, plaintiff cannot recover attorneys'

fees or costs from the date the offer was made to the end of the suit. *Marek,* 473 U.S. at ——,

105 S.Ct. at 3014." *Boorstein v City of New York*, 107 FRD 31, 33 [SDNY 1985]

"Pursuant to Rule 68, a defendant may serve an adverse party with an Offer of Judgment

in a specified amount. If the party to whom the offer is made accepts the offer, judgment in the

amount offered is entered. If, however, the party chooses not to accept the offer, and the final

judgment in the case is not more favorable than the offer, the party who rejected the offer is

required to "pay the costs incurred after the making of the offer." Fed.R.Civ.P. 68.14 As used in

Rule 68, the term "costs" refers to all costs awardable under the statute or other authority that is

the basis for the underlying claim. *Marek v. Chesny,* 473 U.S. 1, 9, 105 S.Ct. 3012, 87 L.Ed.2d 1

(1985); *Wilson v. Nomura Sec. Int'l, Inc.,* 361 F.3d 86, 89 (2d Cir.2004). Thus, where the

underlying statute defines "costs" to include attorney's fees, such fees are "costs" for purposes of

Rule 68. *Wilson,* 361 F.3d at 89." *Baker v Urban Outfitters, Inc.*, 431 F Supp 2d 351, 361 [SDNY 2006], *affd,* 249 Fed Appx 845 [2d Cir 2007]

"Moreover, Rule 68's policy of encouraging settlements is neutral, favoring neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of all lawsuits. Civil rights plaintiffs—along with other plaintiffs—who reject an offer more favorable than what is thereafter recovered at trial will not recover attorney's fees for services performed after the offer is rejected." *Marek v Chesny*, 473 US 1, 10, 105 S Ct 3012, 3017, 87 L Ed 2d 1 [1985]

In this case, Plaintiff was offered a rule 68 offer of judgment in the amount of $60,000 on November 17, 2023. If the Court finds that Plaintiff's judgment at trial was less than this amount, Plaintiff can not recover attorneys' fees or costs after this date.

This would preclude approximately $20,167 in fees and $1,000 in costs according to Plaintiff's submitted fee application.

## II.   PLAINTIFF'S COSTS ARE NOT PROPERLY DOCUMENTED AND SHOULD NOT BE COMPENSATED

Courts typically award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F.2d 278, 283 (2d Cir. 1987); *Sheet Metal Workers Nat'l Pension Fund v. Evans*, No. 12 Civ. 3049, 2014 WL 2600095, at *11 (E.D.N.Y. Jun. 11, 2014). However, it is incumbent upon the party seeking reimbursement of its costs to provide the court adequate substantiation in the form of receipts and other documents showing such costs were incurred. *See Lee v. Santiago*, No. 12 CIV. 2558, 2013 WL 4830951, at *5 (S.D.N.Y. Sept. 10, 2013) ("[I]t is [ ] the requesting party's burden to support its application, and this means that the requested costs must be substantiated . . . A mere assertion that a certain cost was incurred, though, is insufficient, where such an assertion is made in a conclusory fashion in a brief or bill of costs, without a supporting affidavit, declaration, or documentation.");

*Volpe v. Nassau Cty.*, No. 12 CV 2416, 2016 WL 6238525, at *10 (E.D.N.Y. Oct. 24, 2016) ("The fee applicant bears the burden of adequately documenting and itemizing the costs requested.") (internal quotation omitted).

In this case, Plaintiff has itemized its expenses but provided almost no documentation or receipts to substantiate these costs other than for the last 3 items billed.

Amazingly, Plaintiff seeks to recover as an expensed $1,505 it was Ordered to pay to Defendants' counsel as a sanction for its own bad conduct. This expense is most certainly not shiftable, as it would negate the sanction  issued to Plaintiff in the first place, ultimately sanctioning the Defendants for Plaintiff's bad conduct. Even asking for such, in its expense request is bad conduct on its own, which further support reduction of fees, as requested above.

As such, Defendants ask that Plaintiff's expenses be denied, as Plaintiffs as not met its burden.

## CONCLUSION

For all the foregoing reasons, Plaintiff's motion for attorney's fees should be denied or in the alternative severely reduced with across the board cuts, reduction in fee amounts for Plaintiff's counsel and staff, and removal of large chunks of its billing.

Dated: New York, NY
        March 1, 2024

> */s/ Vincent S Wong*
> Vincent S. Wong, Esq. (VW9016)
> Law Offices of Vincent S. Wong
> 39 East Broadway, Suite 306
> New York, NY 10002
> P: (212) 349-6099