|  |  |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #: _____ | |
| DATE FILED: 4/4/2024 | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIAN WU, and FEN BIAO CAI, on behalf of themselves and other persons similarly situated,

                Plaintiffs,

-against-

SUSHI NOMADO OF MANHATTAN, INC. d/b/a NOMADO 33, SUSHI PARA 33 CORPORATION d/b/a NOMADO 33, SUSHI PARA MANHATTAN, CORP. d/b/a SUSHI PARA, d/b/a SUSHI PARA (14th Street), d/b/a SUSHI PARA (Third Avenue), d/b/a SUSHI PARA 88, WEI LOONG CHAN aka WEI LOON CHAN, WENWU CHEN, ZHOU LIN, SHENG R. DONG, and DING FENG ZHANG

                Defendants.

17-cv-4661-MKV

**ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS WEI LOON CHAN AND SUSHI NOMADO OF MANHATTAN INC.**

---

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Fen Biao Cai brought this action against various purported former employers asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), alleging, *inter alia*, that he was denied minimum wages and overtime pay.[1] On January 30, 2024, the case proceeded to a trial before a jury solely on the claims brought by Plaintiff Cai and only against certain Defendants.[2] Specifically, the jury trial tried Plaintiff Cai's claims against

---

[1] Plaintiff Jian Wu, also named in the caption, filed a separate action in 2017 (Case No. 17-CV-4661), alleging similar minimum wage and overtime claims against Sushi Nomado of Manhattan, Inc., Sushi Para 33 Corporation, Sushi Para Manhattan Corp., Wei Loong Chan, Wenwu Chen, Zhou Lin, Sheng R. Dong, and Ding Feng Zhang. In 2018, Plaintiff Cai filed this action (Case No. 18-CV-1126) against several of the same Defendants named in Plaintiff Wu's action, specifically, Sushi Para 33 Corporation, Sushi Para Manhattan Corp., Zhou Lin, Sheng R. Dong, and Ding Feng Zhang. Plaintiff Cai's original complaint, *see* Case No. 18-CV-1126 at ECF No. 2, did *not* name Sushi Nomado of Manhattan, Inc., or Wei Loom Chan as Defendants. Shortly thereafter, Defendants in Plaintiff Cai's case moved to consolidate Cai's action with Wu's action, which Judge Gardephe (to whom the cases were then assigned) granted. [ECF No. 46]. Magistrate Judge Freeman thereafter granted the Plaintiffs' motion for leave to file a consolidated Amended Complaint, naming both Wu and Cai as Plaintiffs in a single pleading. [ECF No. 67]. That Amended Complaint remains the operative pleading in the consolidated action. [ECF No. 71].

[2] In 2017, the same month that Plaintiff Wu filed his original complaint, he traveled to China, where he has apparently remained ever since. [*See* ECF Nos. 143, 165, 186]. Plaintiff Wu ultimately dismissed his claims pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. [ECF No. 189].

Corporate Defendants Sushi Para 33 Corporation and Sushi Para Manhattan Corp., and Individual Defendants Wenwu Chen, Zhou Lin, Sheng R. Dong, and Ding Feng Zhang.  Defendant Sushi Nomado of Manhattan, Inc. ("Nomado") has not defended the claims against it or otherwise participated in the action in any capacity since *at least* January 2020, after its prior counsel withdrew.  [ECF No. 91].  Defendant Wei Loong Chan ("Chan") has not appeared in any capacity since the action's inception.  [ECF No. 91].  As a result, Plaintiff Cai has obtained certificates of default against Defendants Nomado [ECF No. 214] and Chan [ECF No. 110].

Plaintiff Cai now moves for an entry of default judgment against Defendants Nomado and Chan.  [ECF No. 215].  For the following reasons the Court DENIES Plaintiff's default judgment motion and dismisses this action against Defendants Sushi Nomado of Manhattan, Inc. and Wei Loong Chan *only*.

## **DISCUSSION**

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).  However, the Second Circuit has an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and therefore "[a] plaintiff is not entitled to default judgment as a matter of right, merely because a party has failed to appear or respond." *LG Funding, LLC v. Florida Tilt, Inc.*, No. 15-CV-631, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)).  Instead, an entry of a default judgment is in the sound discretion of the trial court.  *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013).

The history of this case is plagued with sanctionable conduct by Plaintiff's counsel, serial deficiently filed documents, and repeated failure to comply with Court orders.  *See e.g.*, [ECF Nos. 91, 163, 174, 176].  Dating as far back as 2021, Magistrate Judge Freeman declared that, in the course of prosecuting this action, Plaintiff's counsel had "engaged in sanctionable conduct in a number of ways," including "lack of diligence" and "disregard for discovery orders."  [ECF No. 91].  Moreover, the Court has had to issue two separate orders directing Plaintiff's counsel to explain why they should not be sanctioned for failure to comply with Court orders.  [ECF Nos. 163, 176].  In May 2023, after the Court extended the deadline to submit certain pretrial materials *at the request of the parties*, the parties failed to file any materials with the Court.  [ECF Nos. 162, 163].  The Court issued an order directing counsel to "file [a] letter[] explaining why they should not be sanctioned for failing to comply with a court order."  [ECF No. 163].  The order further warned, in bold text, that "Counsel and the parties personally are on notice that failure to comply with the Court's orders and Individual Rules may result in sanctions, including . . . *dismissal*."  [ECF No. 163] (emphasis added).

In October 2023, the Court had to issue a *second* order directing counsel to "file [a] letter[] explaining why they should not be sanctioned for failing to comply with the Court's rules," after the parties missed another deadline.  [ECF No. 176].  In that order, the Court *again* warned—in bold and uppercase text—that "FAILURE TO COMPLY WITH THE DEADLINES SET FORTH HEREIN MAY RESULT IN SANCTIONS, INCLUDING . . . *DISMISSAL OF CLAIMS OR DEFENSES*."  [ECF No. 176] (emphasis added).  In light of the growing pattern of missed deadlines, the Court has made sure to warn Plaintiff's counsel in subsequent orders (and on the record) that further failure to comply with the Court's deadlines, orders, and rules "may result in sanctions, including . . . *dismissal of claims*."  *See* [ECF Nos. 184, 207] (emphasis added).

3

On February 8, 2024, Plaintiff moved for an entry of default judgment against Defendants Nomado and Chan. [ECF No. 198]. At that juncture, Defendant Nomado had not defended the claims against it or otherwise participated in the action in any capacity since *at least* January 2020—over four years. [ECF No. 91]. Defendant Chan had not appeared in any capacity since the action's inception—almost seven years. [ECF No. 91].[3] Plaintiff's counsel was notified via ECF the following day that the required Proposed Order to Show Cause filed in connection with Plaintiff's Motion for Default Judgment was "deficient for the following reason(s): Premature filing; Clerk's Certificate of Default not obtained." *See* [ECF No. 201]. Eleven days later, Plaintiff's counsel had still failed to rectify the deficiency. As such, the Court issued an order on February 20, 2024, re-flagging the deficiency in Plaintiff's motion, and ordering that "on or before March 1, 2024, Plaintiff shall properly file its Motion for Default Judgment against Defendants Sushi Nomado of Manhattan Inc. and Wei Loong Chan." [ECF No. 207]. In other words, the Court provided Plaintiff with a proverbial *third* bite at the apple to file a motion for default judgment for two Defendants that had been in default for over four years. In addition, the Court *again* warned that "failure to comply with the deadlines set forth herein and any other orders in this case, the local rules, or the Court's Individual Rules of Practice may result in sanctions, *including . . . dismissal of claims*." [ECF No. 207] (emphasis added).

Nevertheless, on March 1, 2024, Plaintiff's counsel filed a series of "deficient" documents in connection with its attempt to re-file a motion for default judgment against Defendants Nomado and Chan. *See* [ECF Nos. 208, 210, 211]. While Plaintiff's counsel rectified a number of the deficient documents in connection with its re-filed motion for default judgment, the required Proposed Order to Show Cause remains deficiently filed. *See* [ECF No. 218]. Indeed, Plaintiff's

---

[3] Although Plaintiff previously moved for default judgment against these Defendants in May 2020, Plaintiff voluntarily withdrew its motion two months later. [ECF Nos. 111, 123].

counsel was notified via ECF on March 4, 2024 that the filing "is deficient for the following reason(s): no supporting documents filed . . . Re-file the document." *See* ECF Dkt. Four weeks have elapsed since Plaintiff's counsel was notified of the deficiency. To date, Plaintiff's counsel has failed to rectify the issue, despite being on notice of the deficiency.

The Court has provided Plaintiff *numerous* opportunities to properly file a motion for default judgment against Defendants Nomado and Chan. Despite the various opportunities, and over four years since these Defendants have defaulted, Plaintiff's counsel has failed to "properly file its Motion for Default Judgment against [these Defendants]" "on or before March 1, 2024." [ECF No. 207]. "[P]laintiff is not entitled to default judgment as a matter of right, merely because a party has failed to appear or respond." *LG Funding*, 2015 WL 4390453, at *2 (citing *Erwin DeMarino Trucking*, 838 F. Supp. at 162). Thus, after at least four explicit warnings that failure to comply with the Court's orders and deadlines may result in dismissal, *see* [ECF Nos. 163, 176, 184, 207], the Court simply declines to extend Plaintiff a *fourth* opportunity to seek a default judgment.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for entry of a default judgment against Defendants Wei Loon Chan and Sushi Nomado of Manhattan Inc. is DENIED. Plaintiffs' case against Defendants Wei Loon Chan and Sushi Nomado of Manhattan Inc. is therefore dismissed. The Clerk of Court is respectfully requested to close docket entry 215 and terminate these Defendants.

**SO ORDERED.**

**Dated: April 4, 2024**
   **New York, New York**            HON. MARY KAY VYSKOCIL
                                      United States District Judge