**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
JIAN WU and
FEN BIAO CAI,
*on behalf of themselves and others similarly situated*,

Plaintiffs,

v.

SUSHI NOMADO OF MANHATTAN, INC.
     d/b/a Nomado 33,
SUSHI PARA 33 CORPORATION
     d/b/a Nomado 33,
SUSHI PARA MANHATTAN, CORP.
     d/b/a Sushi Para
     d/b/a Sushi Para (14th Street)
     d/b/a Sushi Para (Third Avenue)
     d/b/a Sushi Para 88,
WEI LOONG CHAN
     a/k/a Wei Loon Chan,
WENWU CHEN,
ZHOU LIN,
SHENG R DONG, and
DING FENG ZHANG
     a/k/a Andy Zhang,

              Defendants
-------------------------------------------------------------------X

**Case No. 17-cv-04661**

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**

---

**TROY LAW, PLLC**
*Attorneys for the Plaintiff, and proposed Rule 23 Class*
John Troy
Aaron Schweitzer
41-25 Kissena Blvd., Suite 110
Flushing, NY 11355
Tel:   (718) 762-1324

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**................................................................................................... 3

**Preliminary Statement**....................................................................................................... 4

**Background** ......................................................................................................................... 4

**Argument**............................................................................................................................ 5

    **I.    The Court Should Reconsider Plaintiffs Moton for Default Judgement against Defaulting Defendants.** .............................................................................................. 5

**Conclusion** ......................................................................................................................... 8

# TABLE OF AUTHORITIES

## Cases

*24 Seven, LLC v. Martinez*, 19-CV-7320 (VSB), 2021 U.S. Dist. LEXIS 15480, 2021 WL 276654, at *3 (S.D.N.Y. Jan. 26, 2021).................................................................................. 5

*Ameriway Corp. v May Yan Chen*, 2024 US Dist LEXIS 65972 [SDNY Apr. 9, 2024, No. 19-CV-9407 (VSB)]............................................................................................................. 6

*Calderon v Breadberry Inc.*, 2023 US Dist LEXIS 97479 [EDNY June 5, 2023, No. 22-CV-1601 (MKB) (LB)] ......................................................................................................... 8

*Fishman v City of New Rochelle*, 2023 US Dist LEXIS 211811 [SDNY Nov. 28, 2023] ...... 6

*In re Gen. Motors LLC Ignition Switch Litig.*, 14-MD-2543 (JMF), 2021 U.S. Dist. LEXIS 82424, 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021) ................................................. 5

Kolel Beth Yechiel Mechil of Tartikov, Inc. v YLL Irrevocable Trust, 729 F.3d at 104 [2d Cir 2013] .............................................................................................................................. 8

*Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 U.S. Dist. LEXIS 56800, 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) ....................................................................... 5

*Parrish v. Sollecito*, 253 F. Supp.2d 713, 715 (S.D.N.Y. 2003)................................................ 6

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ................................................ 6

*Virgin Atl. Airways, Ltd. v Natl. Mediation Bd.*, 956 F2d 1255 [2d Cir 1992]......................... 8

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ........... 6

## Rules

Federal Rule of Civil Procedure 59(e) ....................................................................................... 5

Local Civil Rule 6.3 ................................................................................................................... 5

**Preliminary Statement**

Plaintiff Fen Biao Cai, by and through his attorney, Troy Law, PLLC, submits this Memorandum of Law in Support of his Motion for Reconsideration pursuant to Local Rule 6.3 in regard to the ruling on Plaintiff's Motion for Default against Defendant Sushi Nomado of Manhattan Inc and Wei Loon Chan (Hereinafter referred to "Defaulting Defendants"). As explained below, the court should find that they have overlooked the part that plaintiff in fact complied with District Judge Mary Kay Vyskocil's rules and all the things needed for a Default Judgement are uploaded to the court. Further, the court has overlooked the part that in filing an Order to Show Cause was just filed separately but in the filing its noted that its attached to the Motion for Default Judgement. The court should find that plaintiff's motion should be considered for plaintiff can successfully prove that Defaulting Defendants are entitled to a default judgement against them in the case for their failure to appear in the case.

**Background**

On February 8, 2024, plaintiffs filed their Motion for Default Judgement in the case, which included their (i) Motion, (ii) Declaration in Support along with Exhibits, Proposed Order and Proposed Clerks Certificate of Default for Defaulting Defendants, (iii) Memorandum of Law in Support and (iv) their Proposed Order to Show Cause that notated it was in connection with the Default Motion filed. On February 9, 2024, the court filed a Notice of Deficient Filing regarding the Order to Show Cause for there was no Clerks Certificate of Defaults obtained as to Defaulting Defendants. On February 20, 2024, the court issued an order requesting that plaintiff refile their Motion for Default against defaulting defendants by March 1, 2024, in compliance with the local rules and the court's individual rules.

On March 1, 2024, plaintiffs obtained their Clerks Certificate of Default against defaulting defendants in the case and refiled their Motion for Default that included their (i) Motion, (ii)

Declaration in Support along with Exhibits, Proposed Order and Clerks Certificate of Default for

Defaulting Defendants, (iii) Memorandum of Law in Support and (iv) their Proposed Order to

Show Cause that notated it was in connection with the Default Motion filed. On March 4, 2024,

the court filed a Notice of Deficient Filing regarding the Order to Show Cause stating that there

was no supporting documents attached to it, even though plaintiff stated in their filing the Order

to Show Cause was in direct connection with plaintiff's Motion for default. On April 4, 2024,

Honorable Judge Mary Kay Vyskocil issued an order denying plaintiffs motion for default and

dismissing defendants. The court's reasoning for their denial and dismissal stems from plaintiffs

failure to comply with the courts rules after being explicitly warned that failure to comply will

result in dismissal.

**Argument**

**I.      The Court Should Reconsider Plaintiffs Moton for Default Judgement against Defaulting Defendants.**

"Motions for reconsideration are governed principally by Federal Rule of

Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to 'ensure the finality

of decisions and to prevent the practice of a losing party examining a decision and

then plugging the gaps of a lost motion with additional matters.'" *In re Gen. Motors*

*LLC Ignition Switch Litig.*, 14-MD-2543 (JMF), 2021 U.S. Dist. LEXIS 82424, 2021

WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021) (quoting *Medisim Ltd. v. BestMed LLC*,

No. 10-CV-2463 (SAS), 2012 U.S. Dist. LEXIS 56800, 2012 WL 1450420, at *1

(S.D.N.Y. Apr. 23, 2012)); *see also 24 Seven, LLC v. Martinez*, 19-CV-7320 (VSB),

2021 U.S. Dist. LEXIS 15480, 2021 WL 276654, at *3 (S.D.N.Y. Jan. 26, 2021)

(explaining that "Local Civil Rule 6.3" also governs motions for "reargument"). The

standard for a motion for reconsideration "is strict, and reconsideration will generally

be denied unless the moving party can point to controlling decisions or data that the

court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). (*Ameriway Corp. v May Yan Chen*, 2024 US Dist LEXIS 65972 [SDNY Apr. 9, 2024, No. 19-CV-9407 (VSB)]).

Additionally, the notice of motion must be submitted with a "memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Civ. R. 6.3. The decision to grant or deny a motion for reconsideration under Local Rule 6.3 is discretionary, but granting reconsideration is "to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecito*, 253 F. Supp.2d 713, 715 (S.D.N.Y. 2003). (*Fishman v City of New Rochelle*, 2023 US Dist LEXIS 211811 [SDNY Nov. 28, 2023]). Here the court should find that plaintiff's Motion for Consideration is within reason for the court has overlooked the fact that plaintiff clearly complied with the rules of Honorable Judge Mary Kay Vyskocil when they filed their Motion for Default Judgement.

Pursuant to Honorable Judge Mary Kay Vyskocil's individual Rule 4(G), Default judgement Motions 'must proceed by way of Motion, and NOT by Order to Show Cause pursuant to the procedure set forth in Attachment A.', *See* MKV Vyskocil Civil Practice Rules – June 1, 2023, Rule 4(G). According to Attachment A, after receiving the clerks certificate of default plaintiff must file a Motion for

default that includes a (a) Notice of a Motion, (b) Attorney Affidavit that includes: (i) Description of the nature of claims, (ii) description of Court's Subject Matter Jurisdiction, (iii) basis for assertion of personal jurisdiction, (iv) statement that defendant are not an infant or incompetent; and (v) basis of entering the default judgement; (c) Proposed Order to Show Cause; (d) proposed Default Judgement, (e) Copy of Affidavit of Service of Summons and Complaint and (f) Certificate of Default of the Defendant from the Clerk.

Here the court should find that plaintiffs filing from March 1, 2024 directly complies with Honorable Judge Vyskocil's rules in moving for default judgement. Plaintiffs filed their Notice of Motion (Dkt. 215); Attorney Affirmation in Support (Dkt. No. 216); Memorandum of Law (Dkt. No. 217) and Proposed Order to Show Cause (Dkt. No. 218). In the Attorney Affirmation, plaintiffs included the Certificate of Defaults for Defaulting Defendants, Proposed Order and Copy of Defaulting Defendants Affidavits of Services. *See* Dkt. No. 216-07 through 216-10. In addition in the body of plaintiff's Attorney affirmation in support, plaintiff outlines all the points needed pursuant to Honorable Vyskocil's rules to show why Defaulting Defendants are entitled to default judgement. The court should find that the deficient filing of the Proposed Order to Show Cause is incorrect for the mere reason that plaintiff could not attached any documents with the Proposed Order to Show Cause because that would not then be compliant with Judge Vyskocil's rules. Plaintiffs merely filed their Order to Show Cause separately from the Motion but did put in the notation that it was connected with the Motion for Default that was just previously filed.

Therefore the court should find it erred in denying plaintiff's motion for

default for they did comply with Judge Vyskocil's rules and filed their Default

Motion according to her rules. While there was no documents attached with the Order

to Show Cause, the court should find there would be no need to attach any documents

for all the documents that would be attached are already in the motion for default

judgement that the plaintiff filed prior to the Proposed Order to Show Cause and

plaintiffs referenced to when filing their Proposed Order to Show Cause. A motion

for reconsideration should be granted only when the moving party identifies "an

intervening change of controlling law, the availability of new evidence, or the need

to correct a clear error or prevent manifest injustice." (Kolel Beth Yechiel Mechil of

Tartikov, Inc. v YLL Irrevocable Trust, 729 F.3d at 104 [2d Cir 2013] (quoting *Virgin*

*Atl. Airways, Ltd. v Natl. Mediation Bd.*, 956 F2d 1255 [2d Cir 1992]) (*Calderon v*

*Breadberry Inc.*, 2023 US Dist LEXIS 97479 [EDNY June 5, 2023, No. 22-CV-1601

(MKB) (LB)]). Here the court should find that there has been a clear error and

plaintiffs would be severely prejudiced if the court left its decision. Plaintiff's motion

for default clearly complied with Judge Vyskocil's rules and should the court deny

the motion for reconsideration, plaintiff would be prejudiced for plaintiff would not

be able to obtain a default judgement against defendants even though plaintiff can

successfully prove that they are entitled to their default judgment they seek.

### Conclusion

For the reasons stated above, plaintiff respectfully requests that this court reconsider

plaintiffs Motion for Default Judgement against Defaulting Defendants in the above referenced

matter and any other relief the court deems fit and proper.

Dated: Flushing, New York
       April 18, 2024

Respectfully submitted,
TROY LAW, PLLC

    /s/ John Troy

John Troy
41-25 Kissena Boulevard Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
johntroy@troypllc.com
*Attorney for Plaintiffs*