```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/15/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIAN WU, and FEN BIAO CAI, on behalf of themselves and other persons similarly situated,

                Plaintiffs,

-against-

SUSHI NOMADO OF MANHATTAN, INC. d/b/a NOMADO 33, SUSHI PARA 33 CORPORATION d/b/a NOMADO 33, SUSHI PARA MANHATTAN, CORP. d/b/a SUSHI PARA, d/b/a SUSHI PARA (14th Street), d/b/a SUSHI PARA (Third Avenue), d/b/a SUSHI PARA 88, WEI LOONG CHAN aka WEI LOON CHAN, WENWU CHEN, ZHOU LIN, SHENG R. DONG, and DING FENG ZHANG

                Defendants.

17-cv-4661-MKV

**ORDER DENYING MOTION FOR RECONSIDERATION**

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Fen Biao Cai moves this Court pursuant to Local Rule 6.3 to reconsider its April 4, 2024 decision [ECF No. 225] (the "April 4 Opinion") denying Plaintiff's Motion for Default Judgment against Defendants Wei Loon Chan ("Chan") and Sushi Nomado of Manhattan Inc. ("Nomado"). [ECF No. 226], [ECF No. 228] ("Troy Affirmation"); [ECF No. 228] ("Pl. Mem."). A detailed recitation of the facts and procedural history underlying this case are provided in the Court's April 4 Opinion. In his motion, Plaintiff contends that this Court "overlooked the fact that plaintiff clearly complied with the [Court's Individual Rules] when they filed their Motion for Default Judgement," and therefore, such motion should have been granted. Pl. Mem. at 4. For the reasons contained herein, Plaintiff's Motion to Reconsider is DENIED.

**LEGAL STANDARD**

      "The standard for granting [a Local Rule 6.3 motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

overlooked." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995).  For that reason, a movant must "demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked *and* that might reasonably be expected to alter the court's decision."  *Ferrand v. Credit Lyonnais*, 292 F. Supp. 2d 518, 520 (S.D.N.Y. 2003) (internal quotation marks and citations omitted) (emphasis added).  Moreover, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Shrader*, 70 F.3d at 257.

**DISCUSSION**

I. **The Court Did Not Overlook Any Controlling Law or Factual Matters Which Would Warrant Reconsideration.**

As detailed in the Court's April 4 Opinion, on February 8, 2024, Plaintiff moved for an entry of default judgment against Defendants Chan and Nomado, who had not appeared in this case in at least four years[1] and who were not even named as defendants in Plaintiff Cai's original case that was consolidated with this action.  *See* [ECF No. 198]; Case No. 18-cv-01126.  Plaintiff's counsel was notified via ECF the following day that the required Proposed Order to Show Cause filed in connection with Plaintiff's motion for default judgment was "deficient for the following reason(s): Premature filing; Clerk's Certificate of Default not obtained."  *See* [ECF No. 201].  Eleven days later, Plaintiff's counsel still had failed to rectify the deficiency.  As such, the Court issued an order on February 20, 2024, again advising of the deficiency in Plaintiff's motion.  In other words, the Court provided Plaintiff with a proverbial *third* bite at the apple to file a proper motion for default judgment for two Defendants that had been in default for over four years.  In addition, the Court warned that "failure to comply with the deadlines set forth herein and any other orders in this case, the local rules, or the Court's Individual Rules of Practice may result in

---

[1] Defendant Chan has *never* appeared in this action.

2

sanctions, *including . . . dismissal of claims*." [ECF No. 207] (emphasis added).

Nevertheless, on March 1, 2024, Plaintiff's counsel filed a series of "deficient" documents in connection with his attempt to move for default judgment against Defendants Chan and Nomado. *See* [ECF Nos. 208, 210, 211]. While Plaintiff's counsel rectified a number of the deficient documents in connection with its re-filed motion for default judgment, the required Proposed Order to Show Cause remained deficiently filed. *See* [ECF No. 218]. Indeed, Plaintiff's counsel was notified via ECF on March 4, 2024 that the filing "is deficient for the following reason(s): no supporting documents filed . . . Re-file the document." *See* ECF Docket.

Notwithstanding the foregoing history, in his motion for reconsideration, Plaintiff argues that he properly included a "Proposed Order to Show Cause," citing to Docket Entry No. 218. *See* Pl. Mem. at 7. However, as of the date of this order, Docket Entry No. 218 remains a "Deficient Docket Entry." *See* ECF Dkt. Plaintiff argues that the Court "should find that the deficient filing [label] of the Proposed Order to Show Cause is incorrect for the mere reason that plaintiff could not attached [sic] any documents with the Proposed Order to Show Cause because that would not then be compliant with Judge Vyskocil's rules." Pl. Mem. at 7. Plaintiff argues that he "merely filed their Order to Show Cause separately from the Motion but did put in the notation that it was connected with the Motion for Default that was just previously filed." Pl. Mem. at 7. Plaintiff provides no reason why the Proposed Order to Show Cause was not attached and filed as an exhibit accompanying its Declaration in Support of its Motion for Default Judgment, which Plaintiff did for every single other document required by the Court's Individual Rules—none of which resulted in "deficient filing[s]." *See* [ECF No. 216] ("Declaration of Support"), attaching [ECF No. 216-1] ("Affidavit of Services"), [ECF No. 216-8, 9] ("Clerk Certificates of Default"), [ECF No. 216-10] ("Proposed Default Judgment").

3

The Court notes that parties have moved for default judgment in many different actions in the past. In all actions where this Court has granted default judgment, plaintiffs' counsel have managed to properly file such motions and accompanying documents in compliance with both the Court's Individual Rules and via the ECF docketing system. Plaintiff's counsel here appears to be alone in having difficulty properly filing the documents and avoiding "deficient" notifications. Such difficulties and deficiencies instead appear to be the result of the continued lack of attention, care, and compliance of Plaintiff's counsel, which has pervaded the seven-year span of this action. Counsel's difficulties aside, Plaintiff fails to raise any "controlling law or factual matters" that the Court "overlooked" in denying Plaintiff's Motion for Default Judgment against Defendants Chan and Nomado which would justify reconsideration of the Court's April 4 Opinion. *Ferrand*, 292 F. Supp. 2d at 520. The Proposed Order to Show Cause *remains* deficiently filed on the docket. The Court, therefore, did not err in stating such in its April 4 Opinion.

II. **Plaintiff's Argument in Favor of Reconsideration Would Not Otherwise Alter the Court's Decision to Deny Plaintiff's Motion for Default Judgment.**

Notwithstanding, Plaintiff's motion for reconsideration overlooks that a movant must demonstrate that the purportedly "overlooked" "factual matters put before the court on the underlying motion . . . might reasonably be expected to *alter the court's decision*." *Ferrand*, 292 F. Supp. 2d at 520 (internal quotation marks and citations omitted) (emphasis added). As the Court noted in its April 4 Opinion, the Second Circuit has an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and therefore "[a] plaintiff is not entitled to default judgment as a matter of right, merely because a party has failed to appear or respond." *LG Funding, LLC v. Florida Tilt, Inc.*, No. 15-CV-631, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160,

4

Case 1:17-cv-04661-MKV-VF   Document 230   Filed 05/15/24   Page 5 of 5

162 (S.D.N.Y. 1993)). Instead, an entry of a default judgment is in the sound *discretion* of the trial court. *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013).

In the Court's April 4 Opinion, the Court laid out a detailed history of this case, emphasizing that it is "plagued with sanctionable conduct by Plaintiff's counsel, serial deficiently filed documents, and repeated failure to comply with Court orders." *See* April 4 Opinion (citing [ECF Nos. 91, 163, 174, 176]). The Court need not reiterate that history again. For the reasons fully amplified in its April 4 Opinion, the Court—in its ***discretion***—declined to grant Plaintiff's motion for default judgment. *Guggenheim*, 722 F.3d at 451. The Court reaffirms its position here.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration of the Court's April 4 Opinion denying Plaintiff's Motion for Default Judgment against Defendants Chan and Nomado is DENIED. The Clerk of Court is respectfully requested to close docket entry 226.

**SO ORDERED.**

**Dated: May 15, 2024**
  New York, New York

*Mary Kay Vyskocil*
**HON. MARY KAY VYSKOCIL**
**United States District Judge**